**Sec. 21.36.120. Unfair discrimination and rebates prohibited in property and casualty insurance.** (a) A property, casualty, or surety insurer or its employee or representative, or an agent, or solicitor may not pay, allow, give, or offer to pay, allow, or give, directly or indirectly, as an inducement to insurance or after insurance has been effected, a rebate, discount, abatement, credit, or reduction of the premium named in the policy of insurance, or a special favor or advantage in the dividends or other benefits to accrue thereon, or any valuable consideration or inducement, not specified in the policy, except to the extent provided for in an applicable filing with the director as provided by law.

(b) An insured named in a policy, or an employee of the insured may not knowingly receive or accept directly or indirectly, a rebate, discount, abatement, credit, or reduction of premium, or special favor or advantage or valuable consideration or inducement.

(c) An insurer may not make or permit an unfair discrimination between insureds or property having like insuring or risk characteristics, in the premium or rates charged for insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the insurance.

(d) Nothing in this section may be construed as prohibiting the payment of commissions or other compensation to persons duly transacting business under AS 21.27, or as prohibiting an insurer from allowing or returning to its participating policyholders, members, or subscribers, lawful dividends, savings, or unabsorbed premium deposits. (§ 1 ch 120 SLA 1966; am § 55 ch 62 SLA 1995)

**Sec. 21.36.122. Premium financing.** A person licensed under AS 21.27 may not
(1) enter into any insurance transaction in which the premium is financed by other than the licensee unless the person providing the financing is licensed under and in compliance with AS 06.40 or is exempted from licensure under AS 06.40.020; or
(2) finance premiums or extend credit to persons purchasing insurance except as provided in regulations adopted by the director; the director shall adopt regulations establishing the conditions under which licensees may extend credit or finance premiums except that in no event may the regulations permit a rate of interest on amounts lent or credit extended greater than that provided in AS 06.40.120. (§ 2 ch 170 SLA 1978)

**Editor's notes.** — Section 3, ch. 170, SLA 1978, provides: "The provisions of this Act do not void a lawful contract entered into before October 15, 1978."

**Sec. 21.36.125. Unfair claim settlement practices.** (a) A person may not commit any of the following acts or practices:
(1) misrepresent facts or policy provisions relating to coverage of an insurance policy;
(2) fail to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy;
(3) fail to adopt and implement reasonable standards for prompt investigation of claims;
(4) refuse to pay a claim without a reasonable investigation of all of the available information and an explanation of the basis for denial of the claim or for an offer of compromise settlement;
(5) fail to affirm or deny coverage of claims within a reasonable time of the completion of proof-of-loss statements;
(6) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;
(7) engage in a pattern or practice of compelling insureds to litigate for recovery of amounts due under insurance policies by offering substantially less than the amounts ultimately recovered in actions brought by those insureds;

EXHIBIT 3

(8) compel an insured or third-party claimant in a case in which liability is clear to litigate for recovery of an amount due under an insurance policy by offering an amount that does not have an objectively reasonable basis in law and fact and that has not been documented in the insurer's file;

(9) attempt to make an unreasonably low settlement by reference to printed advertising matter accompanying or included in an application;

(10) attempt to settle a claim on the basis of an application that has been altered without the consent of the insured;

(11) make a claims payment without including a statement of the coverage under which the payment is made;

(12) make known to an insured or third-party claimant a policy of appealing from an arbitration award in favor of an insured or third-party claimant for the purpose of compelling the insured or third-party claimant to accept a settlement or compromise less than the amount awarded in arbitration;

(13) delay investigation or payment of claims by requiring submission of unnecessary or substantially repetitive claims reports and proof-of-loss forms;

(14) fail to promptly settle claims under one portion of a policy for the purpose of influencing settlements under other portions of the policy;

(15) fail to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; or

(16) offer a form of settlement or pay a judgment in any manner prohibited by AS 21.89.030;

(17) violate a provision contained in AS 21.07.

(b) The provisions of this section do not create or imply a private cause of action for a violation of this section. (§ 6 ch 163 SLA 1976; am §§ 5, 6 ch 97 SLA 2000; am § 3 ch 99 SLA 2000)

**Revisor's notes.** — Paragraph (a)(17) was enacted as (16). Renumbered in 2000.

**Effect of amendments.** — The first 2000 amendment, effective January 1, 2001, in subsection (a) deleted "or engage in with such frequency as to indicate a practice" following "commit" in the introductory language, substituted "engage in a pattern or practice of compelling" for "compel" at the beginning of paragraph (7), added present paragraph (8) and redesignated paragraphs accordingly, and rewrote paragraph (12); and added subsection (b).

The second 2000 amendment, effective July 1, 2001, added paragraph (a)(17).

### NOTES TO DECISIONS

**A third party claimant** has no cause of action against an insurer under this section. O.K. Lumber Co. v. Providence Wash. Ins. Co., 759 P.2d 523 (Alaska 1988).

**Punitive damages.** — Not all conduct which amounts to the tort of bad faith is sufficiently outrageous to warrant an award of punitive damages. State Farm Mut. Auto. Ins. Co. v. Weiford, 831 P.2d 1264 (Alaska 1992).

**Unfair controversion of workers' compensation claim.** — When the Workers' Compensation Board found that an insurer unfairly controverted a workers' compensation claim, that finding was appealable, before the Division of Insurance decided, under AS 23.30.155(o), if the unfair controversion was also an unfair claims settlement practice, under this section, because the Board had completed its decision-making process and the Board's finding adversely affected the insurer because it required an investigation by the Division and could support the Division's finding that the insurer committed an unfair claims settlement practice. Crawford & Co. v. Baker-Withrow, 81 P.3d 982 (Alaska 2003).

When the Workers' Compensation Board found that an insurer unfairly controverted a workers' compensation claim, and the insurer appealed that finding, there was no requirement that, when the matter was referred to the Division of Insurance, pursuant to AS 23.30.155(o), for a determination of whether the insurer had also committed an unfair claims settlement practice, under this section, the determination of the Division had to be stayed pending the outcome of the insurer's appeal. Crawford & Co. v. Baker-Withrow, 81 P.3d 982 (Alaska 2003).

**Quoted** in State Farm Fire & Cas. Co. v. Nicholson, 777 P.2d 1152 (Alaska 1989).

**Stated** in Ace v. Aetna Life Ins. Co., 139 F.3d 1241 (9th Cir. 1998), cert. denied, 525 U.S. 930, 119 S. Ct. 338, 142 L. Ed. 2d 279 (1998).