Rebecca J. Hozubin
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: rebecca@wilkersonlaw.net
AK Bar No. 9806016

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLES HERRON, ) | |
| ) | |
| Defendant. ) | |
| )Case No. A04-0043 CV (TMB) | |

**MEMORANDUM IN SUPPORT OF MOTION TO BIFURCATE**

The decision whether to bifurcate trial rests with the sound discretion of the court.[1] "[T]he trial court in proper circumstances has the right to order separate trials for separate issues in the same case."[2] Civil Rule 42 provides:

> The court, in furtherance of convenience or to avoid
> prejudice, or when separate trials will be conducive
> to expedition and economy, may order a separate trial
> of any claim, cross-claim, counterclaim, or third-
> party claim, or of any separate issue or of any
> number of claims, cross-claims, counterclaims, third-

---

[1] M2 Software, Inc. v. Madacy Entertainment, 421 F.3d 1073, 1088 (9th Cir. 2005); Triad Systems Corp. v. Southeastern Exp. Co., 64 F.3d 1330, 1338 (9th Cir. 1995); and Hayden v. Chalfant Press, Inc., 281 F.2d 54, 544 (9th Cir. 1960).
[2] Id.; see also Jinro America Inc. v. Secure Investments, Inc., 266 F.3d 993 (9th Cir. 2001).

1

>party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

In this case, bifurcation will certainly further convenience to this court, the parties, and the witnesses, as well as be conducive to expedition and economy of trial. The principal legal issue in the case is, "What party, if any, breached the contract of insurance?"[3] The three principal fact issues in this case are:

   a. Whether Allstate's claim handling breached the contract of insurance.

   b. Whether Herron's conduct breached the contract of insurance.

   c. If Herron's conduct did not breach the contract of insurance, whether the amount of damages to which he confessed is reasonable.[4]

The first two fact issues, Allstate's claim handling and Herron's conduct, are intermingled and can generally be considered one issue: whether Herron's conduct in confessing judgment was excused by a prior total breach of the insurance contract by Allstate.[5] The third fact issue, the reasonableness of the amount of damages Herron confessed, will become relevant only if the court finds that Allstate breached the insurance contract prior to Herron's confession.

---

[3] Joint Status Report, at paragraph 5. [Docket 113]
[4] Joint Status Report, at paragraph 6. [Docket 113]
[5] Order Denying Motion for Summary Judgment. [Docket 79]

These two separate issues involve complex and unrelated proofs, each requiring a separate and distinct set of witnesses and exhibits.  If the court rules that Allstate did not breach the insurance contract, the reasonableness of Herron's confession becomes irrelevant because Allstate would owe nothing under the policy.[6]  Bifurcation of the issues would save the court a significant amount of time and costs because it would be unnecessary to hear additional evidence on whether the amount confessed was reasonable.  The parties would benefit as well, as they would not have to spend the time and money presenting evidence and expert witnesses on an issue the court never needed to address.  Finally, the lay and expert witnesses for the reasonableness issue would be spared the time and inconvenience as they would not have to testify needlessly.  Witnesses testifying about the reasonableness of the confessed amount include, but are not limited to:

>    Paul Craig, PhD
>    Anchorage, AK   99508
>
>    Thomas R. Gordon, MD
>    Alaska Native Medical Center
>    Anchorage, AK   99508
>
>    Mary Kenick
>    Bethel, AK   99559
>
>    Richard J. Perrillo, PhD
>    Beverly Hills, CA   90210
>    Angelina Trailov

---

[6] Jackson v. Am. Equity Ins. Co., 90 P.3d 136, 141-44 (Alaska 2004).

```
Bethel, AK  99559

Jim J. Valcarce, Esq.
Cooke, Roosa, and Valcarce
Bethel, AK  99559

Arthur Williams, PhD
c/o Medical Evaluations Alaska
Anchorage, AK  99508
```

As is readily apparent, many of these witnesses would be required to travel from distant locations, and interrupt their business and lives for testimony that may not be necessary.  If the case is bifurcated and Allstate is found not to have breached the contract, many of these witnesses would not be necessary for trial.  Bifurcation would prevent needless travel and expenses for some of the witnesses to this matter if Allstate is successful.

Additionally, potentially several days of trial, much expense to the parties, and unnecessary inconvenience to witnesses and the court will be avoided with bifurcation.  For these reasons, matters such as these are regularly bifurcated.[7]

---

[7] *See* Drennan v. Maryland Cas. Co., 366 F.Supp.2d 1002, 1008 (D. Nev. 2005); Agrawal v. Paul Revere Life Ins. Co., 182 F.Supp.2d 788, 791 (N.D.Iowa 2001);   Tilley v. Allstate Ins. Co., 40 F.Supp.2d 809, 815-816 (S.D.W.Va. 1999);  Miles v. State Farm Mut. Auto. Ins. Co., 27 F.Supp.2d 1246, 1247 (D.Nev. 1998); American Nat. Red Cross v. Travelers Indem. Co. of Rhode Island, 924 F.Supp. 304, 308 (D.D.C. 1996); Township of Haddon v. Royal Ins. Co. of America, 929 F.Supp. 774, 777 (D.J. 1996); State Farm Fire & Cas. Co. v. Woods, 896 F.Supp. 658, 660 (E.D.Tex. 1995); Oulds v. Principal Mut. Life Ins. Co., 6 F.3d 1431, 1436 (10th Cir. 1993); and, Aetna Cas. & Sur. Co. v. Nationwide Mut. Ins. Co., 734 F.Supp. 204, 208 (W.D.Pa. 1989).

Conversely, bifurcation does not make the trial any less convenient, expeditious, or economical. At most, the order of testimony and evidence will be affected, which will enforce a more logical order of presentation.

The additional reason for bifurcation, avoidance of prejudice, is less applicable in this case because it will be tried to the court and not a jury. Avoidance of prejudice remains a concern, however, because the reasonableness of the confession has no bearing on who breached, and could influence the court on the issue of breach.

For the foregoing reasons, Allstate respectfully requests that the court order bifurcation in accordance with this memorandum and the attached proposed Order.

DATED this 15th day of June, 2006, at Anchorage, Alaska.

WILKERSON HOZUBIN
Attorneys for Plaintiff

By: s/Rebecca J. Hozubin
Rebecca J. Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: rebecca@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 9806016

**CERTIFICATE OF SERVICE**

I hereby certify that on
June 15, 2006, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501


WILKERSON HOZUBIN

By:   s/Rebecca J. Hozubin
1000.788/plead/Dec Action/Mtn to Bifurcate- memo -2nd