APR. 16. 2004  3:20PM     LITIGATION & EMP LAW                      NO. 6087    P. 5

FILED

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

CLERK TRIAL COURTS

BY_____
DEPUTY CLERK

| | |
|---|---|
| MARY KENICK, assignee, individually, and as parent of ANGELINA TRAILOV, a minor,<br><br>            Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY and KATHY BERRY,<br><br>            Defendants. | Case No. 4BE-04-103 CI |

**COMPLAINT**

**PARTIES, JURISDICTION AND VENUE**

COMES NOW the plaintiff, Mary Kenick, assignee of claims of Charles Herron against defendants Allstate Insurance Company and Kathy Berry, on behalf of her minor daughter, Angelina Trailov, and on behalf of herself, and alleges and avers as follows:

1. Plaintiff Mary Kenick, and her minor daughter, Angelina Trailov, are residents of Bethel, Alaska. Defendant Allstate Insurance Company (Allstate) is a foreign corporation doing business in Alaska. Defendant Kathy Berry, an employee of Allstate, is a resident of Anchorage, Alaska.

2. At all times alleged herein, the acts of Kathy Berry and other Allstate agents were done in the course and scope of their duties, authority, and employment. Allstate is liable for the actions of said agents.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-1-

EXHIBIT 1

3. The motor vehicle insurance contract that is involved in this action was issued by Allstate to Robert E. Herron and Margaret R. Herron in Bethel, Alaska. They are residents of Bethel, Alaska. At all times alleged herein, Mr. Charles Herron, a resident of Bethel, Alaska, was an insured under that insurance contract.

4. As set forth herein, Allstate breached its obligations under the insurance contract which insured the Herron family of Bethel, Alaska. Further, as set forth herein, Allstate, and its agents engaged in wrongful and tortious acts and engaged in a wrongful scheme and conspiracy that was directed against Mr. Charles Herron, in Bethel, Alaska, and caused injury to him while a resident of Bethel, Alaska. Said wrongful acts were carried out by phone calls, faxes and mail directed by Allstate and its agents to Charles Herron, his attorney James Valcarce, and Ms. Michele Power in Bethel, Alaska.

5. As a result of the wrongful and tortious actions of Allstate and its agents, including, but not limited to, defendant Kathy Berry, Charles Herron had legal claims against Allstate and Kathy Berry. These claims have been assigned to Mary Kenick, individually, and on behalf of Angelina Trailov, a minor. As set out herein, the damages sought are far in excess of $100,000. Jurisdiction and venue of these claims is properly in the Fourth Judicial District at Bethel, Alaska.

### THE CRASH, TRAILOV AND KENICK DAMAGES

6. On September 14, 2002, 15-year-old Angelina Trailov was injured in an automobile crash near Bethel, Alaska. Angelina was a passenger in an Allstate-

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

insured automobile operated by Charles Herron while under the influence of alcohol. Mr. Herron negligently failed to control that automobile and caused it to crash into a telephone pole. Angelina suffered serious and permanent injuries, including a traumatic brain injury, lung injuries, and a back injury. Angelina had treatment at Yukon-Kuskokwim Regional Hospital (Y-K Hospital), Alaska Native Medical Center (ANMC), and Alaska Regional Hospital. Her medical expenses were over $35,000. Angelina had a legal claim for very large economic and non-economic damages, punitive damages and attorney fees under AS 09.60.070 that was far in excess of the available liability coverage.

7. Plaintiff Mary Kenick also suffered legal damages as a direct result of the negligent conduct of Mr. Herron. Mary suffered shock and distress when she saw Angelina's battered condition and possibly life-threatening injuries at Y-K Hospital, where she was taken after the crash. She further suffered when she accompanied Angelina when Angelina was evacuated to Anchorage for medical treatment because of medical concern of life-threatening injuries. Mary Kenick has continued to suffer damages as a result of Angelina's cognitive changes and cognitive problems and the impact those have had on the parent-child relationship. Mary had a reasonably large claim for negligent infliction of emotional distress (NIED), loss of consortium, and pursuant to A.S. 09.15.010, for compensatory damages, punitive damages, and attorney fees assessment under A.S. 09.60.070 that was well in excess of the available liability coverage.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-3-

Exhibit 1
Page 3 of 13

## THE ALLSTATE POLICY

8. On September 14, 2002, the automobile Mr. Charles Herron was driving was insured by a policy issued by defendant Allstate Insurance Company. Among the coverages provided by the policy was a liability coverage with stated limits of $100,000/$300,000, plus supplemental payments coverage; a medical payments coverage of $25,000; and underinsured motorist (UIM) coverage with stated limits of $100,000/$300,000, plus supplemental payments coverage.

9. Charles Herron was insured under the liability coverage. Angelina Trailov was an insured under the medical payments coverage and the underinsured motorist coverage. Mary Kenick was an insured under the underinsured motorist coverage.

## THE PRE-SUIT DUTIES OF ALLSTATE AND ITS AGENTS, INCLUDING KATHY BERRY

10. Allstate and its agents, including Kathy Berry, were required to competently, loyally, and in good faith, defend and protect Charles Herron from excess judgments arising out of the September 14, 2002, crash. They were required by law to comply with: the Alaska Unfair Claims Settlement Practices insurance regulations at 3 AAC 26.010 - 3 AAC 26.070; their fiduciary duties; and their duties of good faith and fair dealing in the handling of the claims arising out of the September 14, 2002, crash.

11. Defendant Allstate and its agents, including Kathy Berry, were required to honestly advise Mr. Herron of his coverages, his exposure to excess judgments, settlement offers, settlement offer deadlines, and the claims handling actions or lack

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-4-

Exhibit 1
Page 4 of 13

of actions. Defendant Allstate and its agents, including Kathy Berry, owed a duty to not conceal from or misrepresent to Mr. Herron or his attorney important information. Allstate and its agents, including Kathy Berry, owed a duty to not conspire against the interests of Charles Herron.

12. Defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, were required to promptly investigate and evaluate the claims of Angelina Trailov and Mary Kenick. If, after the required prompt investigation and evaluation, a substantial probability of excess judgments existed, said defendants had a duty to promptly offer settlement of the claims of Angelina Trailov and Mary Kenick within policy limits, so as to avoid exposing Charles Herron to non-dischargeable excess judgments.

13. Allstate and its agents owed a duty to disclose Angelina's medical coverage to her attorney. After a prompt investigation, Allstate and its agents owed a duty to promptly pay that medical coverage. Allstate and its agents also owed a duty to disclose the underinsured motorist coverage to Angelina's attorney.

14. If, after a prompt investigation and evaluation, a substantial probability of excess judgments existed, Defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, had a duty to promptly accept policy limit offers so as to avoid exposing Charles Herron to non-dischargeable excess judgments.

### THE CLAIMS HANDLING

15. Allstate was put on notice of the September 14, 2002, crash by Margaret

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-5-

Herron on or about September 16, 2002, including the fact that Angelina Trailov had possibly been seriously injured. Defendant Kathy Berry, an Allstate adjuster, was assigned as the liability coverage adjuster for Mr. Herron. Allstate and Ms. Berry were made aware that attorney Michele Power, of Bethel, Alaska, had put Charles Herron's personal attorney, Mr. James Valcarce, on notice of a claim on or about September 19, 2003.

16. Allstate and its agents assessed Mr. Herron's negligence at 100% by September 21, 2002. Thereafter, defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, unreasonably, negligently, recklessly and/or intentionally delayed investigation of the claims and damages of Angelina Trailov and Mary Kenick. Said delayed investigation was not in accordance with the legal duties imposed upon defendants.

17. Although defendants, and all of them, were aware that Angelina had been seen at three hospitals and had been medivaced, a medical release was not requested for 30 days after notice of the claim. A release was provided by November 25, 2002. However, billings and records of Y-K Hospital were not requested until January 17, 2003 – four months after the crash. A specific medical release for ANMC was not requested until January 17, 2003 – four months after the crash. The release was provided by February 10, 2003, but medical records and billings of ANMC were not requested until March 17, 2003 – six months after the crash. It appears that defendants never did request billings and records of Alaska Regional. By November 8,

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-6-

2002, Mary Kenick began receiving dunning letters for the Alaska Regional billings.

18. On February 14, 2003, two policy limits offers were sent by Ms. Power for the claims of Angelina Trailov and Mary Kenick, respectively. Attached were medical bills of approximately $34,000. Nevertheless, the $25,000 medical coverage was not promptly paid.

19. On March 3, 2003, defendant Berry was ordered to refer the file to the Allstate Home Office, as it might exceed the Anchorage office settlement authority due to Angelina's brain damage.

20. Defendants did not inform Charles Herron of the February 14, 2003, policy limits offers letters except by attaching it to a March 18, 2003, letter that defendants sent for the purpose of denying coverage for punitive damages. On March 26, 2003, Mr. Herron's personal lawyer, Mr. James Valcarce, demanded that Allstate promptly evaluate Mr. Herron's case and settle within policy limits. Allstate disregarded Mr. Valcarce's demand and advice.

21. By an April 10, 2003, letter, Ms. Power set a deadline of May 16, 2003, for expiration of the policy limits offers. By April 10, 2003, Allstate had been aware of the crash for almost seven months. It had not paid any medical payments coverage. It had not responded to the February 14, 2003, policy limits offers, except to acknowledge receipt of the letter 30 days later, on March 17, 2003.

22. Defendants did not promptly inform or advise Mr. Herron of the May 16, 2003, deadline except by a copy of a letter to Ms. Power dated May 9, 2003 — one

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

week before the deadline expired. Defendants did not advise Mr. Valcarce of the deadline at all. Defendants did not send a copy of the April 10, 2003, letter to Mr. Herron or Mr. Valcarce. Defendants did not advise them of Mr. Herron's exposure to excess judgments if the deadline was not complied with. Defendants did not inform them that more time was needed or that Allstate could not complete its evaluation or respond by May 16, 2003.

23. In the letter of May 9, 2003, to Ms. Power, the defendants indicated they intended to respond by the deadline of May 16, 2003. There was no objection to the deadline. There was no indication defendants felt the deadline was unreasonable. There was no request for an extension. There was no indication that more time was needed. There was no indication that defendants could not complete their evaluation.

24. On or about May 12, 2003, almost eight months after Allstate was aware of the September 14, 2003, crash, Allstate finally paid the $25,000 medical payments coverage for Angelina Trailov. Between May 9, 2003, and May 16, 2003, defendants did not inform Mr. Herron or Mr. Valcarce that Allstate would not comply with the May 16, 2003, deadline.

25. However, on May 16, 2003, defendants informed Ms. Power that their evaluation was not complete and that they would perhaps respond within the next two weeks. The policy limits offers lapsed with no objection by defendants. Defendants did not promptly inform Mr. Herron or his attorney that the deadline had

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

been allowed to expire. They did not promptly inform Mr. Herron or Mr. Valcarce of Mr. Herron's exposure to excess judgments because of expiration of the offers. Defendants did not inform Mr. Herron and his lawyer that they had unreasonably delayed in investigating and evaluating the claims and that Allstate claims personnel in the Anchorage office had been remiss in seeking settlement authority from the Allstate Home Office until after expiration of the offers.

26. On May 20, 2003, defendant Berry finally referred the matter to the Allstate Home Office for review. On May 29, 2003, Kathy Berry's supervisor, Karen Peterson, finally ordered her to seek Home Office settlement authority and to open the underinsured motorist coverage.

27. On May 29, 2003, a letter was sent by Mary Kenick's attorney, Doug Johnson, informing Allstate that no further policy limits offers would be made or accepted. On May 30, 2003, defendants offered the stated limits of $112,500 of the liability coverage of Charles Herron for settlement of the claim of Angelina Trailov. Defendants offered $10,000 for the claim of Mary Kenick. No disclosure or offer of UIM coverage was made. A suit was filed on July 3, 2003, on behalf of Angelina Trailov and Mary Kenick.

28. A reasonable, competent, and prompt investigation and evaluation of the claims of Angelina Trailov and Mary Kenick would have shown that those claims were each in excess of policy limits. A reasonable, competent, and prompt investigation and evaluation would have resulted in a settlement of each claim within policy limits.

Ingstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Allstate unreasonably failed and refused to offer policy limits for each claim and unreasonably failed and refused to offer settlements for policy limits within the eight-month time period when such settlements were available.

29. On or before June 6, 2003, Allstate retained the law firm of Wilkerson & Associates. Said firm acted as the agent of Allstate at all times thereafter and Allstate is liable for its actions. On June 11, 2003, said firm announced it had been appointed by Allstate to defend Mr. Herron. It represented to Mr. Herron that it was his legal representative and would protect his interests at all stages thereafter. Said firm, however, conspired with Allstate to act against the interests of Mr. Herron. After review of Allstate's records, it misrepresented to Mr. Herron and his personal attorney that Allstate had done nothing wrong. The law firm wrongfully proceeded to defend, and continues to wrongfully defend, Allstate's interests against Mr. Herron.

30. When Mr. Herron's personal attorney, Mr. Valcarce, requested copies of Allstate's records, Wilkerson & Associates withheld the Allstate records it had reviewed after it had announced it was Mr. Herron's legal counsel. The law firm claimed various false privileges against Mr. Herron, including so-called adjuster privileges, work product, and attorney client privileges. The law firm refused to disclose or advise Mr. Herron and Mr. Valcarce of the existence of important information and took an adverse posture to Mr. Herron's interests. Further, the law firm threatened Mr. Herron and/or Mr. Valcarce with legal action if they took steps to protect Mr. Herron by way of a covenant settlement.

Ungstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-10-

31. During the litigation, Allstate and its agents negligently and recklessly rejected a second policy limits offer for Mary Kenick's claim. On March 11, 2004, Wilkerson & Associates sent a letter to Mr. Valcarce announcing the law firm had given authority to a mediator to reject a second offer by Mary Kenick to settle her claims within policy limits by offering less than the offer. In the same letter, said law firm outrageously announced that, acting for Allstate, it had also sued Mr. Herron.

### THE COVENANT SETTLEMENT

32. The actions of Allstate and its agents, including, but not limited to, Kathy Berry and Wilkerson & Associates, were in reckless disregard of the rights of Charles Herron. Allstate and its agents, including, but not limited to, Kathy Berry and Wilkerson & Associates, engaged in a scheme of deceptive and outrageous conduct. They intentionally ignored conflicts of interest and refused to disclose conflicts of interest that were created by Allstate's mishandling of the claims. They further conspired to conceal, misrepresent, and disloyally act against the interests of Mr. Herron. Fiduciary duties and the duty of good faith and fair dealing were repeatedly violated in an outrageous manner. Such conduct renders Allstate and Kathy Berry liable for punitive damages.

33. The actions of Allstate, together with its agents, including, but not limited to, Kathy Berry, negligently, recklessly and/or deliberately breached their legal duties to Mr. Herron, and caused him to be needlessly exposed to excess and non-dischargeable judgments in favor of Angelina Trailov and Mary Kenick. Those

Litgatman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2872

-11-

actions of Allstate, together with its agents, constituted material breaches of the duties owed to Mr. Herron, and thus, justified Mr. Herron entering into a covenant settlement to protect his personal assets and interests.

34. On April 2, 2004, with the assistance and approval of his new legal counsel, Mr. Roger Holmes, Mr. Herron entered into a fair covenant settlement, including a confession of judgment in favor of Angelina Trailov for $1,750,000 and a confession of judgment in favor of Mary Kenick for $187,500. These settlement amounts are fair and reasonable and within the expected range of jury verdicts for the claims.

35. As part of the covenant settlement, Mr. Herron assigned his claims against Allstate and its agents to Mary Kenick, individually, and as parent and natural guardian of Angelina Trailov. In return, Mr. Herron was provided with a covenant not to execute on his personal assets. Mary Kenick brings these claims against defendants as the assignee of Mr. Herron's claims.

36. On behalf of Angelina Trailov and herself, Mary Kenick asserts that the defendants are liable for the confessions of judgment, and requests compensatory damages of $1,750,000 for Angelina Trailov and for $187,500 for Mary Kenick.

37. Mary Kenick further request that punitive damages be assessed against the defendants in amounts to be determined by the jury, but which considers the reckless, outrageous, disloyal and deceptive conduct of Allstate and its agents, including, but not limited to, Kathy Berry. In determining such an amount, the jury

Ingstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

should also consider compensatory damages and the defendants' wealth, and award an amount sufficient to dissuade defendants from engaging in such conduct in the future.

WHEREFORE, plaintiff prays for relief as follows:

(1) for compensatory damages for Angelina Trailov in the amount of $1,750,000.00, plus accrued interest at 5%;

(2) for compensatory damages for Mary Kenick in the amount of $187,500.00, plus accrued interest at 5%;

(3) for punitive damages in an amount to be assessed by the jury;

(4) for costs and attorney's fee; and

(5) for such other and further relief as the Court may deem just.

DATED this ___9___ day of April, 2004.

ANGSTMAN LAW OFFICE
Co-counsel for Plaintiff

By: _____
Myron E. Angstman
ABA No. 7410057

LAW OFFICES OF DENNIS M. MESTAS, P.C.
Co-counsel for Plaintiff

By: _____
Dennis M. Mestas
ABA No. 7575028

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-13-