# ANGSTMAN LAW OFFICE

MYRON ANGSTMAN
MICHELE POWER
BRUCE ANDERS
SEAN BROWN

P. O. Box 585
Bethel, Alaska 99559
Tel. (907) 543-2972
Fax (907) 543-3394
angstman@unicom-alaska.com

P.O. Box 1310
Dillingham, Alaska 99576
Tel. (907) 842-2974
Fax (907) 842-3994

February 14, 2003

Kathy Berry
Allstate Insurance Company
Market Claims Office
7033 E. Tudor Road
Anchorage, Alaska 99507

RE:   Angelina Trailov
      Claim #3322751094 AKB

FEB 1 8 2003
RECEIVED

Dear Ms. Berry:

I am in receipt of your letter recognizing our representation of Mary Kenick, mother of Angelina Trailov in the above referenced matter. Angelina Trailov (Gina) was seriously injured in a motor vehicle accident when she was a passenger in Charles Herron's vehicle on September 14, 2002. At the time of the accident, Mr. Herron was intoxicated. Following the accident, Mr. Herron was arrested and charged with Driving While Intoxicated after providing a breath sample of .146, nearly two times the legal limit. *See* Exhibit 1. Mr. Herron was later convicted of the charge.

As a result of the accident, Gina's head hit and broke the vehicle's side window. She suffered a closed head injury, a left side basilar skull fracture, a left-side broken rib and a punctured lung. She was rendered unconscious and not breathing. Friends performed CPR on Gina, revived her and rushed her to the Yukon Kuskokwim Delta Regional Hospital. *See* Exhibit 2.

Approximately one hour later after having been awakened in the night with a report of the accident, Mary Kenick raced to the hospital. There to her horror she found Gina screaming and writhing in pain. Gina's face was bloody and blood drained from her ear. Ms. Kenick witnessed health care providers repeatedly attempt to restrain Gina. She attempted to soothe and calm Gina to no avail. Gina was in a state where she did not recognize her mother. This continued until Gina was finally sedated and intubated.

Exhibit 29
Page 1 of 3

702939

Gina was medivaced to the Alaska Native Medical Center in Anchorage. Ms. Kenick traveled with Gina to Anchorage. Some time later, she traveled with Gina as she was to be transferred to Alaska Regional because Gina's lung was leaking. There, health care providers performed a fiberoptic bronchoscopy.

In addition to the fractured skull, punctured lung and broken rib, Gina suffered bruising to her eye and chin. Following the accident, she intermittently lost her hearing and experienced vertigo and headaches. She experienced a loss of appetite, weight loss, insomnia, and irritability. She was unstable on her legs. She suffered pain in her left shoulder as a result of the broken rib. Currently, Gina experiences occasional intense lower back pain.

The most significant injury, however, was to Gina's brain. The injury occurred when Gina's head slammed into the vehicle's side window causing the side window to break. The impact was so severe that it caused a basilar skull fracture and post-traumatic amnesia. The post-traumatic amnesia was two to three days in length and sufficiently long to qualify for a diagnosis of moderate traumatic brain injury. Gina's compromised mental status and length of post-traumatic amnesia suggest microscopic axonal injury associated with a closed head injury. Subtle persistent higher cortical dysfunction consequent to her injury remains.

Gina's injuries as a result of the accident are serious and permanent. In addition to her pain and suffering, inconvenience and loss of enjoyment of life, Gina missed several days of school. Even when she returned to school, she was unable to function optimally.

In addition to Gina's claim against Mr. Herron, Mary Kenick is making a claim against Mr. Herron for negligent infliction of emotional distress (NIED). Generally, damages are not awarded for NIED in the absence of physical injury. However, a bystander may prevail in a claim for damages if the plaintiff is located near the scene of the accident, the shock results from a direction emotional impact from the sensory and comtemporaneous observance of the accident, and a close relationship exists between the plaintiff and the victim. *See Dillon v. Legg*, 68 Cal. 2d 728, 441 P.2d 912, 920, 69 Cal. Rptr. 72 (Cal. 1968). Alaska courts have taken a liberal approach in applying *Dillon* factors. *See Kallstrom v. United States*, 43 P.3d 162 (Alaska 2002); *Tommy's Elbow Room, Inc. v. Kavorkian*, 727 P.2d 1038 (Alaska 1986). Even though Ms. Kenick did not contemporaneously observe the accident itself, it is our view that her observation was close enough in time to the accident and of the nature intended by Alaska's liberal approach to NIED to withstand a summary judgment challenge.

In addition to Ms. Kenick's NIED claim, she incurred over $34,000 in medical expenses, travel costs and lost wages and it is expected that she will incur future medical expenses, travel costs and lost wages related to Gina's back pain and head trauma. *See Exhibit 3.*

Exhibit 29
Page 2 of 3
702940

Based on the above, Mary Kenick authorized me to make a policy limits demand plus attorney's fees, costs and interest on behalf of her daughter's claim and a policy limits demand plus attorney's fees, costs and interest to settle her claim. Please convey this to your client and advise me of his response. I look forward to hearing from you.

Best regards,

Michele Power
Attorney at Law

enclosures

cc: Mary Kenick

29
3 of 3
702941