Mark A. Sandberg, Esq.
SANDBERG, WUESTENFELD & COREY, PC
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel:   907-276-6363
Fax:   907-276-3528

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

ALLSTATE INSURANCE COMPANIES,   )
                                )
          Plaintiff,            )
                                )
     v.                         )
                                )
CHARLES HERRON,                 )
                                ) Case No. 3:04-0043 CV (TMB)
          Defendant.            )
_____)

**HERRON'S MEMORANDUM IN OPPOSITION TO:**

**1. MOTION TO BIFURCATE**

**2. MOTION FOR SUMMARY JUDGMENT APPLYING DAMAGES CAP; AND**

**3. MOTION FOR SUMMARY JUDGMENT DISMISSING KENICK'S NIED CLAIM**

I. INTRODUCTION

Allstate has filed three motions dealing with issues that are not framed by the pleadings and are not before this Court. Each motion deals with the damages suffered by Angelina Trailov and/or her mother, Mary Kenick. Neither Trailov nor Kenick are parties and the amount of their damages is not at issue.

This is a declaratory relief action. Allstate sued Herron, an Allstate insured, seeking a declaration that Allstate did not breach the covenant of good faith and fair dealing by its handling of a lawsuit brought by Trailov and Kenick against Herron. Allstate also asked this Court to declare that Herron breached his duty of cooperation by consenting to entry of judgment in favor of Trailov and Kenick and assigning them his rights to sue Allstate.

Herron has always contended this case is an improper use of the declaratory judgment forum, essentially asking this Court to declare that Allstate did not commit a tort. Herron has contended that all issues involving Allstate's claims handling and Trailov/Kenick's damages should be resolved in a pending state court lawsuit rather than in federal court.

With these three motions, Allstate seeks to further expand this lawsuit, oust the state court of any jurisdiction, adjudicate the damages of persons who are not parties, and litigate issues not framed by the pleadings.

II. THE SECOND AMENDED COMPLAINT

Allstate filed a Second Amended Complaint (Docket 58) on December 10, 2004. It sets forth Allstate's contentions and the issues actually involved in this case:

A.  Allstate alleges Herron is an Allstate insured (¶6); and

B.  Allstate alleges Herron caused an accident on September 14, 2002 resulting in claims by Trailov and Kenick (¶7); and

C.  Allstate alleges Michele Power, attorney for Trailov and Kenick demanded policy limits to settle their claims against Herron (¶8); and

D.  Allstate alleges Herron was sued by Trailov and Kenick because Allstate did not settle their claims (¶¶ 9-16); and

E.  Allstate alleges that Herron consented to entry of judgment and assigned Trailov/Kenick his rights to sue Allstate (¶19).

F.  Allstate asks the Court to declare that it made a good faith effort to settle the Trailov/Kenick claims against Herron and therefore is not liable for any amounts in excess of policy limits (¶21); and

G.  Allstate asks the Court to declare that Herron breached his obligations under the insurance contract by consenting to entry of judgment and assigning his right to sue Allstate (¶¶23-25).

The Second Amended Complaint does not address the reasonableness of the amount of the consent judgment. Nor does it ask the Court to "declare" that Trailov or Kenick were damaged in any particular amount. Instead, it only asks the Court to decide whether Allstate or Herron breached the insurance contract.

III. PARALLEL STATE LITIGATION

On April 9, 2004, Mary Kenick, (individually and on behalf of Angelina Trailov, her daughter), sued Allstate and Kathy Berry, and Allstate adjuster, in state court. Exhibit A is a copy of the Complaint.

The state court lawsuit discusses the damages suffered by Trailov and Kenick in detail (¶¶6-7). It also alleges various actions of Allstate or Berry breaching duties owed under the insurance contract (¶¶10-31).

The state court complaint notes Herron has consented to entry of judgment in favor of Angelina Trailov in the amount of $1,750,000 and in favor of Mary Kenick in the amount of $187,500 (¶34). It alleges "these settlement amounts are fair and reasonable and within the expected range of jury verdicts for the claims." (¶34).

Unlike this lawsuit, the issue of whether the amount of the consent judgments is reasonable is directly framed by the state court lawsuit.[1]

IV. THE MOTION TO BIFURCATE

Allstate has filed a motion to bifurcate the issue of whether Allstate or Herron breached the insurance contract from the issue of the reasonableness of the consent judgments.

Allstate points out that determining the reasonableness of the consent judgments requires significant time and expense. Allstate lists a number of potential damages witnesses and states that both expert and lay witness testimony is necessary of the damages suffered by Trailov and Kenick are to be quantified in this lawsuit.

Herron agrees that deciding whether the consent judgments are reasonable involves a huge effort and expense. It should not be done in this lawsuit, because:

A. The issue is not framed by the pleadings, as was shown above; and

B. It is framed by the pleadings in the state court lawsuit. Kenick, as Herron's assignee, is attempting to collect those judgments from Allstate in state court. To do that successfully, Kenick will be required to prove that the amount of the consent judgments is reasonable.

---

[1] The only reference Allstate makes to any federal court pleading that even suggests the amount of damages suffered by Trailov/Kenick is at issue in this case is to the Joint Status Report (Docket 113,¶A6) dated May 22, 2006. This reference is mistaken. None of the three complaints filed by Allstate in this declaratory relief action even attempts to raise the issue.

"Covenant settlement agreements are enforceable against an insurance company if the agreements are reasonable." Great Divide Ins. Co. v. Carpenter, 79 P.3d 599, 609 (Alaska 2003). That issue is framed by the pleadings in state court but not here.

C.  Allowing Allstate to contest damages in this declaratory relief action would let Allstate litigate a defense to the state court lawsuit in this federal declaratory relief forum. "[I]t is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." Wright & Miller, Federal Practice and Procedure, §2758.

D.  Allowing Allstate to litigate the reasonableness of the consent judgments in this lawsuit would adjudicate the damages of Trailov and Kenick, neither of whom are parties to this declaratory lawsuit. Herron has assigned away all his rights to sue Allstate and collect on the consent judgments. Trailov and Kenick are the only ones with a stake in proving the consent judgments are for a reasonable amount.

Herron does not have Trailov's medical records. Nor, in these days of HIPPA, does Herron have the ability to talk to her doctors or assemble medical records. All of those things can be done in the state court lawsuit where the reasonableness of the consent judgments is actually at issue.[2]

V. NON-ECONOMIC DAMAGES CAP

Allstate has filed a motion asking this Court "for an order applying the non-economic damages cap of AS 09.17.010(b) in this case (Docket 118, page 1). This motion should be denied because:

A.  Damages issues are not framed by the pleadings, as explained above; and

B. There is no set of circumstances where this issue could be presented in this case. Herron has consented to entry of judgment. That judgment is enforceable against Allstate in state court if it is for a reasonable amount. "Affording insurers the right to relitigate liability and damages issues resolved by agreement would destroy the purpose served by allowing insureds to enter into covenant settlement agreements…." Great Divide Ins. Co. v. Carpenter, 79 P.3d 599, 609 (Alaska 2003), citing U.S.A.A. v. Morris, 741 P.2d 246, 253 (Ariz. 1983).

Allstate is not automatically bound by the consent judgment. But neither does it get to litigate damages de novo. "Instead, the agreement must be reviewed for reasonableness by the trier of fact." Great Divide, supra, citing Grace v. I.N.A., 944 P.2d 460 (Alaska 1997), W.I.G.A. v. Ramsey, 922 P2d 237 (Alaska 1996) and Continental Ins. Co. v. Roberts, Inc., 608 P.2d 281 (Alaska 1980).

The issue of whether the consent judgments are reasonable should be decided in state court where Herron's assignee is trying to enforce those judgments against Allstate. There is no basis in this federal declaratory action to "declare" that Angelina Trailov is or is not severely injured within the meaning of A.S. 09.17.010(b).

B. Neither Angelina Trailov nor her mother are parties to this lawsuit. Fundamental fairness requires that the amount of Trailov's damages should not be "declared" in a lawsuit to which she is not a party. It certainly seems doubtful that Trailov would be bound by such a determination.  cf., Restatement of Judgments (2d), §27 (litigated issue generally only has preclusive effect upon the parties).

---

[2] If this Court decides to "declare" whether the amount of the consent judgments is reasonable, then Herron supports bifurcation and submits the issues raised by Allstate's summary judgment motions should be deferred for the "damages" half of the case. But Herron's primary point is that none of these damages issues belong in the lawsuit.

VI. <u>MOTION TO DISMISS NIED CLAIM</u>

Allstate has filed a motion asking the Court to dismiss Kenick's NIED claim. This motion should be denied because:

A. Kenick is not a party to this case. An order declaring that Kenick's NIED claim is "dismissed" would be meaningless. Neither Kenick nor her NIED claim are before this Court.

B. Herron has consented to judgment in favor of Kenick. The only "damages" issue is the reasonableness of the consent judgment. <u>Great Divide Ins. Co. vs. Carpenter,</u> 79 P.3d 599, 609 (Alaska 2003). As explained above, that issue is not before this Court. It must be litigated in state court, where Kenick and Allstate are both parties.

C. Alaska does not require that an NIED claimant see the accident. The NIED claim was first recognized in <u>Tommy's Elbow Room, Inc. vs. Kavorkian,</u> 727 P2d 1038 (Alaska 1986), a case where the claimant did not see the accident occur. The <u>Tommy's</u> Court cited favorably to <u>Ferriter vs. Daniel O'Connell's Sons, Inc.,</u> 413 N.E. 2d 690, 697 (Mass. 1980) where the court said "[a] plaintiff who rushes onto the accident scene and finds a loved one injured has no greater entitlement to compensation for that shock than a plaintiff who rushes instead to the hospital."

D. Allstate's final argument, that the facts would not have justified paying Kenick policy limits to settle her NIED claim, is accompanied by no expert analysis or opinion. The Court is asked to determine, as a matter of law that no reasonable claims adjuster working for a reasonable claims adjuster working for a reasonable insurance company could believe Kenick's NIED claim was worth $100,000 in Bethel.

Allstate has not offered any opinion testimony from any insurance adjuster or expert witness regarding the settlement value of Kenick's NIED claim. There is no basis in this record to determine anything regarding the settlement value of Kenick's NIED claim.[3]

VII. CONCLUSION

Allstate filed this declaratory relief action in an effort to avoid litigating with Trailov and Kenick, the owners by assignment of Herron's third-party bad faith claims. Now Allstate wants to litigate Trailov's and Kenick's damages in this case where neither Trailov nor Kenick are parties.

All three motions should be denied. They raise damages issues outside the pleadings. They seek to determine the rights of non-parties. They raise issues that belong in state court. There is no reason to radically expand the issues in this case. This lawsuit presents no federal questions and implicates no federal issues.

Herron consented to entry of judgment and assigned his rights. The only damages inquiry is whether the consent judgments are for reasonable amounts. That question should be answered in the state court lawsuit where it is at issue and where Allstate, Trailov and Kenick are all parties.

Dated this 30th day of June, 2006.

/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
ABA: 7510084

---

[3] Determination of whether an insurer acted in good faith is normally a factual issue, making summary judgment improper. Jackson vs American Equity Ins. Co., 90 P 3d 136, 141-144 (Alaska 2004).

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2006 a copy of the foregoing was served electronically on:

Mark Wilkerson
Wilkerson & Associates
310 K Street, Suite 405
Anchorage, Alaska  99501


s/Mark A. Sandberg

Mark A. Sandberg, Esq.
SANDBERG, WUESTENFELD & COREY, PC
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel:  907-276-6363
Fax:  907-276-3528

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHARLES HERRON, ) | |
| ) Case No. A04-0043 CV (JKS) | |
| Defendant. ) | |
| _____) | |

ORDER DENYING
ALLSTATE'S:

1. MOTION TO BIFURCATE

2. MOTION FOR SUMMARY JUDGMENT APPLYING DAMAGES CAP; AND

3. MOTION FOR SUMMARY JUDGMENT DISMISSING KENICK'S NIED CLAIM

IT IS HEREBY ORDERED, that plaintiff's Motion to Bifurcate, Motion for Summary Judgment Applying Damages Cap and Motion for Summary Judgment Dismissing Kenick's NIED Claim, be denied in their entirety.

DATED:_____        _____
                                   Timothy M. Burgess
                                   Judge of the U.S. District Court




CERTIFICATE OF SERVICE

I hereby certify that on this ____
day of _____ 2006 a copy of the
foregoing was served
electronically on:


Mark A. Sandberg
Sandberg, Wuestenfeld & Corey
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501

Mark Wilkerson
Wilkerson & Associates
310 K Street, Suite 405
Anchorage, Alaska  99501


s/Mark A. Sandberg