APR. 16. 2004  3:20PM    LITIGATION & EMP LAW                    NO. 6087   P. 5

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

| | |
|---|---|
| MARY KENICK, assignee, individually, and as parent of ANGELINA TRAILOV, a minor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4BE-04-103 CI<br>) |
| ALLSTATE INSURANCE COMPANY and KATHY BERRY, | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT**

**PARTIES, JURISDICTION AND VENUE**

COMES NOW the plaintiff, Mary Kenick, assignee of claims of Charles Herron against defendants Allstate Insurance Company and Kathy Berry, on behalf of her minor daughter, Angelina Trailov, and on behalf of herself, and alleges and avers as follows:

1. Plaintiff Mary Kenick, and her minor daughter, Angelina Trailov, are residents of Bethel, Alaska. Defendant Allstate Insurance Company (Allstate) is a foreign corporation doing business in Alaska. Defendant Kathy Berry, an employee of Allstate, is a resident of Anchorage, Alaska.

2. At all times alleged herein, the acts of Kathy Berry and other Allstate agents were done in the course and scope of their duties, authority, and employment. Allstate is liable for the actions of said agents.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-1-

Exhibit A 1 of 13

APR. 16. 2004  3:20PM      LITIGATION & EMP LAW                    NO. 6087   P. 6

3. The motor vehicle insurance contract that is involved in this action was issued by Allstate to Robert E. Herron and Margaret R. Herron in Bethel, Alaska. They are residents of Bethel, Alaska. At all times alleged herein, Mr. Charles Herron, a resident of Bethel, Alaska, was an insured under that insurance contract.

4. As set forth herein, Allstate breached its obligations under the insurance contract which insured the Herron family of Bethel, Alaska. Further, as set forth herein, Allstate, and its agents engaged in wrongful and tortious acts and engaged in a wrongful scheme and conspiracy that was directed against Mr. Charles Herron, in Bethel, Alaska, and caused injury to him while a resident of Bethel, Alaska. Said wrongful acts were carried out by phone calls, faxes and mail directed by Allstate and its agents to Charles Herron, his attorney James Valcarce, and Ms. Michele Power in Bethel, Alaska.

5. As a result of the wrongful and tortious actions of Allstate and its agents, including, but not limited to, defendant Kathy Berry, Charles Herron had legal claims against Allstate and Kathy Berry. These claims have been assigned to Mary Kenick, individually, and on behalf of Angelina Trailov, a minor. As set out herein, the damages sought are far in excess of $100,000. Jurisdiction and venue of these claims is properly in the Fourth Judicial District at Bethel, Alaska.

### THE CRASH, TRAILOV AND KENICK DAMAGES

6. On September 14, 2002, 15-year-old Angelina Trailov was injured in an automobile crash near Bethel, Alaska. Angelina was a passenger in an Allstate-

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-2-

Exhibit A  2 of 13

APR. 16. 2004  3:20PM      LITIGATION & EMP LAW                    NO. 6087   P. 7

insured automobile operated by Charles Herron while under the influence of alcohol. Mr. Herron negligently failed to control that automobile and caused it to crash into a telephone pole. Angelina suffered serious and permanent injuries, including a traumatic brain injury, lung injuries, and a back injury. Angelina had treatment at Yukon-Kuskokwim Regional Hospital (Y-K Hospital), Alaska Native Medical Center (ANMC), and Alaska Regional Hospital. Her medical expenses were over $35,000. Angelina had a legal claim for very large economic and non-economic damages, punitive damages and attorney fees under AS 09.60.070 that was far in excess of the available liability coverage.

7. Plaintiff Mary Kenick also suffered legal damages as a direct result of the negligent conduct of Mr. Herron. Mary suffered shock and distress when she saw Angelina's battered condition and possibly life-threatening injuries at Y-K Hospital, where she was taken after the crash. She further suffered when she accompanied Angelina when Angelina was evacuated to Anchorage for medical treatment because of medical concern of life-threatening injuries. Mary Kenick has continued to suffer damages as a result of Angelina's cognitive changes and cognitive problems and the impact those have had on the parent-child relationship. Mary had a reasonably large claim for negligent infliction of emotional distress (NIED), loss of consortium, and pursuant to A.S. 09.15.010, for compensatory damages, punitive damages, and attorney fees assessment under A.S. 09.60.070 that was well in excess of the available liability coverage.

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-3-

Exhibit A  3 of 13

APR. 16. 2004  3:20PM      LITIGATION & EMP LAW                          NO. 6087   P. 8

## THE ALLSTATE POLICY

8. On September 14, 2002, the automobile Mr. Charles Herron was driving was insured by a policy issued by defendant Allstate Insurance Company. Among the coverages provided by the policy was a liability coverage with stated limits of $100,000/$300,000, plus supplemental payments coverage; a medical payments coverage of $25,000; and underinsured motorist (UIM) coverage with stated limits of $100,000/$300,000, plus supplemental payments coverage.

9. Charles Herron was insured under the liability coverage. Angelina Trailov was an insured under the medical payments coverage and the underinsured motorist coverage. Mary Kenick was an insured under the underinsured motorist coverage.

## THE PRE-SUIT DUTIES OF ALLSTATE AND ITS AGENTS, INCLUDING KATHY BERRY

10. Allstate and its agents, including Kathy Berry, were required to competently, loyally, and in good faith, defend and protect Charles Herron from excess judgments arising out of the September 14, 2002, crash. They were required by law to comply with: the Alaska Unfair Claims Settlement Practices insurance regulations at 3 AAC 26.010 - 3 AAC 26.070; their fiduciary duties; and their duties of good faith and fair dealing in the handling of the claims arising out of the September 14, 2002, crash.

11. Defendant Allstate and its agents, including Kathy Berry, were required to honestly advise Mr. Herron of his coverages, his exposure to excess judgments, settlement offers, settlement offer deadlines, and the claims handling actions or lack

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-4-

Exhibit A  4 of 13

APR. 16. 2004  3:21PM    LITIGATION & EMP LAW                    NO. 6087   P. 9

of actions. Defendant Allstate and its agents, including Kathy Berry, owed a duty to not conceal from or misrepresent to Mr. Herron or his attorney important information. Allstate and its agents, including Kathy Berry, owed a duty to not conspire against the interests of Charles Herron.

12. Defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, were required to promptly investigate and evaluate the claims of Angelina Trailov and Mary Kenick. If, after the required prompt investigation and evaluation, a substantial probability of excess judgments existed, said defendants had a duty to promptly offer settlement of the claims of Angelina Trailov and Mary Kenick within policy limits, so as to avoid exposing Charles Herron to non-dischargeable excess judgments.

13. Allstate and its agents owed a duty to disclose Angelina's medical coverage to her attorney. After a prompt investigation, Allstate and its agents owed a duty to promptly pay that medical coverage. Allstate and its agents also owed a duty to disclose the underinsured motorist coverage to Angelina's attorney.

14. If, after a prompt investigation and evaluation, a substantial probability of excess judgments existed, Defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, had a duty to promptly accept policy limit offers so as to avoid exposing Charles Herron to non-dischargeable excess judgments.

### THE CLAIMS HANDLING

15. Allstate was put on notice of the September 14, 2002, crash by Margaret

-5-

Exhibit A  5 of 13

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

Herron on or about September 16, 2002, including the fact that Angelina Trailov had possibly been seriously injured. Defendant Kathy Berry, an Allstate adjuster, was assigned as the liability coverage adjuster for Mr. Herron. Allstate and Ms. Berry were made aware that attorney Michele Power, of Bethel, Alaska, had put Charles Herron's personal attorney, Mr. James Valcarce, on notice of a claim on or about September 19, 2003.

16. Allstate and its agents assessed Mr. Herron's negligence at 100% by September 21, 2002. Thereafter, defendant Allstate, together with its agents, including, but not limited to, defendant Kathy Berry, unreasonably, negligently, recklessly and/or intentionally delayed investigation of the claims and damages of Angelina Trailov and Mary Kenick. Said delayed investigation was not in accordance with the legal duties imposed upon defendants.

17. Although defendants, and all of them, were aware that Angelina had been seen at three hospitals and had been medivaced, a medical release was not requested for 30 days after notice of the claim. A release was provided by November 25, 2002. However, billings and records of Y-K Hospital were not requested until January 17, 2003 — four months after the crash. A specific medical release for ANMC was not requested until January 17, 2003 — four months after the crash. The release was provided by February 10, 2003, but medical records and billings of ANMC were not requested until March 17, 2003 — six months after the crash. It appears that defendants never did request billings and records of Alaska Regional. By November 8,

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2872

-6-

Exhibit A 6 of 13

APR. 16. 2004  3:21PM        LITIGATION & EMP LAW                             NO. 6087   P. 11

2002, Mary Kenick began receiving dunning letters for the Alaska Regional billings.

18. On February 14, 2003, two policy limits offers were sent by Ms. Power for the claims of Angelina Trailov and Mary Kenick, respectively. Attached were medical bills of approximately $34,000. Nevertheless, the $25,000 medical coverage was not promptly paid.

19. On March 3, 2003, defendant Berry was ordered to refer the file to the Allstate Home Office, as it might exceed the Anchorage office settlement authority due to Angelina's brain damage.

20. Defendants did not inform Charles Herron of the February 14, 2003, policy limits offers letters except by attaching it to a March 18, 2003, letter that defendants sent for the purpose of denying coverage for punitive damages. On March 26, 2003, Mr. Herron's personal lawyer, Mr. James Valcarce, demanded that Allstate promptly evaluate Mr. Herron's case and settle within policy limits. Allstate disregarded Mr. Valcarce's demand and advice.

21. By an April 10, 2003, letter, Ms. Power set a deadline of May 16, 2003, for expiration of the policy limits offers. By April 10, 2003, Allstate had been aware of the crash for almost seven months. It had not paid any medical payments coverage. It had not responded to the February 14, 2003, policy limits offers, except to acknowledge receipt of the letter 30 days later, on March 17, 2003.

22. Defendants did not promptly inform or advise Mr. Herron of the May 16, 2003, deadline except by a copy of a letter to Ms. Power dated May 9, 2003 – one

Angstman Law Office
ATTORNEYS AT LAW
P.O. BOX 585
BETHEL, ALASKA
99559
(907) 543-2972

-7-

Exhibit A 7 of 13