Mark A. Sandberg, Esq.
SANDBERG, WUESTENFELD & COREY, PC
701 West 8th Avenue, Suite 1100
Anchorage, AK 99501
Tel:   907-276-6363
Fax:   907-276-3528

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:04-0043 CV (TMB) |

**OPPOSITION TO MOTION TO ESTABLISH LAW OF THE CASE**

This is a declaratory relief lawsuit. Allstate asks this Court to declare that it did not commit third-party bad faith in handling claims brought by Angelina Trailov and Mary Kenick against Charles Herron resulting from an automobile accident. Herron caused the accident and was insured by Allstate.

Under Herron's policy, Allstate also owed Trailov medical payments benefits, as a passenger in a car insured by Allstate. These benefits are payable without regard to liability or fault. These are first-party benefits, meaning Trailov is insured by Allstate under the medical payments coverage. This is different from the liability coverage that Allstae provides, which insures Herron.

Allstate did not pay Trailov the medical payments benefits that it owed her for many months after the accident. This violated both Alaska regulatory standards and the standard of care in the industry. Attachment A is a report from Robert Wainscott, Herron's expert, that outlines this in detail (Exhibit A, Pages 4-6).

Allstate has now filed a motion asking this Court to exclude evidence regarding its handling of the medical payments benefits owed to Trailov. Allstate properly handled Trailov's liability claim against Herron. Mr. Wainscott's report demonstrates why that assertion is mistaken.

Mr Wainscott states:

"It is my opinion that Scott Millar's negligence contributed to Allstate's breach of duty to Mr. Herron. Mr. Millar owed a duty to comply with the standards and regulations. If he had obtained a medical authorization and the medical bills within a reasonable time, Allstate would have had documentation available to more accurately assess their exposure for the bodily injury claim of Ms. Trailov and settle the claim when the policy limits offer was made. Allstate coordinates the medical payments benefits with bodily injury exposures, as confirmed by document 100019-100020. In these November 7, 2002, supervisory notes, Mr. Elkins directed Ms. Berry to coordinate with the medical payments on billings.

By withholding the funds, Mr. Millar allowed Ms. Kenick to accrue liens, endure harassment from creditors, and become emotionally distraught over the inability to pay the medical bills which had accumulated. The negligence in the handling of the Medical Payments claim, including the failure to disclose the coverage and pay the bills within a reasonable time frame, increased the value of the NIED claim being brought by Kenick.

Mr. Millar's negligence and intentional failure to act led to the mishandling of the medical payment claim. The failure of the supervisory staff to note and correct the condition compounded Mr. Millar's negligence, adversely affecting the pending liability claim against Mr. Herron."

In other words, Mr. Wainscott explains that Allstate's failure to properly handle the medical payments benefits owed to Trailov impacted Allstate's handling of Trailov's liability claims against Herron. Allstate would have received the medical information necessary to

evaluate the liability claim and been more able to accurately assess the magnitude of Herron's exposure if Allstate had just done its job and processed Trailov's claim for medical payment benefits, instead of ignoring it.

There is no basis to conclude, as a matter of law, that this evidence is irrelevant to determining whether Allstate properly handled Trailov's liability claim against Herron. We respectfully request that the motion be denied.

Dated this 6th day of July, 2006.

/ Mark A. Sandberg_
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
ABA: 7510084

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July 2006 a copy of the foregoing was served electronically on:

Mark Wilkerson
Wilkerson & Associates
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin
Guess & Rudd
510 L Street, Ste. 700
Anchorage, Alaska 99501

s/Mark A. Sandberg