Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>                          )<br>              Plaintiffs,    )<br>                          )<br>      vs.                   )<br>                          )<br>CHARLES HERRON,             )<br>                          )<br>              Defendant.    )<br>_____)  | Case No. A04-0043 CV (TMB) |

**REPLY TO HERRON'S OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT APPLYING DAMAGES CAP**

Essentially, Herron once again argues that this court does not have ancillary and pendant jurisdiction.  Herron argues that the pleadings do not sufficiently frame the damages issue and, as a fallback, that a ruling by this court would not have *res judicata* effect in a state court action.

This court has already determined that "this case seems a paradigm of an appropriate declaratory judgment action...."[1]  In addition, this court specifically found that "it does not appear

_____

[1] See Docket 20, Court's Order dated July 12, 2004.

that there are any unsettled issues of Alaska law to confront."[2]
This court then framed the issue as "whether Allstate and/or
Herron committed a total breach of the contract, and if so, who
breached first."[3]   Stated another way, and in accord with the
Alaska Supreme Court's opinion in <u>Jackson v. American Equity</u>,[4]
the question is "Was Herron's breach by confessing judgment
excused by a prior total breach committed by Allstate?"

Herron's central argument is that Allstate committed such a
total breach by failing to timely and accurately evaluate
Trailov's damages.  Herron has therefore put Trailov's damages
at the core of Herron's case.

That Herron was on notice of the damages issue based on the
pleadings could not be clearer.  Herron <u>stipulated</u> to the issue
in the parties' Joint Status Report dated May 22, 2006.[5]  Herron
agreed there that one of the principal issues was: "If Herron's
conduct did not breach the contract of insurance, whether the
amount of damages to which he confessed is reasonable."[6]  Herron
should not now be heard to claim that the reasonableness of the
confessed amount is not an issue before the court.

Further, there is no fundamental unfairness to Trailov and
Kenick by having the issue of the reasonableness of the

---

[2] <u>Id</u>.
[3] <u>Id</u>.
[4] 90 P.3d 136 (Alaska 2004)
[5] Docket 113.
[6] <u>Id</u>. at ¶A.6.c.

2

confessed amount determined in this declaratory judgment action. Trailov and Kenick voluntarily assigned their rights to Herron in exchange for the $2 million confession, thereby granting Herron the right and obligation to resolve whether Herron's confession itself was a total breach and whether the amount confessed was reasonable.

Nothing prevented Trailov and Kenick from becoming parties to this action if they were dissatisfied with Herron's capacity to litigate the claims they assigned to him. In fact, this court invited them to become parties, but they declined. Also, Herron neglects to note that Trailov and Kenick are represented by their attorney Dennis Mestas at every hearing, every deposition, and every proceeding of any kind in this matter. Mr. Mestas sits at Mr. Sandberg's elbow assisting him at all times. And, it can hardly be said that Herron does not have access to Trailov's and Kenick's medical records. These records are exhibits to Michele Power's deposition, exhibits to the Allstate claims file, and most certainly within the custody of Mr. Mestas.

Allstate asks this court to exercise its gatekeeper function and rule, based on uncontradicted medical evidence, that Herron's confession as to Trailov is not enforceable against Allstate. Herron confessed judgment to Trailov in the amount of $1.7 million, more than four times the statutory

damages cap.  Herron concedes that the confessed judgment is enforceable against Allstate only if it is reasonable.[7]  If, as a matter of law, Trailov's damages do not qualify as "severe," the lower damages cap applies and the confession is obviously unreasonable and therefore unenforceable as against Allstate.

Allstate has presented undisputed evidence demonstrating that Trailov's injury does not qualify as severe.  Herron does not even attempt to dispute this evidence.  Reasonable minds could not differ.  The $400,000 damages cap applies and Herron's confession for $1.7 million is unenforceable against Allstate as a matter of law.

DATED this 28th day of July, 2006.

WILKERSON HOZUBIN
Attorneys for Plaintiff


By: s/Mark E. Wilkerson
Mark E. Wilkerson
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 8310157

---

[7] See Herron's Memorandum In Opposition to Motion for Summary Judgment Applying Damages Cap at p. 6.

4

CERTIFICATE OF SERVICE
I hereby certify that on the
28th day of July, 2006, a true and correct
copy of the foregoing document was
electronically served on the
following counsel/parties of record:

Mark A. Sandberg, Esq.
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501

WILKERSON HOZUBIN

By:   /s/Mark Wilkerson
1000/788/plead/Dec Act/Reply-Dam.Cap.4