Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>            Plaintiffs,    )<br>)<br>    vs.                       )<br>)<br>CHARLES HERRON,               )<br>)<br>            Defendant.      )<br>_____) | Case No. A04-0043 CV (TMB) |

**REPLY TO HERRON'S OPPOSITION TO MOTION TO BIFURCATE**

Herron agrees with Allstate that deciding whether the confessed judgments are reasonable involves sufficient expense and effort by the parties and the court to justify bifurcation. However, Herron argues that bifurcation is not a sufficient solution. Instead, he argues that the reasonableness of the confessed damages should not be heard by this court <u>at all</u>.

As more fully set forth in Allstate's Reply to Opposition to Motion for Summary Judgment Applying Damages Cap and Reply to Opposition to Motion for Summary Judgment Dismissing Kenick's NIED Claim, the issue of the reasonableness of the confessed

amount is properly before this court.  Herron so stipulated at Docket 113 in unequivocal terms.

Further, consideration of the reasonableness issue places no unfair burden on Trailov and Kenick, given their opportunity to become parties in this matter, their representation (through counsel) during all aspects of this matter and, more importantly, their assignment of rights and duties to Herron. Kenick and Trailov assigned to Herron the right and obligation to litigate whether Allstate committed a total breach of the insurance contract (thereby excusing Herron's own breach of contract by confessing judgment), and the reasonableness of the damages confessed.  These matters are properly before this court and should rightfully be resolved in this proceeding.

If this court grants Allstate's motion with respect to the damages cap and/or the motion with respect to the cognizability of Kenick's NIED claim, the need for bifurcation will have been rendered moot.  However, assuming *arguendo* that the court does not grant Allstate's dispositive motions, there will be a trial on the issues of whether Allstate committed a prior total breach and the reasonableness of the confessed damages as to both Kenick and Trailov.  And, as conceded by Herron, the expense and effort involved in litigating those claims justifies bifurcation.  Allstate therefore respectfully requests that the court enter an order bifurcating this matter as follows:  first,

whether Herron's breach was excused by a prior total breach committed by Allstate and, second, whether the confessed amounts as to both Kenick and Trailov were reasonable.

DATED this 28th day of July, 2006.

        WILKERSON HOZUBIN
        Attorneys for Plaintiff

By: s/Mark E. Wilkerson
    Mark E. Wilkerson
    310 K Street, Suite 405
    Phone: 907 276-5297
    Fax: 907 276-5291
    E-mail: mark@wilkersonlaw.net
    Attorneys for Plaintiff Allstate
    AK Bar No. 8310157

CERTIFICATE OF SERVICE
I hereby certify that on the
28th day of July, 2006, a true and correct
copy of the foregoing document was
electronically served on the
following counsel/parties of record:

Mark A. Sandberg, Esq.
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501

WILKERSON HOZUBIN

By:   /s/Mark Wilkerson
1000/788/plead/Dec Act/Reply-Mo to Bifurcate.2