Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. )<br>_____) | Case No. A04-0043 CV (TMB) |

**REPLY TO HERRON'S OPPOSITION TO MOTION FOR**
**SUMMARY JUDGMENT DISMISSING KENICK'S NIED CLAIM**

Herron argues that this court should not entertain Allstate's motion because Kenick is not a party and because "the only damages issue is the reasonableness of the confessed judgment."[1] Herron also argues that reasonable minds could differ as to the value of Kenick's NIED claim.

Central to Herron's argument that Allstate committed a total breach of the insurance contract (prior to his own breach of contract) is his contention that Allstate failed accurately

---

[1] Herron's Opposition at p. 7.

to evaluate the value and/or viability of Kenick's NIED claim. Plainly, therefore, the issues of the validity and value of the NIED claim are properly before this court. Herron concedes as much in his opposition and he expressly stipulated to it at Docket 113. Also, as more fully discussed in Allstate's Reply to Herron's Opposition to Motion for Summary Judgment Applying Damages Cap, Kenick assigned duties to Herron to litigate these issues with Allstate and she voluntarily chose not to become a party to this action. Furthermore, she is represented by her own counsel in all aspects of this action (albeit without the openness provided by a formal appearance of counsel). There is therefore no procedural or logical impediment to this court's consideration of Allstate's motion for summary judgment regarding Kenick's NIED claim.

Allstate seeks an order confirming that Kenick's NIED claim is not cognizable or viable as a matter of law. Herron concedes that a NIED claim is only available to Kenick if she suffered severe shock upon rushing to the hospital and observing injury to her daughter.[2] Allstate posits that the undisputed evidence demonstrates that Kenick did not qualify for a NIED claim as a matter of law. She was not close enough in time, nor in

---

[2] Herron's Opposition to Motion for Summary Judgment Dismissing Kenick's NIED Claim at 7, ¶C.

distance, to satisfy the elements of a valid NIED claim. She had time to steel herself. She did not suffer a severe shock.

If, as a matter of law, Kenick cannot satisfy the elements of a NIED claim, Herron's confession for $300,000 is patently unreasonable and therefore unenforceable against Allstate. Allstate therefore respectfully requests that the court enter an order so holding.

DATED this 28th day of July, 2006.

```
                              WILKERSON HOZUBIN
                              Attorneys for Plaintiff


                          By:s/Mark E. Wilkerson
                             Mark E. Wilkerson
                             310 K Street, Suite 405
                             Phone: 907 276-5297
                             Fax: 907 276-5291
                             E-mail: mark@wilkersonlaw.net
                             Attorneys for Plaintiff Allstate
                             AK Bar No. 8310157
```

CERTIFICATE OF SERVICE
I hereby certify that on the
28th day of July, 2006, a true and correct
copy of the foregoing document was
electronically served on the
following counsel/parties of record:

Mark A. Sandberg, Esq.
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501

WILKERSON HOZUBIN

By:     /s/Mark Wilkerson
1000/788/plead/Dec Act/Reply-MSJ Kenick Claim.2