Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar No. 8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>               Plaintiffs, )<br>   vs. )<br>CHARLES HERRON, )<br>           Defendant. )<br>_____ )| Case No. A04-0043 CV (TMB) |

**ALLSTATE'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO ESTABLISH LAW OF THE CASE**

**Introduction**

Lacking evidence to support a claim of bad faith claim handling with respect to the third-party claims asserted against Herron, Herron asks this court to permit him to introduce whatever evidence he can muster (via his expert witness, Bob Wainscott) regarding alleged bad faith claim handling of entirely separate and unrelated first-party claims for insurance benefits by Trailov.  Allstate's motion to preclude the introduction of such evidence should be granted because the evidence is irrelevant to the claims properly before this court,

because the introduction of such evidence will unduly prejudice Allstate, and because the introduction of evidence pertaining to unrelated first-party claims will likely lead to confusion and protracted proceedings, thereby frustrating the pursuit of truth with respect to the actual claims to be adjudicated in this proceeding.

Instead of presenting an argument in opposition to Allstate's motion, Herron simply relies on 18 lines from his expert's 20-page, single-spaced report.  First, Herron's expert erroneously argues that, because Allstate had a duty to collect and evaluate Trailov's medical records in connection with its evaluation of Trailov's third-party claim against Herron, the manner in which Allstate supposedly mishandled or mis-adjusted Trailov's entirely separate first-party medical payments claim is relevant.  Next, Herron's expert erroneously argues that Allstate increased the value of Kenick's NIED claim by failing properly to adjust Trailov's first-party medical payments claim. Both of these arguments ignore the issues properly before this court and contravene common sense.

## I.   ALLSTATE'S ALLEGED DELAY IN COLLECTING TRAILOV'S MEDICAL RECORDS DOES NOT MAKE FIRST-PARTY ISSUES ADMISSIBLE IN THIS THIRD-PARTY CASE

Herron's expert argues that "if [Allstate's first-party adjuster] had obtained a medical authorization and medical bills sooner, Allstate would have had documentation available to more

accurately assess their exposure for the [third-party] bodily injury claim of Ms. Trailov and settle the claim when the policy limits offer was made."[1]

However, and as Herron himself acknowledged in his Statement of Issues, the issue regarding Allstate's collection of Trailov's medical records is whether "Allstate breach[ed] its duty to promptly and adequately investigate the claims **against Herron**."[2]  The timing of Allstate's collection of Trailov's medical records in the third-party claim is relevant because it tends to make Herron's claim that Allstate mishandled the claims against Herron more or less probable.[3]  On the other hand, evidence regarding whether Allstate mishandled Trailov's entirely separate first-party claims **against Allstate (**allegedly by failing to disclose the first-party medical payments coverage or by failing to timely pay those first-party benefits), does not make Herron's claim that Allstate mishandled the claims **against Herron** more or less probable.

For example, if the first-party insurer had been State Farm and the third-party insurer had been Allstate, no one would argue that State Farm's purported delay in adjusting the first-party medical payments claim was relevant to Allstate's duty to

---

[1] Opposition at 2.
[2] Docket 44, ¶6 (emphasis added).
[3] Fed.R.Evid. 401.

promptly and fairly handle the third-party liability case.  The third-party evidence would be limited to what Allstate did, even if it included evidence of a failure to coordinate with State Farm.

The equivalent situation exists here.  Allstate's duties in connection with the third-party claim against Herron are entirely independent of the first-party claim asserted by Trailov and the manner in which Allstate adjusted that independent claim.  The admissible evidence in this case must pertain to Allstate's handling of the third-party claims against Herron -- not what Allstate did or did not do in connection with unrelated claims.  Herron asks this court to allow his attorneys to mix in alleged wrongoing in connection with the first-party claims in order to unfairly prejudice Allstate before the fact finder.

If the third-party adjuster, Kathy Berry, wrongfully failed to coordinate with "med pay" on billing issues, Herron can attempt to introduce evidence to support that argument. However, Herron should not be allowed to muckrake through the med pay adjustment process.

## II.  THERE IS NO CONNECTION BETWEEN ALLSTATE'S ALLEGED MISHANDLING OF TRAILOV'S FIRST-PARTY MEDICAL PAYMENTS CLAIM, KENICK'S THIRD-PARTY NIED CLAIM, AND HERRON'S THIRD-PARTY BAD FAITH CLAIM

Herron's expert next argues, in a purely conclusory fashion, that the alleged negligent handling of Trailov's first-party medical payments claim increased the value of Kenick's third-party NIED claim and adversely impacted the pending liability claims against Herron.  On this point, Herron's expert has the law wrong -- blatantly wrong.

Negligent infliction of emotional distress damages relate to the shock suffered from the sensory observation of a loved one's injury.[4]  Obviously, an alleged failure to timely pay medical bills not yet incurred, much less mailed out, can have nothing whatsoever to do with such shock.  Herron's expert's conclusory assertion is simply (and shockingly) wrong as a matter of law.

Allstate respectfully requests an order limiting Herron to the introduction of evidence that pertains to the investigation, handling and adjustment of the third-party claims against him, and precluding evidence of the investigation, handling or adjustment of Trailov's first-party medical payments claim.

---

[4] State Farm Mut. Auto. Ins. Co. v. Dowdy, 111 P.3d 337, 343 (Alaska 2005); Beck v. State, 837 P.2d 105 (Alaska 1992); Tommy's Elbow Room, Inc. v. Kavorkian, 727 P.2d 1038 (Alaska 1986).

DATED this 28th day of July, 2006, at Anchorage, Alaska.

WILKERSON HOZUBIN
Attorneys for Plaintiff


By: s/Mark E. Wilkerson
Mark E. Wilkerson
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 8310157


CERTIFICATE OF SERVICE
I hereby certify that on
July 28, 2006, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Sandberg, Wuestenfeld & Corey
701 West 8th Avenue, Suite 1100
Anchorage, AK  99501


WILKERSON HOZUBIN

By:    s/Mark E. Wilkerson
1000.788/plead/Dec Action/Reply-Mtn Establish Law.Final