## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

<u>ALLSTATE INS. CO.</u>  v.  <u>CHARLES HERRON</u>

HONORABLE TIMOTHY M. BURGESS

DATE: October 19, 2006                                          CASE NO. <u>3:04-cv-00043-TMB</u>

PROCEEDINGS:   **MINUTE ORDER FROM CHAMBERS**
                               **Re: Motion at Docket No. 122**

      At Docket 122 plaintiff Allstate Ins. Co. has moved to bifurcate the trial of this matter into two parts: First, whether Herron's breach was excused by a prior total breach committed by Allstate and, second, whether the confessed amounts as to both Kenick and Trailov were reasonable. Although suggesting that this Court should not determine whether the confessed amounts are reasonable, defendant Charles Herron supports the motion to bifurcate. Herron's Memorandum in Opposition To:1. Motion to Bifurcate 2. Motion for Summary Judgment Applying Damages Cap; and 3. Motion for Summary Judgment Dismissing Kenick's NIED Claim, Docket 142-1 at 4–5.

      The Court having reviewed the file in this case has determined that bifurcation would be in the interests of justice and judicial efficiency. Accordingly, Plaintiff's Motion to Bifurcate at Docket No. 122 is **GRANTED**.

      IT IS ORDERED THAT the two breach of insurance contract claims — (1) whether Allstate's claim handling breached the contract of insurance; and (2) whether Herron's conduct of confessing judgment breached the contract of insurance — will be tried first. The remaining claim, the reasonableness of the confessed amount, is bifurcated. If, in the first part of the trial, the court finds that Herron's confession/breach was excused by a prior breach by Allstate, then, immediately upon conclusion of the first part, or such later time as the Court may set, the parties will present evidence regarding the reasonableness of the confessed amount.

      IT IS FURTHER ORDERED THAT at the time that the parties file their trial briefs in accordance with D.Ak. LR 39.2, the parties append thereto a brief argument, not to exceed five (5) pages, addressing the issue raised by Herron that this Court should not proceed to determine whether the amount confessed was reasonable.

[MO Mtn Dkt 122.wpd]{Rev. 07/04}