UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| |
|---|
| ALLSTATE INSURANCE COMPANIES,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>CHARLES HERRON,<br><br>　　　　　　Defendant. |

No. 3:04-cv-00043-TMB

ORDER
[Re: Motion at Docket 127]

I.  MOTION PRESENTED

At Docket 127 plaintiff Allstate Insurance Co. ("Allstate") has moved for an order *in limine* establishing that this case is one of insurer third-party bad faith, *i.e.*, assuming defendant Charles Herron's ("Herron") breached the insurance contract by confessing judgment and assigning rights, that breach was justified because Allstate violated its duty to act in Herron's best interests by failing to accept Trailov's and Kenick's third-party liability policy limits demands on or before the deadline.  At Docket 144 Herron has opposed the motion and at Docket 153 Allstate has replied to the opposition.  The Court having reviewed the moving papers and opposition has determined that oral argument would not assist in determining the motion; Allstate's request for oral argument on the motion at Docket 154 is denied.

II.  BACKGROUND/APPLICABLE LAW

The background and facts in this case are extensively set forth in the Order on the cross-motions and are not repeated here.[1]  In its prior Order the Court also established that Alaska law governs the substantive issues in this case.[2]

---

[1] Docket 160.

[2] *Id.*

### III.  ISSUES

In its second amended complaint Allstate alleges two claims: (1) that it is entitled to a declaration that it attempted in good faith to settle the Trailov and Kenick claims; and (2) that in executing the confession of judgment Herron breached the terms of the insurance policy, which breach was not excused by any prior breach by Allstate. Allstate's prays for relief in the alternative; (1) that its obligation to Herron is limited to the policy limits; or (2) Herron's breach voided the policy, excusing Allstate's performance entirely and it owes no obligation to Herron at all.  The parties have identified the factual issues as being three-fold:[3] (1) Whether Allstate's claim handling breached the insurance contract; (2) Whether Herron's conduct breached the insurance contract; and (3) If Herron's conduct did not breach the insurance contract, whether the amount of damages he confessed is reasonable.

"Allstate respectfully requests an order limiting Herron to the introduction of evidence that pertains to the investigation, handling and adjustment of the third-party claims against him, and precluding evidence of the investigation, handling or adjustment of Trailov's first-party medical payments claim."[4]

Allstate argues that any evidence of its alleged failure to properly adjust the first-party medical payment claim is irrelevant to the issue of whether it improperly handled or acted in bad faith in adjusting the third-party claim.  Herron argues that the evidence Allstate negligently handled the first-party claim is relevant to determining whether Allstate properly handled Trailov's third-party claim against Herron.

### IV.  DISCUSSION

It is undisputed that Allstate paid the medical payments claim in full.  Herron argues that Allstate, in processing Trailov's first-party medical payment claim, violated Alaska law as well as its own internal procedures.  Assuming that to be true, the question remains how is that relevant to Herron's third-party claim?  To be admissible,

---

[3] Joint Status Report, Docket 113 at 2.

[4] Allstate's Reply to Defendant's Opposition to Motion to Establish Law of the Case ("Reply"), Docket 153 at 5.

evidence must be relevant.[5] Relevant evidence is that "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[6] However, even relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[7] The manner in which Allstate processed the claim is relevant to a single issue: whether Allstate breached the duties it owed to Herron under the insurance policy.

Allstate on the one side argues that any evidence that it negligently handled the first-party medical payment claim of Trailov is irrelevant to the issue of whether it breached its duty to Herron in processing the third-party liability claim. Allstate concedes that "[t]he timing of Allstate's collection of Trailov's medical records in the third-party claim is relevant because it tends to make Herron's claim that Allstate mishandled the claims against Herron more or less probable."[8] However, Allstate argues "[o]n the other hand, evidence regarding whether Allstate mishandled Trailov's entirely separate first-party claims against Allstate (allegedly by failing to disclose the first-party medical payments coverage or by failing to timely pay those first-party benefits), does not make Herron's claim that Allstate mishandled the claims against Herron more or less probable."[9]

Herron, on the other hand, argues that the fact Allstate did not comply with the requirements imposed by Alaska law in processing the first-party medical payment claim impacted Allstate's processing of the third-party liability claim against Herron. More specifically, that had Allstate processed the first-party claim properly it "would

---

[5] FED. R. EVID. 402 ("Evidence which is not relevant is not admissible.").

[6] FED. R. EVID. 401.

[7] FED. R. EVID. 403.

[8] Reply, Docket 153 at 3.

[9] *Id.*

have the medical information necessary to evaluate the liability claim and been more able to accurately assess the magnitude of Herron's exposure if Allstate had just done its job and processed Trailov's claim for medical payment benefits, instead of ignoring it."[10] Herron offers the following from the opinion of his expert, Robert Wainscott, to support his argument.[11]

> By withholding the funds, Mr. Millar allowed Ms. Kenick to accrue liens, endure harassment from creditors, and become emotionally distraught over the inability to pay the medical bills which had accumulated. The negligence in the handling of the Medical Payments claim, including the failure to disclose the coverage and pay the bills within a reasonable time frame, increased the value of the NIED claim being brought by Kenick.
>
> Mr. Millar's negligence and intentional failure to act led to the mishandling of the medical payment claim. The failure of the supervisory staff to note and correct the condition compounded Mr. Millar's negligence, adversely affecting the pending liability claim against Mr. Herron."

The Court is somewhat perplexed by the position taken by Herron. Assuming, as the court must in deciding the motion at bar, that Allstate negligently failed to disclose the existence of the medical payment provision and delayed payment of the first-party claim, how this logically tends to establish that Allstate mishandled the third-party claim, the "opinion" of Herron's expert notwithstanding, is not apparent. The Court agrees with Allstate that the evidence of the manner in which it obtained the information necessary to properly evaluate the third-party liability claim against Herron is relevant and admissible. That is, the steps Allstate took to obtain the information and the timing of those steps is clearly relevant to a determination of whether Allstate properly processed the third-party claim. However, the Court also agrees that whether that conduct *also* violated Allstate's obligation under the policy with respect to the first-party medical payment claim is not relevant to any issue in this case. Moreover, to the extent that the evidence may be relevant, its probative value is outweighed by its prejudicial effect and danger of confusing the issues.

---

[10] Opposition to Motion to Establish Law of the Case ("Opposition"), Docket 144-1 at 2–3.

[11] *Id.*, Docket 144-1 at 2.

The evidence in this case, including the opinion of Herron's expert, establishes that the outcome will be determined in the first instance by the resolution of a single issue: Did Allstate breach its obligation to Herron when it failed to make a policy limits offer to Trailov on May 16, 2003. If it did, the Court need not reach the issue of whether the amount of the judgment to which Herron consented was reasonable.

## V.  CONCLUSION.

Based on the foregoing, plaintiff's Motion to Establish Law of the Case at Docket No. 127 is **GRANTED** in part. Any evidence or argument solely directed at or establishing that Allstate Insurance Co. negligently processed the first-party medical payments claim under the policy will be excluded.

Dated: October 19, 2006

s/ Timothy M. Burgess<br>
TIMOTHY M. BURGESS<br>
United States District Judge