Rebecca J. Hozubin
Wilkerson Hozubin
310 K Street, Suite 405
Anchorage, Alaska 99501
Phone: 907-276-5297
Fax:   907-276-5291
Email: rebecca@wilkersonlaw.net

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>                               )<br>     Plaintiffs,              )<br>                               )<br>     v.                        )<br>                               )<br> CHARLES HERRON,               )<br>                               )<br>     Defendant.                )<br>_____) | No. 3:04-cv-00043-TMB |

**MEMORANDUM IN SUPPORT OF**
**<u>ALLSTATE'S MOTION FOR PARTIAL RECONSIDERATION</u>**

In this court's Order dated October 19, 2006, regarding the motions at Dockets 91, 116, and 124, the court discussed the deposition testimony of Karen Petersen and characterized that testimony as indicating "that as of May 16 Allstate had sufficient information that she opined that Trailov would receive the $100,000 liability coverage and likely the $100,000 UIM as well, and authorized a settlement equal to the liability coverage plus Rule 82 attorney's fees."  In connection with this finding, the court also quoted a portion of the deposition testimony of Karen Petersen.  <u>See</u> Order, n.70 at pages 17-18.

However, the testimony of Karen Petersen at her deposition, together with the records constituting her diary notes and the diary notes of Allstate adjuster Lori Barra (<u>see</u> Exhibits A, B and C, attached), make it clear that Karen Petersen first reviewed the file in question on <u>May 29, 2003</u>, not May 16, 2003. In fact, had the quoted portion of Ms. Petersen's deposition in n.70 included her responses to the next two questions, it would clearly appear that Ms. Petersen's analysis of the claim file was performed, and her opinions formed, on May 29, 2003. The court's footnote quotes Ms. Petersen's testimony starting at line 22 of page 82 up through line 19 of page 83, then appears to skip her answer to the question appearing at lines 16 through 19, and ends with counsel's statement "Yes" at line 23. However, the very next question and answer are as follows:

> Q. Okay, would that be something that happened on May 29th, 2003?
>
> A. Probably May 29th or May 28th. I can't tell you what day I would have reviewed the file. But it was probably right in that time frame.

Ms. Petersen's diary notes separately confirm that it was on May 29, 2003 that she reviewed the claim file information pertaining to the significant objective injury to Angelina Trailov, her medical specials, and the Bethel venue, and concluded that Ms. Trailov "would probably receive the 100k liab

Memorandum in Support of
Allstate's Motion for Partial Reconsideration
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 2 of 4

limits in Bethel venue, likely the 100k SU limits also."  See Exhibit B, page 1.

Furthermore, Ms. Petersen's review at the end of May 2003 was in compliance with Allstate's policies and procedures, since the acting adjuster is required to have her "authority request" reviewed by one, if not two, supervisors.  Here, two supervisors reviewed the "authority request" and only the second supervisor, Ms. Petersen, determined that the case had a value exceeding $100K.  In other words, the procedures were followed and they worked.  Not until the 29th of May, 2003, did anyone at Allstate conclude that the claim could be worth more than $100K.

In its Order, the court has set forth, at page 19, the following conclusion:

> 2. On or before May 16, 2003, Allstate possessed sufficient information that it could have determined that Herron was liable to Angelina Trailov and that Trailov's damages easily exceeded the liability policy limits of $100,000.00.

However, as indicated in Ms. Petersen's deposition testimony and as confirmed in the attached diary notes, Allstate respectfully believes that the court has overlooked or misconceived a material fact regarding the date on which Allstate possessed sufficient information that it could have determined that Herron was liable to Angelina Trailov and that Trailov's damages easily exceeded the liability policy limits of $100,000.00.  Allstate therefore respectfully requests that the court grant reconsideration and that the court modify its Order

Memorandum in Support of
Allstate's Motion for Partial Reconsideration
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 3 of 4

so that the date "May 16, 2003" appearing at both pages 17 and 18 of the Order is corrected to "May 29, 2003," and that at page 19, the Order is modified as follows:

> 2. On or before May 29, 2003, Allstate possessed sufficient information that it could have determined that Herron was liable to Angelina Trailov and that Trailov's damages easily exceeded the liability policy limits of $100,000.00.

DATED at Anchorage, Alaska, this 24TH day of October, 2006.

>                         WILKERSON HOZUBIN
>                         Attorneys for Plaintiff
>
>
>                         By: s/Rebecca J. Hozubin
>                             Wilkerson Hozubin
>                             310 K Street, Suite 405
>                             Anchorage, Alaska 99501
>                             Phone: 907-276-5297
>                             Fax:   907-276-5291
>                             Email: rebecca@wilkersonlaw.net
>                             Alaska Bar No. 9806016

CERTIFICATE OF SERVICE
I hereby certify that on the
24TH day of October, 2006, a copy
of the foregoing document was served
electronically on:

Gary A. Zipkin
Mark A. Sandberg


WILKERSON HOZUBIN


By: s/Rebecca J. Hozubin
1000/788/pleadings/Mtn to Reconsider- Memo


Memorandum in Support of
Allstate's Motion for Partial Reconsideration
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 4 of 4