Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES HERRON, | ) |
| | ) |
| Defendant. | ) |
| | ) Case No. A04-0043 CV (TMB) |

**MEMORANDUM OF LAW IN SUPPORT OF ALLSTATE'S MOTION TO COMPEL
PRODUCTION OF DEFENDANT'S EXPERT'S BILLING INVOICES**

**Introduction**

In order to determine the extent to which defendant's testifying expert, Robert Wainscott, relied upon assertions of defendant's counsel in formulating his opinions, plaintiff Allstate requested production of Wainscott's billing invoices. Wainscott eventually provided the billings to counsel for

Herron; but counsel refuses to produce the invoices, claiming attorney work product privilege.[1]

Attorney work product privilege does not protect an expert's billing records; indeed, if the expert's records reflect "the thought processes of counsel," that information would go to the heart of the expert's independence and credibility.

**Facts**

Defendant listed Robert Wainscott as a testifying expert witness.[2] Plaintiff Allstate served defendant with *Notice of Taking Deposition of Robert Wainscott*. Deponent was requested to bring with him to deposition:

> 8. All time records concerning the deponent's work on this matter, including any documents containing descriptions of work performed by the deponent on this case.
>
> 9. Any bills, invoices or the like concerning the deponent's work on this matter.[3]

---

[1] Allstate filed its Further Report Regarding Readiness for Trial on March 5, 2007, in which it estimated that this case would be certified ready for trial by March 20, 2007. Docket 169. Allstate hoped to have this discovery in hand and to have completed Mr. Wainscott's deposition by now, but the necessity of this motion to compel obviously has delayed matters. Once the Court rules on the motion, Allstate should be able to complete the deposition and certify this case ready for trial within 15 days.
[2] Defendant's *Final Witness List*, Docket 119 at 4.
[3] Exhibit A, p. 4.

Herron's counsel refused to provide Wainscott's detailed billings, asserting work product privilege.[4]

## Argument

In 1993, Federal Rule of Civil Procedure 26(a)(2)(B) was amended to provide that persons retained to provide expert testimony be required to produce detailed reports containing, among other things, "a complete statement of all opinions to be expressed and the basis and reasons therefore" and "the data or other information considered by the witness in forming the opinions." The Federal Rules Advisory Committee specifically noted that:

> **Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.**[5]

Courts have recognized the drafters' intent to provide a bright-line rule requiring disclosure of information provided by counsel to a testifying expert. For example, in *Karn*,[6] defendant sought production of a chronology of plaintiff's medical treatment prepared by plaintiff's counsel for plaintiff's

---

[4] Exhibit B, paragraph 2.
[5] *Advisory Committee Notes, Federal Civil Judicial Procedure and Rules*, 2006 Revised Edition, p. 152 (emphasis added).
[6] *Karn v. Ingersoll-RAND Co.*, 168 F.R.D. 633, 638 (N.D. Indiana 1996).

vocational rehabilitation expert and production of two letters summarizing depositions from plaintiff's counsel to plaintiff's liability expert. Plaintiff objected on grounds of attorney work product privilege, and argued that the experts had not relied on the materials in formulating their opinions.[7]

In granting the defendant's motion to compel, the court engaged in a thoughtful analysis of cases dealing with the issue pre-1993 amendment to Federal Civil Rule 26(a)(2). The court specifically held that:

> against this historical backdrop, it becomes plainly evident that the text of the new Rule, supported by its accompanying commentary, was designed to mandate full disclosure of those materials reviewed by an expert witness, regardless of whether they constitute opinion work product.[8]

The court further noted the policy reasons underlying the "bright-line" rule utilized in the 1993 Amendment. The court noted that: 1) effective cross examination of expert witnesses is enhanced; 2) the policies underlying the work product doctrine are not violated; and 3) litigation certainty is achieved because "counsel will know exactly what documents will be subject to disclosure and can act accordingly."[9]

Regarding the first policy basis, effective cross examination of expert witnesses, the court noted the importance

---

[7] *Id.* at 634.
[8] *Id.* at 637.
[9] *Id.* at 639.

of expert witnesses in litigation, noting that "expert witnesses testify regarding subjects outside the common knowledge of the finder of fact, so the jury cannot rely on the experience and common sense of its members to ferret out distorted evidence."[10] The court noted that full, effective cross examination "is critical to the integrity of the truth-finding process," and "without pretrial access to attorney-expert communications, opposing counsel may not be able to effectively reveal the influence that counsel has achieved over the expert's testimony."[11]

As for the argument that the bright-line rule infringes on the policies underlying attorney work product privilege, the court noted that the privilege "is intended to allow counsel unfettered latitude to develop new legal theories or to conduct a factual investigation, but without knowing beforehand if the result will be favorable to the client's case."[12] On the other hand:

> providing work product to an expert witness does not further this policy in that it generally does not result in counsel developing new legal theories or in enhancing the conducting of a factual investigation. Rather, the work product either informs the expert as to what counsel believes are relevant facts, or

---

[10] *Id.*
[11] *Id.* at 639-40.
[12] *Id.* at 640.

> seeks to influence him to render a favorable opinion.[13]

Thus, the court concluded that requiring disclosure of an attorney's communications to a testifying expert does not undermine the purpose of attorney work product doctrine.[14]

Other federal district courts have followed suit and held that when an attorney communicates otherwise protected attorney work product to an expert retained for purposes of giving trial testimony, that information is discoverable.[15]

In *Elm Grove*, the Fourth Circuit Court of Appeals analyzed Rule 26(a)(2)(B) in light of the 1993 amendments and reversed two administrative bodies' denials of motions to compel production of draft reports and communications between plaintiffs' lawyers and their physician experts.[16] In response to the argument that defendant was seeking disclosure of attorney work product in order to benefit from it, the court stated:

> Rather than seeking to benefit from its opposing counsel's work product, Elm Grove

---

[13] *Id.*
[14] *Id.*
[15] *TV-3 Inc. v. Royal Ins. Co. of Am.*, 194 F.R.D. 585, 589 (S.D. Miss. 2000); *Musselman v. Phillips*, 176 F.R.D. 194, 199 (D. Md. 1997); *B.C.F. Oil Ref., Inc. v. Consolidated Edison Co.*, 171 F.R.D. 57, 66 (S.D. N.Y. 1997); *Barna v. United States*, 1997 WL 417847 (N.D. Ill. 1997); *Baxter Diagnostics v. AVL Scientific Corp.*, 1993 WL 360674 (C.D. Ca.).
[16] *Elm Grove*, ---F.3d---, 2007 WL 678248 at 17-18. The court analyzed the Rule in an administrative hearing context because the comparable administrative rule was analogous to Rule 26.

> was seeking these materials for an entirely legitimate purpose—to fully explore the trustworthiness and reliability of Drs. Lenkey and Cohen [plaintiff's testifying experts]."[17]

The *Elm Grove* court held that:

> in sum, draft expert reports prepared by counsel and provided to testifying experts, and attorney-expert communications that explain the lawyer's concept of the underlying facts, or his view of the opinions expected from such experts, are not entitled to protection under the work product doctrine.[18]

In this case, Allstate seeks production of billing invoices prepared by Herron's testifying expert witness. If the records contain no thought processes of counsel, there obviously is no privilege. If the requested materials do contain thought processes of counsel (as asserted) the work product privilege does not apply. Information provided to the expert, whether verbally or by written document, plainly is discoverable. Such claimed work product "either informs the expert as to what counsel believes are relevant facts, or seeks to influence him to render a favorable opinion." As such, this information goes to the core of the expert's independence and credibility -- "an entirely legitimate purpose – to fully explore the trustworthiness and reliability of [the expert]."

---

[17] *Id.* at 19.
[18] *Id.*

**Conclusion**

Federal Rule 26(a)(2)(B), the commentary thereto, and the cases discussing the issue, make it clear that information supplied to a party's testifying expert by the party's counsel is discoverable, even if the information could be labeled attorney work product.  To employ the work product doctrine to preclude disclosure of such information would undermine cross examination of the expert and, thus, the truth-finding process. Allstate respectfully requests that the Court compel Herron to produce the requested materials.   Alternatively, Allstate requests that the Court conduct an *in camera* review to determine the validity of counsel's work product claim.

DATED this 21st day of March, 2007.

WILKERSON HOZUBIN
Attorneys for Plaintiff

By: s/Mark E. Wilkerson
Mark E. Wilkerson
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 8310157

**CERTIFICATE OF SERVICE**

I hereby certify that on
March 21, 2007, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Motion to Compel Expert Billings.Memo