Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CHARLES HERRON, ) <br> ) <br> Defendant. ) <br> _____) | <br><br><br><br><br><br><br><br>Case No. A04-0043 CV (TMB) |

**OPPOSITION TO MOTION TO COMPEL**

1. Introduction

Defendant's expert, Robert Wainscott, has sat for a seven-hour deposition.  Mr. Wainscott has produced his entire file concerning his opinions and the bases for those opinions.  Mr. Wainscott's billing rates and the gross amount billed for services have also been disclosed, per the requirements of Rule 26.  The only question presented by this motion is whether the

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Opposition to Motion to Compel
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 1 of 6

actual statements for services rendered in the case at the request of the defense must be produced.

2.  **1993 Amendments to Rule 26**

As Allstate's motion demonstrates, there is a dearth of reported decisions compelling production of an expert's billing statements. The reported decisions cited by Allstate generally hold that documents provided by counsel to an expert are discoverable and do not enjoy work-product protection.

For example, that is the holding of <u>Karn v. Ingersoll-Rand Co.</u>, 168 F.R.D. 633 (N.D. Ind. 1996), the primary case upon which Allstate relies. That is not an issue here, because Wainscott has produced all documents provided to him by the defense.

The question of whether opinion work product (as opposed to facts or documents disclosed to the expert) is protected despite being shared with an expert was discussed in <u>Haworth Inc. v. Herman Miller Inc.</u>, 162 F.R.D. 289, 294-295 (W.D. Mich. 1995), where, discussing the 1993 amendments to Rule 26, court said:

> "A major purpose of the revision is to accelerate the exchange of information about the case and to eliminate the paper work involved in requesting such information." Advisory Committee On Rules, 1993 Amendment. Because the purpose of the amendment was to accelerate and simplify discovery, this Court believes

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

that the magistrate judge misunderstood a statement in the Advisory Committee Notes. The notes state that:

> The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions. Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.
>
> The magistrate judge interpreted this language to mean that core attorney work product was no longer an exception to discovery from an expert witness.
>
> *295 This Court reads the words as meaning only that all factual information considered by the expert must be disclosed in the report. [FN5] See All West Pet Supply v. Hill's Pet Prod., 152 F.R.D. 634, 639 n. 9 (D.Kan.1993). The whole of the Committee Notes make clear that attorneys should no longer be able to make work-product privilege arguments regarding materials containing facts or assemblages of facts because they are obligated to disclose all factual information on their own in a report rather than on motion of opposing counsel. Any failure to so disclose requires that the information may not be used at trial. See Fed.R.Civ.P. 37(c).

Actual reported cases dealing with expert billing statements appear to be rare, perhaps because they are so seldom demanded in discovery. The text of Rule 26(a) only seems to contemplate that an expert will disclose "the compensation being paid," although the Advisory Committee Notes for the 1993 amendments do observe that the enumeration of items in Rule

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Opposition to Motion to Compel
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 3 of 6

26(a) does not prevent a court from requiring disclosure of additional information.

McAdoo v. Ogden, 573 So.2d 1084 (Fla. App. 1991) is among the rare reported decisions[1] dealing with discoverability of billing statements sent from experts to counsel. McAdoo ordered the statements produced.

McAdoo was disapproved in Elkins v. Syken, 672 So.2d 517, 521-522 (Fla. 1996). Elkins adopted the following criteria for discovery of an expert's billing file:[2]

>   1. The medical expert may be deposed either orally or by written deposition.
>
>   2. The expert may be asked as to the pending case, what he or she has been hired to do and what the compensation is to be.
>
>   3. The expert may be asked what expert work he or she generally does. Is the work performed for the plaintiffs, defendants, or some percentage of each?
>
>   4. The expert may be asked to give an approximation of the portion of their professional time or work devoted to service as an expert. This can be a fair estimate of some reasonable and truthful component of that work, such as hours expended, or

---

[1] McAdoo is the only decision known to defendant appearing in any state or federal reporter dealing with this issue, although counsel cannot certify it is the only reported decision that exists. Allstate cites only one case dealing with billing statements, Baxter Diagnostics v AVL Scientific Corp., 1993 WL 360674 (C.D. Cal 1993). As an unpublished one page decision that offers no analysis whatsoever, Baxter necessarily has little or no precedential value.

[2] The context in Elkins involved a medical expert. But the holding is not limited to that context.

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Opposition to Motion to Compel
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 4 of 6

percentage of income earned from that source, or the approximate number of IME's that he or she performs in one year. The expert need not answer how much money he or she earns as an expert or how much the expert's total annual income is.

5. The expert may be required to identify specifically each case in which he or she has actually testified, whether by deposition or at trial, going back a reasonable period of time, which is normally three years. A longer period of time may be inquired into under some circumstances.

6. The production of the expert's business records, files, and 1099's may be ordered produced only upon the most unusual or compelling circumstance.

7. The patient's privacy must be observed.

8. An expert may not be compelled to compile or produce nonexistent documents.

Elkins was cited favorably by the Alaska Supreme Court in Marron v. Stromstad, 123 P.3d 992 (Alaska 2005). In Marron, the court refused to compel production of an expert's tax return so opposing counsel could inquire concerning bias.

## CONCLUSION

Allstate has cited no reported cases holding that expert billing statements are discoverable. Allstate has made no showing that it needs Wainscott's billing statements. The motion should be denied.

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Opposition to Motion to Compel
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 5 of 6

DATED this 5th day of April 2007, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax ( ) hand this 5th day of April 2007 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

s/ Mark A. Sandberg

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

Opposition to Motion to Compel
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 6 of 6