Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CHARLES HERRON, ) <br> ) <br> Defendant. ) <br>_____ ) | Case No. A04-0043 CV (TMB) |

**REPLY TO OPPOSITION TO MOTION TO COMPEL**

**Introduction**

Allstate seeks Robert Wainscott's billing records to determine the extent to which he relied upon assertions of defendant's counsel in formulating his opinions, not to harass the expert.[1]  Rule 26 mandates disclosure of opinions and documents provided to a testifying expert witness for exactly that purpose.  There is no justification for withholding Mr. Wainscott's billing records.  The records should be produced.

---

[1] Wainscott's billing records have already been provided to Defendant's counsel.  Thus, it cannot be argued that it is harassing or burdensome for Defendant to produce those records.

**Argument**

Rule 26(a)(2)(B) requires testifying experts to produce "the data or **other information** considered by the witness in forming the opinions."[2] The plain language of the rule contemplates disclosure of more than just the documents provided to the testifying expert.

Defendant contends that the cases Allstate cites in its motion stand for the proposition that "documents provided by counsel to an expert are discoverable and do not enjoy work-product protection."[3] Defendant reads the cases too narrowly. While some of the cases cited dealt specifically with the production of documents and others with the production of counsel's statements to the expert,[4] the cases all stand for the proposition that disclosure of opinion and factual work product provided to a testifying expert is required by the 1993 amendments to Rule 26 in order to facilitate full and fair cross examination of the expert.

Courts addressing the specific issue of disclosing the substance of the attorney's conversations with the expert witness have held that the rule requires disclosure of those

---

[2] Emphasis added.
[3] *Opposition* at 2.
[4] *Barna v. U.S.*, 1997 WL 417847 (N.D. Illinois)(court compels defense experts to answer questions concerning the substance of discussions between the expert and defense counsel); *Baxter Diagnostics v. AVL Scientific Corp.*, 1993 WL 360674 (C.D. Ca.).

conversations.[5]  The underlying rationale is the same as that for producing written materials provided to the expert: "in order to guarantee effective cross-examination, and to guarantee that the jury has all information relevant to assessing the credibility of experts, lawyers should not be allowed to influence or manipulate the experts' opinions then hide behind work product."[6]  Lawyers should not be allowed to influence or manipulate an expert's opinion either verbally or in writing.  Common sense dictates that a lawyer who is manipulating an expert will not do so in writing.  Thus, the rationale for disclosing information provided to the expert is even more compelling when information is provided to the expert in non-documentary form.

Plaintiff's reliance on *Haworth v. Herman Miller Inc.*[7] for the distinction between producing factual work product and opinion work product is misplaced.  *Haworth* states the minority position and has been extensively criticized for overemphasizing attorney work-product privilege and for disregarding the clear

---

[5] *Barna v. U.S.*, 1997 WL 417847 (N.D. Illinois)(court compels defense experts to answer questions concerning the substance of discussions between the expert and defense counsel); *Baxter Diagnostics v. AVL Scientific Corp.*, 1993 WL 360674 (C.D. Ca.).
[6] *TV-3, Inc. v. Royal Ins. Co. of America*, 194 F.R.D. 585, 588 (S.D. Miss. 2000).
[7] *Haworth Inc. v. Herman Miller Inc.*, 162 F.R.D. 289 (W.D. Mich. 1995).

3

language and commentary to the 1993 amendments to Rule 26.[8]  As one court stated: "The *Haworth* view, however, does not place sufficient emphasis upon the critical need for full and effective cross-examination of expert witnesses—-a vitally important task in the usual, and increasingly frequent, 'battle of the experts'"[9]  As another court stated: "The *Haworth* court's interpretation of the Advisory Committee notes renders the 1993 amendments to Rule 26(a)(2) superfluous.  In cases decided prior to the 1993 amendments, courts routinely held that facts and factual data contained in work product were discoverable."[10]  The minority view in *Haworth* does not provide compelling authority for disregarding the clear directive of the 1993 amendments to Rule 26 and the rule's mandate to produce "the data **or other information**" provided to the testifying expert.

---

[8] Rejected by *TV-3 Inc. v. Royal Ins. Co. of America*, 193 F.R.D. 490, 491(S.D. Miss. 2000); disagreed with by *In re McRae*, 295 B.R. 676, 678 (Bkrtcy N.D. Fla. 2003); *Manufacturing Admin. And Management Systems, Inc. v. ICT Group, Inc.*, 212 F.R.D. 110, 114-19 (E.D.N.Y. 2002); *Weil v. Long Island Sav. Bank FSB*, 206 F.R.D. 38, 41 (E.D.N.Y. 2001); *Suskind v. Home Depot Corp.*, 2001 WL 92183 , 4-6 (D.Mass.); declined to follow by *Gall ex rel. Gall v. Jamison*, 44 P.3d 233, 238-41 (Colo. 2002); *Simon Property Group L.P. v. my Simon, Inc.*, 194 F.R.D. 644, 646-47 (S.D.Ind.2000); *Musselman v. Phillips*, 176 F.R.D. 194, 198 (D.Md. 1997); *Emergency Care Dynamics Ltd. V. Superior Court IN and For County of Maricopa*, 932 P.2d 297, 300 (Ariz. App. 1997).
[9] *Karn v. Ingersoll-Rand Co.*, 168 F.R.D. 633, 640 (N.D. Indiana 1996).
[10] *Barna*, 1997 WL 417847 at 2.

4

Defendant's reliance on *Elkins v. Syken*[11] is likewise misplaced. The issue in *Elkins* was whether expert witnesses should be required to produce personal tax and business records for the mere sake of establishing the expert's bias.[12] The *Elkins* court held that "our decision today will provide protection to experts for both plaintiffs and defendant by preventing the unnecessary and overly burdensome disclosure of personal financial information…"[13] That is not the issue in this case. Allstate does not seek Wainscott's personal tax information to show bias. Rather, Allstate seeks production of his billing records on this particular case to determine the extent to which Wainscott relied upon assertions of Defendant's counsel in forming his opinions in this case. *Elkins* is not on point.

## Conclusion

Federal Rule 26(a)(2)(B) requires disclosure of information supplied to a party's testifying expert by the party's counsel, without a showing of need, even if the information provided can be labeled opinion work product. Such disclosure promotes full and fair cross examination of the expert and, thus, the truth-finding process. Defendant's counsel should not be permitted to hide behind the privilege in order to subvert that process. The

---

[11] *Elkins v. Syken*, 672 So.2d 517 (Fl. 1996).
[12] *Id.* at 518.
[13] *Id.* at 519.

5

fact-finder is entitled to know the extent to which Defendant's testifying expert relied upon Defendant's counsel in forming his opinions.  Allstate respectfully requests that the Court compel production of Wainscott's billing records.

DATED this 10th day of April, 2007.

WILKERSON HOZUBIN
Attorneys for Plaintiff

By: s/Mark E. Wilkerson
Mark E. Wilkerson
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 8310157

**CERTIFICATE OF SERVICE**

I hereby certify that on
April 10, 2007, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Motion to Compel Expert Billings.Reply