**MINUTES OF THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

*ALLSTATE INSURANCE COS. V. HERRON*
Case No. 3:04-cv-0043 TMB

By:             THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

      At Docket No. 171, Plaintiff moves to compel production of Defendant's expert's billing invoices, which Defendant declined to produce on the ground that they are protected as attorney work product. Defendant listed the expert as a testifying witness. Federal Rule of Civil Procedure 26(a)(2)(A) provides that export reports must "contain a complete statement of...the data or other information considered by the witness in forming the opinions." The Advisory Committee Notes to the 1993 Amendments to Rule 26 expressly state that "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions--whether or not ultimately relied upon by the expert--are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."[1]

      Plaintiff seeks the billing invoices in order to determine the extent to which Defendant's expert relied upon the assertions of Defendant's counsel in formulating his opinions. Since these records could reveal "other information considered by the witness in forming the opinions" and the billing records are not protected from disclosure under the work-product doctrine, Plaintiff's motion to compel is granted.[2]

---

    [1]    FED. R. CIV. P. 26 advisory committee's notes. *See also*, 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2031.1 (2ND ed. 1994)(Discussing the broad disclosure requirements for testifying experts under Rule 26, Wright and Miller states that: "It appears that counsel should now expect that any written or tangible data provided to testifying experts will have to be disclosed. Perhaps some such material might be exempted on the ground it was not 'considered by the witness in forming the opinions,' but such a claim would ordinarily be viewed skeptically where counsel provides a retained expert with materials in the evident expectation that they would be pertinent to the case.").

    [2]    *Baxter Diagnostics, Inc. v. AVL Scientific Corp.*, 1993 WL 360674 (C.D.Cal. Aug. 6, 1993).

**IT IS HEREBY ORDERED:**

Plaintiff's Motion to Compel at Docket No. 171 is **GRANTED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: May 10, 2007