Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>  )<br>          Plaintiffs,   )<br>  )<br>   vs.                    )<br>  )<br>CHARLES HERRON,          )<br>  )<br>          Defendant.    )<br>_____) | Case No. A04-0043 CV (TMB) |

**MOTION AND MEMORANDUM FOR ATTORNEY FEES**

In the course of discovery, Plaintiff Allstate requested defendant's expert Robert Wainscott's billing records.[1] Defendant refused to produce the records, citing attorney work product privilege.[2] Allstate again requested the records, advising Defendant that his position was not supported by the rule or the law.[3] In spite of the language in Civil Rule 26(a)(2)(B) and the commentary thereto clearly establishing the inapplicability of the work product privilege, defendant

---

[1] Exh. A.
[2] Exh. B.
[3] Exh. C.

continued to rely on the privilege and refuse to produce the requested records.[4]

Allstate filed a *Motion to Compel Production of Defendant's Expert's Billing Invoices*, citing the 1993 amendments to Civil Rule 26(a)(2)(B) and the commentary thereto, which make it clear that Defendant's reliance on attorney work product privilege to withhold the requested records was unjustified.[5]  Even in the face of the clear authority set forth in Plaintiff's motion, the Defendant still refused to produce the records.  Defendant filed an opposition to the motion and Allstate filed a reply.[6]  This Court granted Allstate's motion on May 11, 2007.[7]

The court shall impose an appropriate sanction, which may include reasonable attorney's fees, upon a party or the attorney who, without substantial justification, certifies that a discovery objection is consistent with the rules and existing law or a good faith extension thereof when it is not.[8]

Civil Rule 26(a)(2)(B), and the commentary thereto, made it abundantly clear that attorney work product did not protect Defendant's testifying expert's billing records from disclosure:

> **Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts**

---

[4] Exh. D.
[5] Docket 171.
[6] Dockets 174 and 175.
[7] Docket 176.
[8] Civil Rule 26(g)(2)(A) & (B).

> **to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.**[9]

Yet, even after being advised of the Rule and the commentary, Defendant refused to produce the requested records.

Given the clarity of the Rule and the commentary, it is clear that Defendant lacked reasonable basis in the law to withhold the records.  Defendant should be required to pay the reasonable attorney fees incurred as a result of his unjustified refusal to produce the records, including reasonable attorney fees incurred from filing the *Motion to Compel Production of Defendant's Expert's Billing Invoices* and the *Reply to Opposition to Motion to Compel.*  Those fees total $4,754.00.

This Motion and Memorandum is supported by the attached Affidavit, billing record, and proposed Order.

DATED this 24th day of May, 2007.

> WILKERSON HOZUBIN
> Attorneys for Plaintiff
>
> By: s/Mark E. Wilkerson
>     Mark E. Wilkerson
>     310 K Street, Suite 405
>     Phone: 907 276-5297
>     Fax: 907 276-5291
>     E-mail: mark@wilkersonlaw.net
>     Attorneys for Plaintiff Allstate
>     AK Bar No. 8310157

---

[9] *Advisory Committee Notes, Federal Civil Judicial Procedure and Rules*, 2006 Revised Edition, p. 152 (emphasis added).

**CERTIFICATE OF SERVICE**

I hereby certify that on
May 24, 2007, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By: s/Mark E. Wilkerson
1000.788/plead/Dec Action/Motion to Re-Open Discovery.Memo