Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANIES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES HERRON, | ) | |
| | ) | |
| Defendant. | ) | Case No. A04-0043 CV (TMB) |
| | ) | |

## MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES

This court granted Allstate's Motion compelling Herron to produce expert Robert Wainscott's billing records.    Herron complied.

Now Allstate requests an award of attorney fees.    That motion is not well taken for several reasons:

SANDBERG,
WUESTENFELD
& COREY
701 WEST 8 TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

1.  <u>No Discovery Abuse</u>

Allstate asks for sanctions under Rule 26(g).  The purpose of that rule is to reduce discovery abuse.  Wright, Miller & Marcus, <u>Federal Practice and Procedure</u> §2052 states:

> "The court should use an object of standard to determine whether discovery abuse has occurred...."

All that occurred in this case was a legitimate dispute about whether the billing records were properly producible.

Allstate argues that Herron's position was not in good faith because the Advisory Committee Notes for Rule 26 say that "litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions – whether or not ultimately relied upon by the expert – are privileged or otherwise protected from disclosure when such persons are testifying or being deposed."

Allstate misses the point.  All materials furnished to Mr. Wainscott to be used in forming his opinion were voluntarily produced, but Mr. Wainscott's own billing records are not "materials furnished" to the expert.

There was a legitimate disagreement about whether Robert Wainscott's billing records were discoverable.  Allstate's citation to the Advisory Committee Notes is not helpful.  No

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES
<u>Allstate v. Herron</u>
Case No. A04-0043 CIV (TMB)
Page 2 of 5

discovery abuse occurred.   There is no basis for sanctions under Rule 26(g).

### 2.   No Certification

Rule 26(g) deals with "Signing of Disclosures, Discovery Requests, Responses, and Objections."   An attorney's signature upon some pleading is a threshold requirement for invoking the rule.

Sanctions under Rule 26(g) only apply for signatures on disclosures, discovery request or other discovery papers.   Even when other wrongdoing occurs, it is not subject to sanctions under this rule unless a signature on such a document is involved.   Wright, Miller & Marcus, Federal Practice and Procedure §2052; Lee v. Walters, 172 F.R.D. 421, 433 (D. Ore. 1997).

None of the exhibits attached to the Motion for Attorney Fees is a pleading that falls within the scope of Rule 26(g). None of them are a certification within the meaning of that Rule.   There is no basis for invoking Rule 26(g).

### 3.   Fees Not Reasonable.

Allstate requests fees in the amount of $4,754 for filing a Motion to Compel the expert's billing records.   According to the

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 3 of 5

Affidavit of Mr. Wilkerson, this represents a total of 28.4 hours spent by two lawyers.

When a sanctions award is based upon attorney fees, an essential part of determining the reasonableness of the award is inquiring into the reasonableness of the claimed fees. Recovery should never exceed fees that were reasonably necessary to resist the offending action. Matter of Yagman, 796 F.2d 1165, 1184 - 85 (9th Cir. 1986). The measure to be used is not actual fees but rather those that the court determines to be reasonable. Id.

The deposition of Mr. Wainscott took six hours. Allstate contends that it took three and one-half days worth of lawyer time to file a motion seeking to compel Mr. Wainscott's records.

## CONCLUSION

Neither the Federal Rules nor the facts of this case require imposition of sanctions. All that happened is that the parties had a garden variety discovery dispute. Imposition of sanctions is unnecessary.

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 4 of 5

DATED this 6th day of June 2007, in Anchorage, Alaska.

s/ Mark A. Sandberg_
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and
correct copy of the foregoing
was served electronically this
6th day of June 2007 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501

s/ Mark A. Sandberg_

SANDBERG,
WUESTENFELD
& COREY
'01 WEST 8TH AVENUE
SUITE 1100
ANCHORAGE, AK 99501
(907) 276-6363

MEMORANDUM IN OPPOSITION TO MOTION FOR ATTORNEY FEES
Allstate v. Herron
Case No. A04-0043 CIV (TMB)
Page 5 of 5