Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) | |
| ) | |
| Plaintiffs,  ) | |
| ) | |
| vs.                               ) | |
| ) | |
| CHARLES HERRON,                   ) | |
| ) | |
| Defendant.   ) | |
| _____ )Case No. A04-0043 CV (TMB) | |

**REPLY TO OPPOSITION TO MOTION FOR ATTORNEY FEES**

Defendant's refusal to provide his testifying expert's billing records by relying on attorney work product privilege lacked a sound legal basis in light of the clear language of Rule 26(a)(2)(B) and the commentary thereto. Sanctions are appropriate under Rule 26(g) because the rule applies to signed correspondence regarding discovery matters as well as formal pleadings. Alternatively, attorney fees are appropriate under Civil Rule 37(a)(4). The requested attorney fees are limited to those fees generated by researching and writing the motions necessitated by defendant's conduct and are not excessive.

Defendant contends that his refusal to provide his testifying expert's billing invoices was legitimate because the commentary to Rule 26(a)(2)(B) was not particularly helpful. Defendant overlooks the language of the rule itself which, when read in conjunction with the commentary, make it clear that attorney work product privilege does not protect communications, written or otherwise, between counsel and his testifying expert. Rule 26(a)(2)(B) specifically requires the testifying expert to disclose "the data **or other information** considered by the witness in forming the opinions."  As this court held when granting Allstate's Motion to Compel, "the billing records are not protected from disclosure under the work-product doctrine."[1] There was no legitimate dispute that the rule required defendant to produce his testifying expert's billing records even if, as in fact was the case, the billing records revealed the amount of time the expert spent discussing the case with defense counsel.

More importantly, it should have been clear to defendant from even a cursory review of his expert's billing records that he was required to disclose them.  Allstate's counsel sought the records in order to investigate the expert's bias and the extent to which the expert relied on defendant's counsel in forming his opinions.  Defendant's expert's billing records, when finally

---

[1] *Minutes of the United States District Court*, Docket 176, p.1.

2

obtained, indicate that he spent forty hours,[2] one-fourth of his total time working on the case, with Mr. Mestas. It is not a stretch to conclude that information was provided to the expert during the forty hours of meeting with the attorneys. Defendant knew, or should have known, that the rule required disclosure of the billing invoices. Yet, defendant persisted in withholding the billings in spite of their obvious relevance, and in clear violation of the rule.

Defendant contends that sanctions are not warranted under Rule 26(g) because "an attorney's signature upon some pleading is a threshold requirement for invoking the rule."[3] Defendant is wrong. The rule applies to discovery objections set forth in signed correspondence as well as in formal discovery responses.[4] Defense counsel's signature on the electronic correspondence in which he refused to provide the requested billings is sufficient to trigger sanctions under the rule.[5]

Defendant's reliance on *Wright, Miller & Marcus*[6] and *Lee v. Walters*[7] for the proposition that Rule 26(g) only applies to

---

[2] This does not include the expert's deposition preparation time or time spent meeting with counsel to prepare for deposition.
[3] Defendant's *Opposition*, Docket 182 at 3.
[4] *Metropolitan Opera Association v. Local 100, Hotel Employees and Restaurant Employees International Union*, 212 F.R.D. 178, 221-22 (S.D. N.Y. 2003).
[5] Exhibits B and D to Allstate's *Motion for Attorney's Fees*, Dockets 178-3, 178-5.
[6] Wright, Miller & Marcus, *Federal Practice and Procedure*.
[7] 172 F.R.D. 421 (D. Ore. 1997).

3

formal pleadings is misplaced.  As noted in *Wright, Miller & Marcus*:

> Subdivision (g) was added to Rule 26 by amendment in 1983.  The new subdivision makes applicable to discovery papers provisions for certification by signing and for sanctions similar to those that the amendments to Rule 11 adopted in that same made applicable to pleadings, motions **and other papers**.[8]

In *Lee v. Walters*, counsel avoided sanctions under Rule 26(g) by failing to respond to discovery requests at all.  The opposing party in that case conceded, and the court accurately noted, that the rule does not apply where there is no signature.[9]  The court did not hold that the rule requires the offending signature be on a formal pleading.

Alternatively, attorney fees are warranted under Rule 37(a)(4).  That rule provides that if a motion to compel discovery is granted:

> the court shall, after affording an opportunity to be heard, require the party…whose conduct necessitated the motion or the party or attorney advising such conductor both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's

---

[8] Wright, Miller & Marcus, *Federal Practice and Procedure*, section 2052 (emphasis added).
[9] *Lee v. Walters*, 172 F.R.D. at 433.

4

>   nondisclosure, response or objection was
>   substantially justified, or that other
>   circumstances make an award of expenses
>   unjust.

Defendant refused to provide the requested discovery. Allstate conferred with Defendant and attempted to obtain discovery without court action. Defendant again refused.[10] Allstate filed its motion to compel. Again, Defendant refused to provide the discovery and opposed Allstate's motion. This Court granted the motion, noting that the basis for Defendant's objection was not valid. Defendant's objection was not substantially justified.

Nor are there other circumstances that render an award of attorney fees unjust. This was not a garden variety discovery dispute: this was an instance of Defendant not wanting to disclose that his expert witness spent one-fourth of his total time working on the case with counsel. Defendant's conduct is just the type of conduct the rules were designed to prevent. Sanctions are appropriate under either Rule 26(g) or Rule 37(a)(4).

Defendant contends Allstate's counsels' fees are not reasonable. The detailed billing invoice and counsel's affidavit show that the fees are reasonable. Allstate is only requesting fees incurred by researching and writing the motion

---

[10] Exhibits B through D of Allstate's *Motion for Attorney Fees*, Dockets 178-3 through 178-5.

to compel and the reply. Plaintiff's counsel kept the fees to a minimum by having an associate billing at a lesser rate perform the majority of the work. The requested fees are not out of the ordinary for the dispute necessitated by defendant's conduct and defendant should be required to reimburse Allstate for those fees.

DATED this 11th day of June, 2007.

>WILKERSON HOZUBIN
>Attorneys for Plaintiff
>
>By: s/Mark E. Wilkerson
>    Mark E. Wilkerson
>    310 K Street, Suite 405
>    Phone: 907 276-5297
>    Fax: 907 276-5291
>    E-mail: mark@wilkersonlaw.net
>    Attorneys for Plaintiff Allstate
>    AK Bar No. 8310157

**CERTIFICATE OF SERVICE**

I hereby certify that on
June 11, 2007, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Mtn & Memo for Atty Fees.Reply