Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Mark@wilkersonlaw.net
AK Bar No. 8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHARLES HERRON, ) | |
| ) | |
| Defendant. ) | |
| )Case No. A04-0043 CV (TMB) | |

**MOTION AND MEMORANDUM IN SUPPORT OF ALLSTATE'S MOTION TO STRIKE LATE-FILED SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT**

Allstate Insurance Companies moves to preclude the introduction of the Supplemental Report of Robert N. Wainscott, and any reference thereto, at trial. The supplemental report is dramatically late and rehashes opinions already offered by Wainscott and already rejected as immaterial by this Court.[1] Preclusion of this late supplemental expert evidence is necessary to avoid unfair prejudice to Allstate.

---

[1] See Order at Docket 160, fn. 56.

The Court has broad discretion to fashion remedies for discovery violations, including preclusion of evidence.[2]

### A. <u>Wainscott's Supplemental Report Is Untimely</u>

Throughout the course of this case, the parties have jointly requested extensions on the deadlines for expert disclosures and reports, the last of which resulted in a deadline of June 5, 2006.[3] Wainscott's undated Supplemental Report was provided to Allstate almost two years later on March 19, 2008.[4]

Pursuant to the Court's request, on June 1, 2007, Allstate notified the court that it would be prepared to certify the case as ready for trial shortly after completing the deposition of Wainscott. Immediately following the completion of Wainscott's deposition on June 25, 2007, Allstate certified the case as ready for trial.[5] On August 7, 2007, the parties jointly notified the court of three proposed trial dates.[6] On August 23, 2007, the parties attended a hearing concerning trial dates and

---

[2] <u>McGuire v. Acufex Microsurgical, Inc.</u>, 175 F.R.D. 149, at 153 (D. Mass. 1997).
[3] <u>See</u> Docket 115, Order Granting Joint Request for Extensions of Time, attached as Exhibit 1.
[4] <u>See</u> letter from Mark Sandberg dated March 19, 2008, attached as Exhibit 2.
[5] <u>See</u> Certification of Readiness for Trial, dated June 27, 2007, attached hereto as Exhibit 3.
[6] <u>See</u> Joint Status Report re Trial Dates, dated August 7, 2007, attached hereto as Exhibit 4.

settlement discussions.[7]  On January 25, 2008, the parties attended a trial setting conference, after which the court set the June 2, 2008 trial date.

At no time did Herron object, seek an extension, or file a motion.  At no time did Herron mention that a supplemental expert report from Wainscott would be forthcoming.

The Supplemental Report purports to be based on 14 pages of documents produced in an unrelated State Court action titled Hensel v. Allstate.  As the Court will recall, Dennis Mestas is the attorney, although not of record in the instant case, who worked with Wainscott to prepare his 54-page affidavit, his 20-page Expert Report dated June 5, 2006, and his 6-page Rebuttal Expert Report dated June 16, 2006.[8]

Mr. Mestas has been aware of the Hensel documents for well over one year.[9]  Allstate formally agreed to an exception to the protective order in the Hensel case, allowing Herron to treat the 14 pages of Hensel documents as if they had been produced in the instant matter on October 12, 2007.[10]  Wainscott did not review the Hensel documents until March 8, 2008.[11]

---

[7] See Minutes to Status Conference at Docket 189, attached as Exhibit 5.
[8] See Wainscott billing records attached as Exhibit 6.
[9] See Dennis Mestas letter to Gary Zipkin dated April 6, 2007, attached as Exhibit 7.
[10] See October 12, 2007, letter to Dennis Mestas, attached as Exhibit 8.
[11] See Wainscott billing record dated March 18, 2008, attached as Exhibit 9.

3

Wainscott's Supplemental Report was prepared and produced long after all deadlines had lapsed and long after the <u>Hensel</u> documents were in the possession of Herron.  Herron has not sought leave of the court, nor shown any cause for presenting this late supplemental report.  Trial begins in 60 days.  Allstate respectfully requests that the Court order that the untimely supplemental report of Wainscott is stricken, and that the opinions set forth in that report be precluded from trial.

**B.   Wainscott's Supplemental Report Is A Rehash of Opinions Already Ruled Immaterial By The Court**

In its Order of October 19, 2006 [Docket 160], this Court outlined 20 allegations of bad faith or negligent claims handling argued by Herron and his expert Wainscott.  The Court then framed the issue for trial as follows:

> The outcome of this case is dependent upon . . . whether Allstate's failure to accept the policy limits demand made on April 10, 2003, within the time specified, May 16, 2003, was unreasonable under all the facts and circumstances.[12]

The Court then ruled that all of the other allegations of failing to follow internal guidelines, concealing medical payments or UIM coverages, failing to communicate better or faster, etc., were immaterial:

> There is no evidence that the other alleged Allstate transgressions, even if they did in fact occur, caused Herron any harm, injury or damage. Indeed, how Allstate concealed the potential UIM claim and separate provisions of the medical

---

[12] Docket 160, p. 14.

4

        payments from Kenick and Trailov, represented by counsel who was furnished a copy of the insurance policy and presumptively familiar with Alaska law, is inexplicable.[13]

Wainscott does not disagree with this conclusion by the Court. Wainscott agreed in his deposition that if there was no firm deadline on May 16, or if Allstate's communications met the terms of that deadline, then Allstate's tender of policy limits on May 30, 2003, would have eliminated all possible harm or prejudice to Herron.[14]

Wainscott further concedes that the 14 pages of Hensel procedures are not new or unique. In his supplemental report, Wainscott states:

        The items that make up the 14 pages of documentation produced by Allstate in the Hensel case are materials common to insurance carrier 'procedure manuals'; [sic] the corporate modus operandi in the management of claims files.[15]

        Allstate's failure to follow their corporate guidelines in the evaluation, negotiation and settlement of claims, correspondence with counsel, and notification of the insured with regard to settlement demands, punitive damages, and excess issues is rampant throughout the claim file.[16]

---

[13] Docket 160, p. 14 fn. 56.
[14] Deposition of Robert Wainscott; p. 151, line 25 through p. 152, line 20, attached as Exhibit 10.
[15] See Wainscott's Supplemental Report at p. 1 ¶3, attached as Exhibit 11.
[16] Id., at pp. 3-4.

And, a review of Wainscott's original expert report confirms that he was relying on similar procedure manuals to formulate essentially the same opinions:

> In reviewing the information provided in Allstate's manuals and communications with regard to standards and procedures, I found that they generally covered all the industry standards and practices for proper, competent and good faith supervision and management of liability and UM claims.
>
> If the Allstate standards had been followed, Allstate and Mr. Herron would not find themselves where they are today....[17]

The Court rejected as immaterial all of Wainscott's opinions that were not directly related to Allstate's conduct with respect to the April 10, 2003, demand letter. These "new" opinions are a rehash of already rejected Wainscott opinions. Allstate therefore, in the alternative, respectfully requests that this Court strike the opinions set forth in Wainscott's supplemental report as immaterial.[18]

**C.  Conclusion**

At this late date, Herron should not be allowed to supplement his expert's reports. Additionally, the opinions set forth in the supplemental report are immaterial and more

---

[17] See Expert Witness Report of Robert Wainscott dated June 5, 2006, at page 18, attached as Exhibit 12.

[18] See also, Allstate's Motion In Limine No. 2 to Preclude Evidence or Argument of Allegations Unrelated to Allstate's Conduct In Response to Trailov's April 10, 2003, Demand, dated April 1, 2008; [Docket 213]

6

prejudicial than probative.[19]  Allstate respectfully requests that the Court strike the supplemental report and preclude reference to the opinions set forth therein.  If the Court allows the supplemental report, Allstate seeks leave of the Court to re-depose Wainscott, and to allow its experts to address Wainscott's "new" opinions.

DATED this 1st day of April, 2008, at Anchorage, Alaska.

                                        WILKERSON HOZUBIN
                                      Attorneys for Plaintiff

By: s/Mark E. Wilkerson
    Mark E. Wilkerson
    310 K Street, Suite 405
    Phone: 907 276-5297
    Fax: 907 276-5291
    E-mail: Mark@wilkersonlaw.net
    Attorneys for Plaintiff Allstate
    AK Bar No. 8310157

**CERTIFICATE OF SERVICE**
I hereby certify that on
April 1, 2008, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.


WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Mtn to Strike Wainscott Supp Report - Memo

---

[19] Id.