LAW OFFICES OF

*Dennis M. Mestas*
*A Professional Corporation*

745 WEST 4TH AVENUE, SUITE 306
ANCHORAGE, ALASKA 99501
PHONE (907) 277-9496
FAX (907) 272-4354

April 6, 2007

**VIA FACSIMILE & U.S. MAIL**

Gary A. Zipkin, Esq.
Guess & Rudd
510 L Street, Ste. 700
Anchorage, Alaska 99501

Re: Hensel v. Allstate

Dear Gary,

    I am not sure how to handle this, but your production of UM/UIM memos are not the same as occurred in the Allstate v. Herron case. There is a Protective Order in place in that case, but since you represent Allstate, I am sure this communication back to Allstate does not violate that order.

    Attached hereto are two Allstate documents received in the Allstate v. Herron case being handled by Mr. Wilkerson. You produced the first one, 704347, but your version is not dated as this one is. Please provide us this version or tell us we can use this one as well.

    The second one, 704348, was not produced by you and it clearly should have been produced, along with many other items referred to therein. Please re-produce this memo or tell me I can use it in this case as well.

    Regarding 704348--we would also like to see the FTO log, the UM/UIM Reporting Requirements, all reports on the process referred to in this memo in paragraph one including "Gary's" report, all e-mails that are to accompany the claims added to the FTO log, all the communications to Colleen Reid regarding granted authority referred to therein. We also would like to see the Home Office Referral log.

Exhibit 7
Page 1 of 2

Page 2 of 2
April 6, 2007
Letter to Gary Zipkin, Esq.

We then would like to depose the person(s) most knowledgeable regarding the FTO log, the e-mails that are to accompany the cases put on the log, and the other materials referred to in 704348.

If Allstate wishes to resist producing these materials, then inform me how you wish to proceed. I have not shared these materials with Neil or Mike, but it seems to me I have a duty to Ms. Hensel, the class, and the court to bring this failure to produce to light. The easy way is to move forward with production from your end. Another way is to go to Judge Tan, inform him of what is occurring, and seek relief which we clearly will get.

Let me know how you wish to proceed. It seems to me that we should be able to solve this situation without bothering the court.

Sincerely,
LAW OFFICES OF DENNIS M. MESTAS, P.C.

Dennis M. Mestas, Esq.

cc: Mark Wilkerson, Esq. (VIA FACSIMILE & U.S. MAIL)

Exhibit 7
Page 2 of 2