# Wilkerson Hozubin

### 310 K Street, Suite 405
### Anchorage, Alaska 99501

MARK E. WILKERSON
REBECCA J. HOZUBIN
WALLACE H. TETLOW
KENTON L. ROBINSON
KELLY C. FISHER

Telephone (907) 276-5297
Facsimile (907) 276-5291

October 12, 2007


Dennis M. Mestas, Esq.
Law Office of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, AK  99501


> Re:   *Allstate v. Herron*
>       Case No.:  A04-0043 CV (TMB)
>       Our File No.:  1000.788


Dear Mr. Mestas:

This is in response to your letter to Gary Zipkin dated August 28, 2007, and follows up on his response to you dated September 7, 2007.  First, let me confirm that my office, and our contacts at Allstate, conducted reasonable and diligent searches and responded to your discovery requests appropriately. Second, as noted in Mr. Zipkin's letter, the Herron case is dramatically different from the Hensel case both in facts and the scope of discovery.  Recall that discovery in the Herron matter had a cut-off date of June 1, 2003.  Third, I can confirm that the exhibits to the Karen Petersen deposition referenced in your letter were not located by Ms. Petersen, or by anyone at the local claims office, but rather were located through some form of search for quality assurance materials maintained by the Sonnenschein firm, who, as you know, is not involved in the Herron matter.

With respect to the specific documents you note in your letter, Allstate's response is as follows:

Exhibit No. 5, Bates No. 116780 – This document is neither relevant nor calculated to lead to the discovery of relevant evidence in the Herron matter;

Exhibit 8
Page 1 of 4

Dennis M. Mestas, Esq.
October 12, 2007
Page 2

Exhibit No. 5, Bates Nos. 116781 through 116783, involve unrepresented files and therefore is neither relevant nor reasonably calculated to lead to the discovery of relevant evidence in the Herron matter.

Exhibit No. 5, Bates Nos. 116784 through 116787, involves represented file analysis, and therefore would be discoverable in the Herron matter. By this letter, Allstate authorizes use of these particular Bates-numbered documents in the Herron case, although Allstate notes that the information contained in those pages is substantially, if not entirely, duplicative of other claims file handling documents previously produced in the Herron case.

Exhibit No. 5, Bates Nos. 116788 through 116791, involves MIST files, and obviously therefore are neither relevant nor reasonably calculated to lead to the discovery of relevant evidence in the Herron matter.

Exhibit No. 5, Bates No. 116792, entitled "Represented Processor Analysis," could be discoverable in the Herron matter, and it therefore may be used in the Herron matter. Again, Allstate notes that the information in this document is substantially the same as contained in other documents that have been produced in the Herron case.

Exhibit No. 6, Bates Nos. 116888 through 116892, appears to be Northwest CSA file handling protocols, and could be discoverable in the Herron matter. Much of that document involves unrepresented files, but those portions that refer to represented files may be treated as discovered in the Herron case. Allstate notes that more specific, but substantially similar, file handling protocols were produced in the Herron case.

Exhibit No. 2, Bates Nos. 116797 through 116800, appears to be discoverable in the Herron case, but also appears duplicative of other substantially

Exhibit 8
Page 2 of 4

Dennis M. Mestas, Esq.
October 12, 2007
Page 3

similar, if not identical, information produced in the Herron case.

Exhibit No. 13, Bates Nos. 116810 through 116813, appears to be general precepts for Deerbrook claims handling. The Herron case was not a matter handled under a Deerbrook policy, and therefore the Deerbrook information is neither relevant nor is it calculated to lead to the discovery of relevant evidence in the Herron matter.

With respect to your inquiries regarding a FTO Log at page 2, paragraph 2 of your letter, there was no FTO Log involving Kenick, Trailov, or Herron for the relevant discovery period in Herron. Moreover, and as noted in our privilege log, an FTO Log would neither be relevant, nor would it lead to the discovery of relevant evidence in the Herron case.

With respect to your comments regarding a Home Office Referral Log, the Herron case was never on any such log for the time period of the relevant discovery, i.e., ending June 1, 2003. As indicated in our response to the Third Requests for Production, any Home Office Referral Log information was neither relevant nor reasonably calculated to lead to the discovery of relevant evidence in the Herron matter.

Exhibit No. 12, Bates Nos. 200933 through 200934 – With respect to your comments regarding the Anchorage MCO Process Compliance Memo, this document was redacted appropriately for the Herron case and the redactions appropriately were reflected in our privilege log. The Alaska UM/UIM Memo was produced. See Response to Request for Production dated December 9, 2005.

Finally, with respect to your comments regarding a "ISO/BI Index," apparently neither Kenick nor Trailov had prior claims, and therefore did not show up on a BI Index printout. Thus, there was nothing to produce.

Exhibit 8
Page 3 of 4

Dennis M. Mestas, Esq.
October 12, 2007
Page 4


     Allstate, in the Herron case, has answered discovery
requests with all due diligence and has produced documents
that could be located with all reasonable effort.  Allstate
does not object to your using the documents which are
designated in this letter as discoverable.  If you have
identified other documents produced in Hensel, or in any
other case, that you believe could have been located,
should have been located, or that you think are
discoverable in the Herron case, please provide each such
document so we may respond individually to each as we have
above.


                    Very Truly Yours,

                    WILKERSON HOZUBIN

                    Mark E. Wilkerson


MEW/mlf
cc:  Mark A. Sandberg, Esq.
     Gary A. Zipkin, Esq.
1000.788/corr/Mestas.006

Exhibit 8
Page 4 of 4