Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>            )<br>        Plaintiff,   )<br>            )<br>    v.      )<br>            )<br>CHARLES HERRON,   )<br>            )<br>        Defendant.   )<br>            ) | Case No. 3:04-cv-0043 TMB |

DEFENDANT'S OBJECTIONS TO EXHIBITS

Defendant Herron does not challenge the authenticity of any exhibit.  However, Herron contends that the following exhibits should not be admitted:

1. <u>Exhibit 112</u>.  This is the insurance policy.  The amount of insurance provided is an uncontested fact.  Presumably,

Allstate wants to offer the policy because it contains the Cooperation Clause. However, the Cooperation Clause is not enforceable if Allstate has breached its obligations under the insurance contract. <u>Davis v. Criterion Ins. Co.</u>, 754 P.2d 1331 (Alaska 1998). Herron's obligations are more properly dealt with through jury instructions than by allowing the jury to research the policy.

2. <u>Exhibits 113-122 and 124-130</u>. These are deposition transcripts and videos. Herron does not understand Allstate to intend the admission of these depositions into evidence.

3. <u>Exhibits 131-142</u>. These are expert reports, CV's, affidavits and notes. Once again, Herron does not understand Allstate to intend these exhibits to be admitted into evidence. If specific pages become relevant, we can deal with that during the trial.

4. <u>Exhibit 143</u>. This is the Consent to Entry of Judgment, Assignment of Claims and Covenant Not to Execute, all dated April 2004. The trial concerns whether Allstate breached its obligations prior to June 4, 2003. The fact that Herron signed these documents, and that Herron breached his obligation to

cooperate unless excused by Allstate's breach of its duties, is uncontested. But the actual documents also contain irrelevant information, such as: 1) that Herron also consented to judgment in favor of Mary Kenick, and 2) that Herron consented to judgment in the amount of $1,750,000.00 in favor or Angelina Trailov. The issue of whether this amount is reasonable has been bifurcated. There is no reason for this jury to be told the amount of judgment. Whatever marginal value this exhibit has issue outweighed by potential prejudice. It should be excluded under Evidence Rule 403.

5. <u>Exhibit 144</u>. This is a phone book as for attorney Michele Power. The exhibit is irrelevant and it is hearsay.

6. <u>Exhibit 145</u>. This is Michele Power's correspondence file. Herron objects to the pleading and to documents created after June 4, 2003. This is a trial about whether Allstate breached its duties before that June 4, 2003.

7. <u>Exhibit 146 and 147</u>. These are six pages from a dictionary. Dictionaries are not admissible. If a definition of any term is required, the Court can supply it in instructions.

DATED this 14 day of April 2008, in Anchorage, Alaska.

          s/ Mark A. Sandberg_
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax (  ) hand this 14 day of April 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501

s/ Mark A. Sandberg_