Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) <br> ) <br> Plaintiff,           ) <br> ) <br> v.                    ) <br> ) <br> CHARLES HERRON,                ) <br> ) <br> Defendant.         ) <br> _____) | Case No. 3:04-cv-0043 TMB |

HERRON'S RESPONSE TO ALLSTATE'S OBJECTIONS TO EXHIBITS

Allstate relies upon its First Motion in Limine and Second Motion in Limine (docket 213 and 214) in objecting to exhibits 151, 152, 154, 161, 162, 163 and 164.  Accordingly, Herron will also rely upon his memoranda opposing those motions in responding to Allstate's objections.  Herron also has the

following responses to Allstate's objections specific that go beyond the pending Motions in Limine.

1. <u>Exhibit 159</u>.

Herron agrees that exhibit 159 is a document generated in 2004. Herron withdraws exhibit 159.

2. <u>Exhibit 161</u>.

Aside from the Motions in Limine, Allstate objects to the portions of exhibit 161 that follow Bates number 704369. Bates number 704370 is a form Excess Letter. This is a letter that should have been sent to Charles Herron by Allstate. It was not, thereby breaching Allstate's duty to advise of the possibility of an excess judgment. <u>Jackson v. American Equity Ins. Co.</u>, 90 P.3d 136, 142 (Alaska 2004). Breach of the covenant of good faith and fair dealing exposes the insurer to a claim of bad faith and may expose it to liability for an excess judgment against its insured. <u>Id</u>.

Herron withdraws the portions of exhibit 161 that bear Bates numbers 704372 and 704373. Bates number 704374 is a good faith claims handling checklist that demonstrates some of Allstate's normal claims handling practices. It also demonstrates how the claims procedure is designed as a system that is intended to prevent the kind of slothful and sporadic claim handling that occurred on this file. Finally, Bates

numbers 704375 and 704376 discuss the excess letter template and the purpose of an excess letter.

3. <u>Exhibit 165</u>.

Exhibit 165 is a copy of Alaska Unfair Claims Regulations. Herron does not offer this exhibit into evidence. Rather, the regulations were marked for identification so that they can be used when discussing the demands of Alaska law with the retained experts.

Allstate's reliance upon <u>O.K. Lumber v. Providence Washington Ins. Co.</u>, 759 P.2d, 523 (Alaska 1988) is misplaced. <u>O. K. Lumber</u> holds that the unfair claims statutes and regulations do not create a private cause of action in favor of an injured plaintiff that is a stranger to the insurance contract. Herron is not a stranger to the insurance contract.

Herron's position is that violation of the Unfair Claims Settlement Act and/or regulations is either bad faith <u>per se</u> or, at minimum, evidence of bad faith. However, that subject is better addressed in the context of jury instructions.

DATED this 12 day of April 2008, in Anchorage, Alaska.

> s/ Mark A. Sandberg
> 701 W 8th Avenue, Ste. 1100
> Anchorage, Alaska 99501
> Phone: (907) 276-6363
> Fax: (907) 276-3528
> E-Mail: msandberg@aol.com
> Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax ( ) hand this 12 day of April 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg

HERRON'S RESPONSE TO ALLSTATE'S OBJECTIONS TO EXHIBITS
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)