Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Anchorage, AK 99501
Phone: 907-276-5297
Fax: 907-276-5291
mark@wilkersonlaw.net
Alaska Bar No. 8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,  )<br>                                                          )<br>                           Plaintiffs,       )<br>                                                          )<br>     vs.                                                )<br>                                                          )<br>CHARLES HERRON,                         )<br>                                                          )<br>                          Defendant.      )<br>_____) | Case No. 3:04-cv-0043 (TMB) |

### ALLSTATE'S RESPONSES TO HERRON'S OBJECTIONS TO EXHIBITS

Pursuant to the Court's Pre-Trial Order at Docket 210, and in response to Herron's Objections to Exhibits at Docket 224, Allstate provides the following argument and authority in favor of admission of Allstate's exhibits:

1. <u>Exhibit 112</u>:  The insurance policy is central to the issues in this lawsuit. Each party claims that the other party breached its duties arising out of this contract. Herron argues that the cooperation clause contained in the policy is not enforceable if Allstate breached its obligations under the insurance contract, citing <u>Davis v. Criterion Ins. Co.</u>, 754 P.2d 1331 (Alaska 1998).  However, that case does not support the conclusion that the insurance policy is either irrelevant or unnecessary.  <u>Davis</u> merely

stands for the proposition that Herron's breach of the insurance contract may be excused if Allstate breached the contract first.

2. <u>Exhibits 113-122 and 124-130</u>:

A. To begin with, Allstate notes that Herron has not presented any objection to these exhibits; Herron is simply offering comments.

B. It is Allstate's understanding that any documents, including deposition transcripts, which may be utilized during the course of the trial (e.g., for impeachment purposes during cross-examination) are to be marked as trial exhibits.

C. With respect to Mr. Herron's deposition, Allstate is entitled to introduce relevant portions of that deposition into evidence and Allstate reserves the right to do. That deposition contained the statements of a party and such statements, when relevant, are admissible.  Federal Rule of Evidence 801(d)(2).

3. <u>Exhibits 131-142</u>:  Again, Herron has not raised an objection, but rather, has offered the comment that the parties can deal with specific pages from these exhibits at trial should they become relevant.  As a general proposition, Allstate agrees with Herron that the parties should be able to resolve issues of admissibility of these exhibits at trial.  However, Allstate maintains that it is entitled to utilize the expert reports authored by Herron's expert witnesses during Allstate's cross-examination of those witnesses at trial.

4. <u>Exhibit 143</u>:  This exhibit, containing the Consent to Entry of Judgment, Assignment Claims and Covenant Not to Execute, constitutes the vehicle by which Herron breached his obligations under the insurance contract.  This exhibit therefore contains highly relevant evidence which the jury is entitled to consider in order to

understand the manner by which Herron breached the insurance contract in question. Furthermore, the specific terms contained in these documents are relevant to the issue of breach and will aid the jury's appreciation of Herron's conduct.

5. <u>Exhibit 144</u>:  Allstate has marked this exhibit for possible use during the cross-examination of Ms. Power.  This exhibit bears on her claimed expertise and knowledge of matters relevant to this case.

6. <u>Exhibit 145</u>:  Allstate agrees with Herron that any pleadings or correspondence created after June 4, 2003 (other than the documents contained in Exhibit 143) are irrelevant and inadmissible.

7. <u>Exhibit 146 and 147</u>:  Allstate has marked these documents as exhibits because they may be utilized during the cross-examination of one or more of Herron's witnesses.  Allstate believes that these dictionary definitions help to explain the meaning of words and phrases utilized by Ms. Power in her correspondence to Allstate.  The meaning of words and phrases utilized by Ms. Power is central to the jury's ultimate resolution of the issues in this case.

Dated this 21st day of April, 2008, at Anchorage, Alaska.

> WILKERSON HOZUBIN
> Attorneys for Plaintiff
>
> By:   s/Mark E. Wilkerson
> 310 K Street, Suite 405
> Anchorage, AK 99501
> Phone: 907-276-5297
> Fax: 907-276-5291
> mark@wilkersonlaw.net
> AK Bar No. 8310157

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the
21st day of April, 2008, a copy
of the foregoing document was served
electronically on:

Gary A. Zipkin
Mark A. Sandberg


WILKERSON HOZUBIN

By:_____s/Mark E. Wilkerson_____
1000.788/DJA Trial /Reply to Objs to Exhibits

4