Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>       Plaintiff,   )<br>)<br>  v.                     )<br>)<br>CHARLES HERRON,          )<br>)<br>       Defendant.   )<br>) | Case No. 3:04-cv-0043 TMB |

**OPPOSITION TO ALLSTATE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF**

**ROBERT WAINSCOTT**

1. Introduction.

On March 19 2008, Herron produced a supplemental report from Robert Wainscott[1]. Mr. Wainscott is Herron's claims handling expert. The supplemental report expresses opinions concerning documents that Allstate should have (but did not) produced years ago.

---

[1] Exhibit 1.

OPPOSITION TO ALLSTATE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

Allstate objects that Wainscott's supplemental report is untimely because both the deadline for expert reports and the close of discovery are long past.  But Allstate did not produce the documents discussed by Mr. Wainscott until long after those deadlines had passed.

The supplemental report was provided so that Allstate would not be surprised at trial when Mr. Wainscott discusses the documents that Allstate produced after the close of discovery.

3. A chronology of events.

a. On November 23, 2004, Herron served Defendant's First Request for Production.  Request numbers 13 14 and 15 broadly requested claims manuals, bulletins and procedures concerning claim evaluation and settlement.[2]

b. Allstate responded on December 30, 2004.[3]  Allstate did not produce any documents that had not been produced previously.

c. Mr. Wainscott prepared an expert report dated June 5, 2006.[4]  This report was timely served on Allstate.

d. Mr. Wainscott prepared a rebuttal report, in response to Allstate's experts, dated June 16, 2006.[5] This report was timely served on Allstate.

---

[2] Exhibit 2.
[3] Exhibit 3.
[4] Trial exhibit 133.
[5] Trial exhibit 134.

  e. Mr. Wainscott was deposed by Allstate on January 25, 2007.[6]

  f. Following resolution of a discovery dispute concerning expert witness billings, Mr. Wainscott sat for a second deposition on June 25, 2007.[7]

  g. Following the second deposition of Mr. Wainscott, Allstate filed a Certification of Readiness for Trial, stating discovery was now completed and the case was ready for trial.[8]

  h. On August 28, 2007, Dennis Mestas (counsel for Trailov) wrote to Gary Zipkin (one of Allstate's lawyers) expressing his opinion that Allstate had <u>not</u> all relevant claims handling guidelines.[9]  Mr. Mestas believed that documents Allstate produced in a State court lawsuit entitled *Hensel v. Allstate* should have been produced in this lawsuit.  Mr. Mestas could not share these documents with Herron with Allstate's consent or a Court order, since they were produced in the *Hensel* case under a Protective Order

  i. On September 7, 2007, Mr. Zipkin wrote back to Mr. Mestas.[10]  Mr. Zipkin shared Allstate's willingness to work out this dispute informally.

---

[6] Trial exhibit 124.
[7] Trial exhibit 125.
[8] Docket 184.
[9] Exhibit 4.
[10] Exhibit 5.

OPPOSITION TO ALLSTATE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

j. On October 12, 2007, Mark Wilkerson (another of Allstate's lawyers) wrote to Mr. Mestas.[11]  Mr. Wilkerson had no objection to having Mr. Mestas furnish Herron with some, but not all, of the disputed documents.

k. On October 23, 2007, Mr. Mestas provided Herron with the *Hensel* documents that Allstate agreed could be shared.[12]  These documents clearly should have been provided in response to the original Request for Production.  They include Allstate procedures and timelines for damages investigations, use of medical/wage authorizations, negotiations, serious injury triggers and management oversight (among other things).

l. Because the parties were hopeful the case could be settled, a settlement conference was held before Judge Beistline in January 2008.

m. Unfortunately, the conference with Judge Beistline was not successful.  It became obvious this case was headed for trial.

n. Herron desired to offer these newly produced documents into evidence and solicit expert opinion regarding them.  So Herron sent them to his expert and requested a supplemental report.

---

[11] Exhibit 6.
[12] Exhibit 7.

OPPOSITION TO ALLSTATE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

     o. The supplemental report of Mr. Wainscott was served on Allstate in March 2006.  The supplemental report could not have been generated in 2006 (when expert reports were originally exchanged) because Allstate had not produced the documents upon which it is based.

    3. <u>Conclusion</u>.

    It seems ironic that Allstate claims the supplemental report of Mr. Wainscott is untimely.  The supplemental report addresses documents that Allstate should have produced, back in 2004, in response in Herron's Discovery Requests.  Neither Mr. Wainscott nor Herron's counsel had ever seen the documents until late 2007.  The Motion to Strike the opinions expressed in Mr. Wainscott's supplemental report should be denied.

    As alternative relief, Allstate requests the opportunity to depose Mr. Wainscott for a third time.  Herron would not opposed a third deposition, on four conditions:

    a. That the deposition be limited to the supplemental report; and

    b. That the deposition be subject to a strict time limit (Herron suggests one hour) since Mr. Wainscott has already sat for seven hours of depositions; and

    c. That Allstate pay for Mr. Wainscott's time; and

    d. That the Motion to Strike is denied.

OPPOSITION TO ALLSTATE'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

DATED this 25th day of April 2008, in Anchorage, Alaska.

                                  s/ Mark A. Sandberg
                                  701 W 8th Avenue, Ste. 1100
                                  Anchorage, Alaska 99501
                                  Phone: (907) 276-6363
                                  Fax: (907) 276-3528
                                  E-Mail: msandberg@aol.com
                                  Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax (  ) hand this 25th day of April 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg