RESPONSE: Defendant already has a copy of the 1992 Allstate Claims Policy, Practices and Procedures Manual. Allstate is ascertaining whether any updated manual exists and will supplement this response accordingly.

REQUEST FOR PRODUCTION NO. 13: Please produce all General bulletins, Claims Bulletins, Alaska Bulletins, and Alaska Claims Bulletins sent to the Allstate Claims office in Anchorage since 1990 that relate in any way to handling, adjusting and/or investigating the following:

A. Motor vehicle bodily injury claims;

B. Medical payments claims;

C. UM/UIM claims;

D. UM/UIM limits;

E. Allstate offers and/or renewal offers and/or waivers and/or selection/rejection of UM/UIM coverage and/or UM/UIM limits.

RESPONSE: Allstate is attempting to ascertain which of the requested documents exist. If such documents do exist, and without waiving any objections, Allstate will supplement this response when the documents are obtained. To the extent that the request calls for the production of material generated after Allstate filed its declaratory judgment action, Allstate objects on the grounds that the request is not reasonably

WILKERSON, HOZUBIN & BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION
Allstate v. Herron
Case No. A04-0043 CV (JKS)
Page 12

Exhibit 3
Page 1 of 4

calculated to lead to the discovery of admissible evidence. Allstate further objects to the extent the request calls for the production of materials covered by work-product and attorney-client privileges.

REQUEST FOR PRODUCTION NO. 14: Please produce all Allstate Home Office procedures, practices, bulletins, and other materials regarding bodily injury claims handling in effect in 2002 and 2003 by the Home Office including all materials and information relating to Home Office referrals, e-mail communications, investigation, evaluation, file documentation, establishing claims reserves, changing claims reserves, documenting claims reserves, seeking settlement authority, granting settlement authority, documenting settlement authority, timeliness of investigations, timeliness of settlement offers, notifying insureds of excess exposure, and notifying insureds of settlement offers.

RESPONSE: Objection. The request is vague, ambiguous, overbroad, unduly burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence. Allstate is attempting to ascertain which of the requested documents exist. If such documents do exist, and without waiving any objections, Allstate will supplement this response when the documents are obtained. To the extent that the request calls for the

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION
Allstate v. Herron
Case No. A04-0043 CV (JKS)
Page 13

Exhibit 3
Page 2 of 4

production of material generated after Allstate filed its declaratory judgment action, Allstate objects on the grounds that the request is not reasonably calculated to lead to the discovery of admissible evidence. Allstate further objects to the extent the request calls for the production of materials covered by work-product and attorney-client privileges.

REQUEST FOR PRODUCTION NO. 15: For the period of 2002 to the present, and to the extent not already produced, please produce all other Allstate claims handling procedures, claims practices, claims guidelines, standards, minimums, bulletins, local claims procedures, local claims standards, local good practices, and all other materials and writings generated by Allstate and/or any employee thereof that applied to or referred to handling and/or adjusting bodily injury claims and/or medical payments claims and/or UM/UIM claims in Alaska. This request includes but is not limited to: investigating bodily injury claims, medical payments claims and/or UM/UIM claims and/or UM/UIM coverages in Alaska including the time period within which an investigation should be completed. This includes all materials and information relating to referrals to the Home Office, claim evaluation, timeliness of claim evaluation, methods and/or procedures on claim evaluation, documentation of claim evaluation, file documentation,

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION
Allstate v. Herron
Case No. A04-0043 CV (JKS)
Page 14

Exhibit 3
Page 3 of 4

establishing claims reserves, changing claims reserves, documenting claims reserves, seeking settlement authority, documenting settlement authority, settlement offers, timeliness of settlement offers, responding to settlement offers, notifying insureds of settlement offers, notifying insureds of insurance coverage, notifying insureds of insurance coverage limitations, notifying insureds of exposure to liability in excess of insurance coverage.

RESPONSE:   See Response to Request for Production No. 14.

REQUEST FOR PRODUCTION NO. 16:  For the period of 1998 to the present, please produce all Colossus materials, manuals, guidelines, training materials, and all other information regarding the Colossus program in Alaska, Colossus procedures in Alaska, Colossus screens and/or the use thereof, the use of Colossus in Alaska to evaluate bodily injury claims by Allstate personnel in Alaska, the entry of information on Colossus screens, retrieval of Colossus information or entries, printing out Colossus screens, interpretation of Colossus results, use of Colossus results, reviewing Colossus results, reporting and documenting Colossus results, and generating Colossus reports.

RESPONSE:   Objection.  The request is vague, ambiguous, overbroad, unduly burdensome, seeks information which is confidential, proprietary and/or constitutes trade or business

WILKERSON,
HOZUBIN &
BURKE
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION
Allstate v. Herron
Case No. A04-0043 CV (JKS)
Page 15

Exhibit 3
Page 4 of 4