LAW OFFICES OF

### *Dennis M. Mestas*
*A Professional Corporation*

745 WEST 4TH AVENUE, SUITE 306
ANCHORAGE, ALASKA 99501
PHONE (907) 277-9498
FAX (907) 272-4354

August 28, 2007

**VIA FACSIMILE & U.S. MAIL**
Gary A. Zipkin, Esq.
Guess & Rudd
510 L Street, Ste. 700
Anchorage, Alaska 99501

Re: Kenick/Trailov v. Allstate

CONFIDENTIAL SETTLEMENT COMMUNICATION

Dear Gary,

Both you and I are involved in the Allstate v. Herron, Kenick/Trailov v. Allstate matters. We are also both involved in the Hensel v. Allstate class action. You should be aware that the Allstate production in Federal Court matter of Allstate v. Herron is significantly different from the production in the State Court matter of Hensel v. Allstate.

Numerous claims handling standards and documents have been produced in Hensel that have not been produced in the Herron matter. One need only peruse the exhibits in the Karen Petersen deposition in Hensel to identify extremely important Allstate documents that should have been produced in Herron, but were not. For instance, the claims handling standards found in the Casualty Quality Advancement Analyses (Exh #5) appears to be a Home Office example of the Allstate claims handling standards. The Northwest CSA File Handling Protocols (Exh.#6) clearly sets forth regional claims files handling standards very similar to Exh # 5. Both standards reflect claims handling standards on the timeliness of damages investigation and claim evaluation prior to and during the handling of the Herron/Trailov matter by Allstate. These documents as well as Exh.# 2 (Dec. 11-13 CPS visit) and Exh. #13 (June 11-13, 2001) and many other documents produced in Hensel reflect the degree of reporting and supervision going on over the Anchorage MCO BI claims as well.

Exhibit 4
Page 1 of 3

Letter to Gary Zipkin, Esq.
August 28, 2007
Page 2 of 3

Requests for Production in Herron requested these types of documents, but they were not produced nor did any privilege log reveal their existence. See for instance Herron's Requests For Production # 14 and # 15.

Further, Allstate took the position in the Herron matter that no FTO log existed and it did not produce any documents. You have produced a partial FTO log and an FTO report in Hensel that belies that misrepresentation. It is also clear to me now that all the Kenick/Trailov claims file documentation was not produced, such as the ISO/BI Index information on Trailov as well as other information.

The documentary evidence revealed in the Hensel case is highly relevant to the Herron case, as the above claims handling standards, CPS memoranda, the FTO materials and many other relevant documents have not been seen by Mr. Wainscott, Herron's counsel did not get a chance to depose witnesses using this evidence, nor did he get a chance to perform follow-up discovery for more documents and depositions.

This places me in the position of having to go the Judge Burgess and Judge Tan and reveal the discrepancy in the Allstate production in the two cases. I believe the appropriate relief is to request that all the Allstate documents produced in Hensel can be used in Herron. Further, it is clear that Herron will need to request that discovery be re-opened and that he be allowed to request more documents and depositions, including re-deposing Elkins, Petersen, Berry, and Barra. Further, given these documents, Northwest CSA personnel and Home Office personnel can be deposed regarding file reviews and claims handling standards. Redacted documents such as Exh.# 12 need to be seen in unredacted form, given Allstate has stated the redactions were in relation to BI issues and the Trailov/Kenick claims were BI claims. Incidentally, only one redacted page was produced in Herron, whereas two redacted pages were produced in Hensel.

Finally, the FTO log, the FTO reports, and the FTO process needs to be investigated with Gary Davis, the Northwest CSA, and others to get the unredacted FTO logs, memos, reports, and other FTO documents.

The only reason that I have not proceeded to advise both courts is that Mr. Sandberg contacted me today and indicated that a recent trial readiness conference took place in Herron and a settlement conference was mentioned. If this matter can be settled, then I will not have to inform Judge Burgess and Judge Tan or anyone else of the production discrepancy.



Exhibit 4
Page 2 of 3

Letter to Gary Zipkin, Esq.
August 28, 2007
Page 3 of 3



Sincerely,
LAW OFFICES OF DENNIS M. MESTAS, P.C.

Dennis M. Mestas, Esq.

Exhibit 4
Page 3 of 3