GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
GREGORY S. SILVEY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
MOLLY C. BROWN
NATHAN R. HAINES

LAW OFFICES OF
# Guess&Rudd
P.C.

510 L STREET, SUITE 700
ANCHORAGE, ALASKA 99501-1964
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299
www.guessrudd.com

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
JOSEPH J. PERKINS, JR.
MARGARET B. JONES

September 7, 2007

Dennis M. Mestas, Esq.
Law Offices of Dennis M. Mestas
745 W. 4th Avenue, Suite 306
Anchorage, Alaska 99501

Via Facsimile (272-4354)


RECEIVED SEP 1 0 2007

    Re:    Allstate v. Herron
           Our File No. 5976.1

Dear Dennis:

    This is in response to your letter dated August 28, which (as you know from a call you received from Christina Rankin of my office) I did not receive until I returned from vacation this week.

    As you know, I was not involved in this case and did not enter an appearance in it until after discovery was completed, other than the deposition of Mr. Wainscott. Consequently, the questions you raise concerning the efforts made to locate and produce Allstate records relevant to the claims and defenses in this matter are more appropriately directed at the attorneys at Wilkerson & Hozubin, who have told me that they will author a separate response to your correspondence but who assure me that, in fact, reasonable and diligent searches were conducted at both the local and regional level for such records.

    I simply note here that, given the vast number of documents which are generated and maintained at local and regional insurance claim offices (by employees, supervisors, managers and others) over decades of operation, it would not be at all surprising if identical searches resulted in somewhat different results. Rather, it would be surprising if those searches actually did result in the identification of precisely the same documents. Here, however, we have two completely different lawsuits, involving completely different allegations, claims, and defenses. The underlying and erroneous assumption in your letter is that Herron and Hensel involve the very same allegations, claims and defenses. They do not.

Exhibit 5
Page 1 of 3

Dennis M. Mestas, Esq.
September 7, 2007
Page 2

       The Herron lawsuit pending in federal district court presents the relatively straightforward issue of whether Mr. Herron's clear and total breach of his contractual obligations to Allstate are excused by Allstate's alleged prior total breach of that same contract. There is no claim in the Herron case for uninsured or underinsured motorist benefits, and therefore no claim for what your letter refers to as FTO (the alleged "failure to offer" -- or, rather, to communicate the availability of -- the optional limits of UM/UIM coverage required by AS 21.89.020(c)). In turn, the documents relevant to the claims in these two cases are very different. Allstate does not believe that *any* of its records pertaining to the handling or settlement of UM/UIM claims, or the analysis, handling or settlement of potential FTO claims (whether entitled "FTO logs," or "FTO reports," or otherwise) are relevant or discoverable in connection with the Herron matter. In short, we believe that any effort to suggest otherwise will be rejected by Judge Burgess, as signaled in his rulings to date.

       Having said that, it does appear that Exhibits 5 and 6 to Karen Petersen's deposition (documents found during a search for records in the Hensel case) are marginally relevant in the Herron matter and, therefore, should have been identified and produced in that case but which, for whatever reason, were not located when relevant records were being collected. It is my understanding, however, that Allstate has already produced claim manuals, bulletins, and related documents in Herron which substantially duplicate virtually everything contained in those two exhibits. I believe you will receive additional clarification regarding that in the letter you will soon receive from Mark Wilkerson. None of the other exhibits referenced in your letter appear to have relevance to the claims or defenses in Herron.

       If, as I believe is the case, Exhibits 5 and 6 to Ms. Petersen's deposition are substantially duplicative of documents already produced to Mr. Sandberg in Herron, then Allstate will resist any effort by him, or by you, to re-open discovery so that "he [can] be allowed to request more documents and depositions, including redeposing Elkins, Petersen, Berry, and Barra." It appears that what your letter really seeks is the opportunity to harass those witnesses, and Allstate, under the sheep's clothing of having been denied two documents of marginal relevance in a situation where Mr. Herron's attorney has already been provided substantially the very same information in the form of other records.

       To the extent that we may be able to resolve aspects of this dispute without court involvement, I will be happy to meet with you and Mr. Sandberg (along with

Exhibit 5
Page 2 of 3

Dennis M. Mestas, Esq.
September 7, 2007
Page 3

Mr. Wilkerson), or to discuss this with the two of you by phone or through further correspondence. I look forward to hearing from you in this regard.

                            Very truly yours,

                            GUESS & RUDD P.C.

                            Gary A. Zipkin

GAZ/sll
F:\DATA\5976\1\CORRESP\09gaz Mestas.doc

cc:    Mark Wilkerson, Esq.
        Mike Mulvihill, Esq. (Claim No. 3322751094 AKB)

Exhibit 5
Page 3 of 3