Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Anchorage, AK  99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar #8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. ) | <br><br><br><br><br><br><br><br><br>Case No. A04-0043 CV (TMB) |

**ALLSTATE'S REPLY TO OPPOSITION TO MOTION IN LIMINE NO. 1**

Herron's effort to explain the relevance of Allstate's handling of Trailov's potential first-party UIM claim in this third-party bad faith case fails. Herron's assertion that Allstate had Mr. Elkins "<u>investigate</u> UIM coverage issues within days of the accident"[1] is more than a little misleading, and it is contrary to the unrefuted evidence. Allstate set forth the evidence on this point in its principal motion.[2] Suffice it to say Elkins did no investigation of anything even remotely probative of Herron's potential exposure to Trailov's damages,

---

[1] Opposition, Docket 231 at 2.
[2] Motion in Limine No. 1, Docket 212 at 2-4.

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

much less any potential UIM exposure. Herron does not offer any evidence contradicting that evidence or supporting his assertion. Herron's unsupported argument is irrelevant and prejudicial. It should not be allowed.

Karen Peterson's determination, on May 29, 2003, that Trailov would likely receive the liability limits is relevant, but her statement of possible additional first-party UIM exposure is not. Whether Trailov might or might not receive first-party UIM benefits for a claim not yet made or legally ripe[3] has no bearing on evaluating the liability exposure, or meeting the May 16, 2003, "deadline" for accepting the liability policy limits. But, such first-party UIM issues certainly will distract and confuse the jury in this third-party case, and cause prejudice to Allstate. Such evidence should be excluded from the testimony and the exhibits.

Finally, Herron's expert's theory that Allstate's tender of liability limits in acceptance of Trailov's policy limits demand was actually a nefarious attempt to sneak in a settlement of an unmade UIM claim is bald speculation in contradiction of all of the facts. Allstate's May 30, 2003, letter was in response to Trailov's offer to settle for policy limits. Trailov's demand refers to the claim number "3322751094 AKB," undisputedly a liability claim number only. The demand

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[3] See AS 28.20.445.

2

provided, in relevant part: "Mary Kenick authorized me to make a policy limits demand plus attorney's fees, costs and interest on behalf of her daughter's claim...."[4] Clearly, this is a demand for liability policy limits; it says nothing about UIM at all.

Allstate's May 30, 2003, acceptance letter likewise does not mention UIM coverage.[5] It is black letter contract law that the terms of the offer dictate whether a stated acceptance creates a binding agreement: if the terms of the acceptance deviate from the terms of the offer, no binding agreement is formed.[6] Thus, Allstate's May 30, 2003, letter to Trailov could not, as a matter of law, have precluded a subsequent UIM claim.

Herron offers no evidence to support his expert's speculation because all the evidence belies the expert's theory. It is undisputed that the UIM feature was not opened until after Allstate's acceptance of the policy limits demand. In fact, there was no suggestion to open the UIM feature until May 29, 2003, the day the supervisor Petersen concluded, "likely exceed liability limits." In the same diary entry where Petersen so concludes and instructs to tender limits, she writes, "Kathy [Berry], Lori [Barra] need to open S.U. [the UIM

---

[4] See Exhibit 7.
[5] See Exhibit 8.
[6] Southwest Marine, Inc. v. State, Dept. of Transp. and Public Facilities, Div. of Alaska Marine Highway Systems, 941 P.2d 166, 173 (Alaska 1997).

WILKERSON HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

3

feature]."[7]  Herron cannot overcome the plain reality that Allstate could not simultaneously try to sneak by a UIM settlement and order the UIM coverage to be opened.

But, there is more. In that same diary entry, Petersen writes that a medical lien would need to be resolved with the "liab. settlement."[8] Again, plainly Allstate was authorizing a "liability" settlement.

Finally, and again in complete refutation of Herron's expert's speculation, Allstate's evaluation consultant Lori Barra wrote on May 30, 2003 (the day of Allstate's acceptance of the policy limits demand and one day after Petersen's entry), "At this point claims attorney [Power] has not given notice of intent to pursue a UIM. If/when that occurs, as we discussed, secure defense counsel assistance."[9]

Query why Allstate would discuss the need to secure defense counsel on an expected UIM claim, if it was simultaneously sneaking in a settlement of that same claim.

Herron's expert's speculation of a fraudulent effort to sneak in a UIM settlement goes beyond being groundless. It is contradicted by overwhelming uncontradicted evidence. An expert should not be allowed to opine/advocate such an inflammatory accusation without some foundation based on

---

[7] See Exhibit 9.
[8] Id.
[9] See Exhibit 10.

WILKERSON HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

4

evidence. This foray into first-party UIM coverage is more than a distracting sideshow for the jury. It is a plain effort to prejudice Allstate with a conspiracy theory. It should not be allowed.

### CONCLUSION

This is a trial about whether Allstate acted unreasonably by failing to meet Trailov's "deadline" of May 16, 2003, to accept her liability policy limits offer. UIM coverage or limits is not relevant to that inquiry. Herron should be precluded from offering any such evidence at trial in this matter to avoid confusing and distracting the jury and causing unfair prejudice to Allstate.

DATED at Anchorage, Alaska, this 5th day of May, 2008.

```
                              WILKERSON HOZUBIN
                              Attorneys for Plaintiff

                          By: s/Mark E. Wilkerson
                              310 K Street, Suite 405
                              Anchorage, AK  99501
                              Phone: 907 276-5297
                              Fax: 907 276-5291
                              E-mail: mark@wilkersonlaw.net
                              Attorneys for Plaintiff Allstate
                              AK Bar No. 8310157
```

CERTIFICATE OF SERVICE
I hereby certify that on
May 5, 2008, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Mtn in Limine.1 UIM.Reply

WILKERSON HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291