Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Anchorage, AK  99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
AK Bar No. 8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANIES,  )
                               )
                Plaintiffs,    )
                               )
     vs.                       )
                               )
CHARLES HERRON,                )
                               )
                Defendant.     )
_____)Case No. A04-0043 CV (TMB)

## REPLY TO OPPOSITION TO ALLSTATE'S MOTION IN LIMINE NO. 2

Absent from Herron's opposition is any explanation of how any of his allegations regarding alleged violations of internal Allstate procedures or regulations caused him any "harm, injury or damage;"[1] why a tender of $112,500 on May 16, 2003 would have settled Ms. Trailov's claim against Mr. Herron, but the identical tender made on May 30, 2003 constitutes bad faith; or how adjuster Kathy Berry's and Ms. Trailov's counsel Michele Power's exchange of correspondence during May failed to meet the terms of the "deadline" requirement of "some discussion

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[1] Docket 160 at 14.

regarding pre-filing resolution." Mr. Herron offers no explanation because there is none. His allegations of pre-deadline failures to comply with technical procedures are not probative of the issues to be tried. At a minimum, they are intended to distract and confuse the jury. More likely, they are intended to unfairly and improperly prejudice Allstate. Consequently, evidence and argument regarding Allstate's alleged failure to comply with internal claim procedures or practices, or Allstate's alleged failure to comply with this or that Division of Insurance regulation, should be excluded.

None of Herron's cited cases address the relevance of allegations against the insurer where the issue is whether the insurer's policy limits offer two weeks after a supposed deadline constituted a material breach of the insurer's duty of good faith and fair dealing (i.e., whether the alleged two-week delay in offering policy limits caused the insured any prejudice).[2]

---

[2] Continental Ins. Co. v. Bayless and Roberts, Inc., 608 P.2d 281, 293 (Alaska 1980)(insurer refused to defend insured unless insured agreed to allow the insurer to later deny liability on the grounds that insured failed to cooperate); Peal by Peal v. Smith, 444 S.E.2d 673, 678 (N.C. App. 1994)(employer's polices prohibiting consumption of alcohol on premises was some evidence of the employer's standard of care in lawsuit stemming from death caused by employee that had consumed alcohol on employer's premises); Klassette v. Mecklenburg County Area Mental Health Center, 364 S.E.2d 179, 183 (1988)(detoxification center's policies and procedures indicating center's duty of care to prospective clients relevant where treatment center argued it had no duty of care to injured prospective client);

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Of course, claims manuals are admissible evidence _if_ they are probative of a material issue.  But here, marching through the procedures and practices in Allstate's claim manuals, such as the procedures which set forth a time frame for a home office referral, is mere muckraking.    Mr. Herron fails to demonstrate how the delay in the home office referral had anything whatsoever to do with the timing of Allstate's policy limits offer in this case.  It is, after all, undisputed that Allstate's local office claim supervisor, Karen Petersen, had the authority to order that policy limits be offered to Ms. Trailov and that she exercised that authority on May 29, 2003. Likewise, it is undisputed that Allstate's local claim office evaluation consultant, Lori Barra, had the monetary authority to tender the policy limits of $112,500 and that she exercised that authority.[3]  Allstate's home office had nothing to do with the timing of any settlement offer to Ms. Trailov or the monetary authority for any such offer.  As the Alaska Supreme

---

Wilson v. City of Kotzebue, 627 P.2d 623, 629-30 (Alaska 1981)(trial court did not commit reversible error by instructing jury that policies manual relating to search of incoming prisoners could be considered as evidence of standard of care in lawsuit by inmate that set himself on fire with lighter he brought into the jail); Swenson Trucking & Excavating , Inc. v Truckweld Equipment Co., 604 P.2d 1113, 1118(Alaska 1980)(in dicta, court noted that industry practice as to inspection of truck part was relevant to standard of care in lawsuit involving claim of negligent inspection of truck part).
[3] Exhibit 2, attached.

Court held in *Hillman v. Nationwide*,[4] policies and procedures are inadmissible where they are not relevant to the issues in the case.

Ms. Trailov's counsel, Ms. Power, controlled the settlement terms. She initially made her demand in February 2003. She set a "deadline" of May 16, 2003, and she set forth the terms of meeting that deadline in her letter of April 10, 2003. Allstate's conduct in response to that demand, and the underlying nature of that deadline, are clearly at issue. However, evidence relating to Allstate's supposed failure to comply with this or that internal claim procedure or practice prior to, and unrelated to, Ms. Trailov's settlement deadline are simply not relevant and should be excluded.

DATED at Anchorage, Alaska, this 5th day of May, 2008.

WILKERSON HOZUBIN
Attorneys for Plaintiff

By: s/Mark E. Wilkerson
Mark E. Wilkerson
310 K Street, Suite 405
Anchorage, AK 99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: mark@wilkersonlaw.net
Attorneys for Plaintiff Allstate
AK Bar No. 8310157

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[4] *Hillman v. Nationwide*, 855 P.2d 1321, 1326 (Alaska 1993).

CERTIFICATE OF SERVICE
I hereby certify that on
May 5, 2008, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.


WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Mtn in Limine.2 Other Allegations.Reply

**WILKERSON
HOZUBIN**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

5