Mark E. Wilkerson, Esq.
Wilkerson Hozubin
310 K Street, Suite 405
Anchorage, AK  99501
Phone: 907 276-5297
Fax: 907 276-5291
E-mail: Mark@wilkersonlaw.net
AK Bar No. 8310157

Attorneys for Plaintiff Allstate

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>  )<br>         Plaintiffs,    )<br>  )<br>  vs.    )<br>  )<br>CHARLES HERRON,   )<br>  )<br>         Defendant.    )<br>_____) | Case No. A04-0043 CV (TMB) |

**REPLY IN SUPPORT OF ALLSTATE'S MOTION TO STRIKE
LATE-FILED SUPPLEMENTAL REPORT OF ROBERT WAINSCOTT**

No new documents have been exchanged between the parties in the six months before Mr. Wainscott "supplemented" his affidavit and report. The deadline for filing expert reports was June 5, 2006.[1] The courts have adopted a bright line approach to discovery of expert witnesses and a late supplementation should only be granted upon a compelling need to justify such relief.[2] The burden was on Herron to seek permission to ignore the expert report disclosure deadline. Herron has taken no such action.

---

[1] See Docket 115, Order Granting Joint Request for Extensions of Time, attached as Exhibit 1 to original Motion to Strike.
[2] See In Re Hanford Nuclear Reservation Litigation, 292 F.3d 1124, 1130 (9th Cir. 2002).

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

Further, Herron, in his Opposition, fails to justify the late supplementation of Mr. Wainscott's report. Herron lays out a timeline, but fails to explain why Herron/Wainscott waited until the eve of trial, and six months after the documents were produced, to generate a report.

Instead, Herron tries to impugn Allstate, and Allstate's production of documents, in this action. Herron attempts to sweep this action into the Hensel v. Allstate state action. The document productions in these two cases are different: 1) the Hensel and Herron actions are entirely different lawsuits, 2) the cases have entirely different allegations, 3) the cases have different claims and defenses, and 4) the legal and adjusting personnel performing searches and production are different. These actions are not similar in nature. The underlying and erroneous assumption made by Herron is that these cases are the same, that document requests would have generated the same documents, and that the subject documents should have been produced in this litigation.[3]

Further, Herron is inappropriately presumptive when he suggests that all lawsuits involving Allstate should generate the same documents in production. Given the vast number of documents which are generated and maintained at local and regional claim offices (by employees, supervisors, managers and

**WILKERSON HOZUBIN**
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

---

[3] See G. Zipkin letter dated September 7, 2007, attached as Exhibit 5 to Herron's Opposition at Docket 233.

others) over decades of operation, it is not surprising if identical searches resulted in somewhat different results. It would be surprising if those searches did result in the identification of precisely the same documents.[4]

Nevertheless, if the subject documents could have/should have been previously produced, they do not provide any new information as to Allstate's claim handling. In fact, Wainscott, in his Supplemental Report, stated the documents are typical.

Wainscott offered no new opinions as a result of the documents, which he stated were typical of the insurance industry's procedure manuals.[5] The documents are not "smoking guns" and do not warrant the allowance of Wainscott's supplementation.

Allstate is compelled to correct one of the typographical errors in Herron's Opposition, namely the date Wainscott's Supplemental Report was served. The Opposition states on Page 5 the Supplemental Report was served in March 2006, when in fact, the Supplemental Report was served in March 2008.

In conclusion, the Supplemental Report of Robert Wainscott is untimely, repetitive and contains opinions on matters the court has already found to be immaterial.[6] The Supplemental

---

WILKERSON
HOZUBIN
310 K STREET, SUITE 405
ANCHORAGE, AK 99501
TEL: (907) 276-5297
FAX: (907) 276-5291

[4] Id.
[5] See Wainscott's Supplemental Report at p. 1 ¶3, attached as Exhibit 11 to the original Motion at Docket 214.
[6] Docket 160, p. 14 fn. 56.

3

Report, and reference and/or opinion based thereon, should not be allowed. Preclusion of this late supplemental expert evidence is necessary to avoid unfair prejudice to Allstate.

DATED at Anchorage, Alaska, this 5th day of May, 2008.

> WILKERSON HOZUBIN
> Attorneys for Plaintiff
>
> By: s/Mark E. Wilkerson
> 310 K Street, Suite 405
> Anchorage, AK  99501
> Phone: 907 276-5297
> Fax: 907 276-5291
> E-mail: mark@wilkersonlaw.net
> Attorneys for Plaintiff Allstate
> AK Bar No. 8310157

**CERTIFICATE OF SERVICE**
I hereby certify that on
May 5, 2008, a true and
correct copy of the foregoing was
served electronically on the following:

Mark A. Sandberg, Esq.
Gary A. Zipkin, Esq.

WILKERSON HOZUBIN

By:   s/Mark E. Wilkerson
1000.788/plead/Dec Action/Mtn to Strike Wainscott Supp - Reply