Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,  )<br>                                                            )<br>           Plaintiffs,                             )<br>                                                            )<br>           v.                                            )<br>                                                            )<br>CHARLES HERRON,                          )<br>                                                            )<br>           Defendant.                           )<br>_____)  | No. 3:04-cv-00043-TMB |

ALLSTATE'S MOTION IN LIMINE NO. 3 TO PRECLUDE
ROBERT HERRON FROM ACTING AS THE DEFENDANT AT TRIAL AND
FROM BEING PRESENT IN THE COURTROOM WHEN HE IS NOT TESTIFYING

On April 30, 2008, Allstate learned from Herron's Additional Description of Expected Testimony that Charles Herron will likely not appear at trial "[b]ecause of his psychological condition."[1]  Around that time, Allstate also learned, for the first time,

---

[1] On or about March 28, 2008, Charles Herron's attorney, Mark Sandberg, told Allstate's attorneys that Charles Herron was having psychological problems and it was possible he would not be at trial.  Mr. Sandberg said he would further look into this issue and provide us an update on Charles Herron's status.  The "update" was the April 30 filing.

that defendant's attorney intends to have Charles Herron's father, Robert Herron, sit at counsel's table at trial and "act" as the defendant.[2]  Because it is inappropriate under both Fed. R. Civ. P. 25(b) and Fed. R. Evid. 615 for Robert Herron to participate in this manner at trial, Allstate respectfully requests the court exclude him from the courtroom, except for when he is testifying.  Allstate further respectfully requests that the court schedule a pre-trial hearing prior to May 29, 2008, to address this and other pending issues, including the other pending motions in limine.

<u>Argument</u>

Robert Herron is, at best, a marginal fact witness.[3]  He is not a party.  He has not moved to become a party.  Accordingly, Robert Herron cannot be permitted to sit at counsel's table and must be excluded from the courtroom for the entirety of the trial, with the exception of when he, himself, is testifying.

---

[2] <u>See</u> Exhibit 1, Affidavit of Gary A. Zipkin.  It is because of this late disclosure that this motion was not filed until after the original deadline for filing in limine motions.  However, this issue is so important Allstate wanted to bring it to the court's attention before the pre-trial conference scheduled for May 29, 2008.

[3] There is also some dispute with regard to the scope of Robert Herron's testimony.  In particular, Herron's Additional Description of Expected Testimony stated that Robert Herron would testify regarding "the reasons that his son (who suffers from schizophrenia) is not attending the trial."  Such testimony is not relevant to the issues to be presented to the jury.  Even presuming such testimony has marginal relevance, which it does not, its "probative value is substantially outweighed by the danger of unfair prejudice [and] confusion of the issues" and it should be excluded.  <u>See</u> Fed. R. Evid. 403.

Fed. R. Civ. P. 25(b), which governs the substitution of parties, in relevant part reads:

> (b)  Incompetency.  If a party becomes incompetent, the court may, <u>on motion</u>, permit the action to be continued by or against the party's representative.

The rule could not be clearer -- a motion is required to substitute a named party.  This rule stands as an important safeguard to keep individuals from simply "slipping in" as a party without the court making a determination that the original party is, in fact, incompetent.  It also allows the opposing party to properly prepare for trial without being ambushed by surprise "parties."

The original named party's alleged inability to attend trial does not, in and of itself, require the court to allow another individual to act as "the party" during trial, or to continue trial.[4]  Charles Herron's interests at trial will be adequately represented by his attorney.  Moreover, Charles Herron's testimony was preserved and will be presented to the jury through his videotaped deposition.

Not only should Robert Herron be excluded from sitting at counsel's table but, as a lay witness, he should be excluded from the courtroom, except for when he is

---

[4] See <u>Ballenger v. Baxley</u>, 1987 Ohio App. LEXIS 8219 (Ohio Ct. App., Clark County July 30, 1987) (applying substantially similar Ohio Rule of Civil Procedure the court held that there was no reversible error in allowing trial to proceed without party being present because "even if substitution was warranted, no designated representative would have been in any better position to protect the appellant's interests than did his trial attorney.")

testifying. The "exclusionary rule," Fed. R. Evid. 615 states, in relevant part:

> At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses. . . This rule does not authorize exclusion of (1) a party who is a natural person, or ... (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause, or (4) a person authorized by statute to be present.[5]

As discussed above, Robert Herron is not a party to this case and Charles Herron has not shown Robert Herron's presence to be "essential" to presenting his case.[6] Finally, there is no statute which authorizes Robert Herron to be present during the

---

[5] Fed. R. Evid. 615, emphasis supplied. Allstate hereby requests the court to exclude witnesses from listening to the testimony of other witnesses. See United States v. Brewer, 947 F.2d 404, 408 (9th Cir. Cal. 1991) citing United States v. Ell, 718 F.2d 291, 292 (9th Cir. 1983). ("The use of the word 'shall' makes it clear that a district court must comply with a request for exclusion. 'The rule makes the exclusion of witnesses a matter of right and the decision is no longer committed to the court's discretion as it once was.'").

[6] See Milicevic v. Fletcher Jones Imps., Ltd., 402 F.3d 912, 916 (9th Cir. Nev. 2005) citing United States v. Reeder, 614 F.2d 1179, 1186 (8th Cir. 1980) ("where a particular trial counsel is 'essential to the presentation' of the client's cause, we agree with the Eighth Circuit that 'Fed. R. Evid. 615(3) clearly would allow [trial counsel] to remain present in the courtroom as an exception to the exclusionary rule for witnesses.'"); United States v. Seschillie, 310 F.3d 1208, 1213 (9th Cir. Ariz. 2002) citing United States v. Ell, 718 F.2d 291, 293 (9th Cir. 1983) (holding that expert witnesses are generally "essential" to the presentation of the case and that "[t]he purpose of this rule is to prevent witnesses from 'tailoring' their testimony to that of earlier witnesses."); United States ex rel. J. Huizar & Sons v. Environmental Constr. Co., 1995 U.S. App. LEXIS 8683 (9th Cir. Cal. Apr. 13, 1995) (court was acting within it discretion by barring wife of defendant/bookkeeper from trial) citing 6 Wigmore, Evidence § 1838 (Chadbourn rev. 1976) ("the expedient of sequestration is (next to cross-examination) one of the greatest engines that the skill of man has ever invented for the detection of liars in a court of justice . . . .")

testimony of other witnesses.[7]  Robert Herron, therefore, must be excluded from the courtroom for all proceedings beyond his own testimony.

## Conclusion

The Rules of Evidence exclude witnesses (except when testifying) from the courtroom unless they are a party, their presence is "essential," or they are statutorily authorized to remain.  Robert Herron does not fall into these exceptions.  He, therefore, can't be present (expect during his testimony) in the courtroom during the trial.  And, because he can only be present for one limited purpose, he can not act as the "defendant" by sitting at counsel's table.

DATED at Anchorage, Alaska, this 8th day of May, 2008.

GUESS & RUDD P.C.
Attorneys for Allstate

By:  s/Gary A. Zipkin
    Guess & Rudd P.C.
    510 L Street, Suite 700
    Anchorage, Alaska  99501
    Phone: 907-793-2200
    Fax:  907-793-2299
    Email: gzipkin@guessrudd.com
    Alaska Bar No. 7505048

---

[7] See United States v. United States Dist. Court (In re Mikhel), 453 F.3d 1137, 1139 (9th Cir. Cal. 2006) (holding victims of crime where statutorily entitled to be present).

CERTIFICATE OF SERVICE

I hereby certify that on the
8th day of May, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:      S/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\13 car 3rd mtn lim re Robert Herron.doc