Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. )<br>_____ ) | <br><br><br><br><br><br><br><br><br>No. 3:04-cv-00043-TMB |

ALLSTATE'S MOTION FOR LEAVE TO CALL WAINSCOTT
IN ITS CASE-IN-CHIEF AND TO POSE LEADING QUESTIONS

On or about March 28, 2008, counsel for Allstate informed Herron's

counsel that he intended to call Herron's expert Wainscott adverse during Allstate's case-

in-chief.  Herron's counsel informed him that he objected to the idea of Wainscott being

so called, but agreed to make Wainscott available without subpoena if the court agreed that Allstate could call Wainscott adverse. Rather than raise this issue during trial and keep the jury waiting, as well as Wainscott and the parties being unable to plan their cases, Allstate brings this matter to the court now.

Consistent with the authorities cited below, Allstate seeks an order confirming that it may call Wainscott adverse during Allstate's case-in-chief and that Allstate's counsel may examine him as a "witness identified with an adverse party."[1]

Facts

Herron's Final Witness List, filed on June 5, 2006, listed Robert Wainscott as an expert witness.[2] Allstate's Final and Expert Witness List, filed the same day, listed as its potential witnesses, "[a]ny and all witnesses listed by the Defendant" -- this would include Wainscott.[3] On April 9, 2008, Allstate filed its Trial Witness List, which listed

---

[1] Fed. R. Evid. 611(c).

[2] Exhibit 1.

[3] Exhibit 2.

Wainscott as a witness it intended to call in its case-in-chief.[4] Herron's Additional Description of Expected Testimony, filed on April 30, 2008, acknowledged that Wainscott was "an expert listed by both parties."[5] Herron has objected to Wainscott testifying in Allstate's case-in-chief.

Argument

A. <u>Allstate Can Call Wainscott as a Witness in its Case-in-Chief.</u>

Decisions regarding the mode and order of questioning witnesses lie within the broad discretion of this court.[6] No court has issued a per se rule forbidding a plaintiff from calling defendant's expert during its case-in-chief.[7]

> To the contrary, in <u>Peterson v. Willie</u>, 81 F.3d 1033 (11th Cir. 1996), the Eleventh Circuit observed that "[o]nce a witness has been designated as expected to testify at trial, there may be situations when the witness should be permitted to testify for the opposing party." <u>Id</u>. at 1037-38; <u>see</u> <u>also</u> <u>House v. Combined Ins. Co. of America</u>, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is

---

[4] Exhibit 3.

[5] Exhibit 4.

[6] <u>See</u> Fed. R. Evid. 611(a); <u>Elgabri v. Lekas</u>, 964 F.2d 1255, 1260 (1st Cir. R.I. 1992) ("The mode and order of questioning thus lies in the trial court's discretion"). And the trial court will only be reversed if its decision "resulted in undue prejudice to the appellant's case." <u>Loinaz v. EG&G, Inc.</u>, 910 F.2d 1, 7 (1st Cir. P.R. 1990).

[7] <u>See</u> <u>Kerns v. Pro-Foam of S. Ala., Inc.</u>, 2007 U.S. Dist. LEXIS 57957 (S.D. Ala. Aug. 7, 2007), at * 17.

recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available to all parties."); Doe v. Eli Lilly & Co., 99 F.R.D. 126, 128 (D.D.C. 1983) ("no party to litigation has anything resembling a proprietary right to any witness's evidence").  The Peterson panel opined that the decision of whether to allow a party to call as a witness the other side's expert "is committed to the sound discretion of the district court." 81 F.3d at 1038 n.4; see also National R.R. Passenger Corp. v. Certain Temporary Easements Above Railroad Right of Way in Providence, Rhode Island, 357 F.3d 36, 42 (1st Cir. 2004) (finding no abuse of discretion in district court's decision to allow party to call opponent's expert during party's case-in-chief and to examine him as a hostile witness).[8]

The court in Kerns went on to hold that the party wishing to call the expert did not have to list the witness in its Rule 26 Disclosures, because the objecting party was undoubtedly aware of the positions taken by its own expert.[9]  The court also rejected the argument that allowing a party to call an opposing party's expert will lead to jury confusion.[10]  Finally, the court was not persuaded by the defendant's argument that it was "unfair" to allow the plaintiff to "piggy-back" on defendant's trial preparation.[11]

---

[8] Id. at *17-*18.

[9] Id. at *19-*20.

[10] Id. at *22.

[11] Id. at *24-*25.

Allstate has a legitimate purpose in calling Wainscott in its case-in-chief. Allstate seeks to question Wainscott regarding relevant information in connection with the opinions he has already expressed in his 54-page affidavit, his expert reports, and his depositions. Allowing Allstate to call Wainscott during its case-in-chief will lead to a more efficient use of the court's time and the jury's time during trial because it will allow for a more orderly and logical presentation of the evidence. Mr. Herron has failed to articulate how allowing Wainscott to testify during Allstate's case will result in any undue prejudice to him. Accordingly, Allstate should be permitted to call Wainscott to testify during its case-in-chief.

B.  Allstate is Entitled to Examine Wainscott Using Leading Questions.

Fed. R. Evid. 611(c), which governs the use of leading questions, in relevant part reads:

> (c)  Leading Questions. Leading questions should not be used on the direct examination of a witness except as may be necessary to develop the witness' testimony... When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.

Because Wainscott has already demonstrated that he is a "hostile witness" and/or a "witness identified with an adverse party," pursuant to this rule, Allstate should be permitted to examine him using leading questions from the start of its examination.

In Suarez Matos v. Ashford Presbyterian Community Hosp., the court rejected a blanket rule that, if a party called the opposing party's expert witness during the presentation of its case, it was automatically entitled to examine the expert using leading questions.[12] This lack of a blanket rule is logical when considering that traditionally "[t]he purpose of an expert witness is to assist the trier of fact to understand the evidence or to determine facts in issue" and "[a]n expert witness should never become one party's expert advocate." [13]

However, like any witness, when an expert witness establishes that he is a "hostile witness" and/or a "witness identified with an adverse party," the party calling that

---

[12] 4 F.3d 47, 50 (1st Cir. P.R. 1993).

[13] Selvidge v. United States, 160 F.R.D. 153, 155-156 (D. Kan. 1995) (allowing party to call other party's expert based on the terms of the pre-trial order).

witness can interrogate him using leading questions.[14] Throughout his Affidavit, his deposition testimony, and his expert reports, Wainscott consistently has established himself as a "hostile witness" toward Allstate and/or a "witness identified with" Mr. Herron.

The Affidavit of Robert Wainscott, sworn to on November 29, 2004, vividly demonstrates Wainscott's "identification" with Herron.[15] The Affidavit is full of advocacy and attack with respect to Allstate's conduct: "remarkably," "inconceivable," "inexcusably," "silent and invisible," "obviously, ignored," "I would have expected," "grossly," "this was not rocket science," "incredibly," "terribly," "shocking," "literally drops out of the sky," and "if he did his job."[16] Wainscott's willingness to opine

---

[14] Fed. R. Evid. 611(c). See also National R.R. Passenger Corp., 357 F.3d at 42; Ellis v. Chicago, 667 F.2d 606, 613 (7th Cir. 1981) (holding witnesses were identified with an adverse party because they were employed by one of the defendants and they "were each present during portions of the incident which gave rise to this lawsuit."); Chonich v. Wayne County Community College, 874 F.2d 359, 368 (6th Cir. Mich. 1989) (holding that leading questions were proper when witnesses "were among those charged by defendant, directly or indirectly, with having taken actions which amounted to racial or sexual discrimination."); Perkins v. Volkswagen of America, Inc., 596 F.2d 681, 682 (5th Cir. La. 1979) (holding that the trial court should have allowed use of leading questions when party called the opposing party's employee to testify because he was "identified" with the adverse party.); and United States v. Hicks, 748 F.2d 854, 859 (4th Cir. Md. 1984) (holding with regard to the defendant's girlfriend that "[c]learly she was a person 'identified with an adverse party' so that interrogation by leading questions was permissible.)

[15] Exhibit 5.

[16] Id. at pp. 8, 10, 13, 14, 15, 16, 17, 21, 25, 26, 27.

unfavorably on the credibility of Allstate's employees also demonstrates that he is so "identified" with Herron that he unabashedly invades the province of the jury to make such credibility determinations.[17]  Wainscott's thinly veiled and ad hominem attacks on Allstate's attorney (Wilkerson) further demonstrates that Wainscott is a "hostile" witness toward Allstate. [18]  Wainscott's report similarly shows overt advocacy and attack,[19] as do his depositions.[20]  Accordingly, Allstate should be permitted to examine Wainscott using leading questions form the beginning of its interrogation.

Conclusion

The Rules of Evidence provide broad discretion to this court with regard to the "mode and order of interrogation."  Like the other courts cited above, this court should exercise that discretion to allow Allstate to call Wainscott in its case-in-chief.

---

[17] Id. at p. 18 ("I find this to be not credible, to say the least. . ."); p. 19 ("she claimed to have gotten the Y-K hospital records"); p. 22 ("she. . .falsely claims. . ."); p. 23 ("falsely claiming"); and p. 24 ("continued to pretend").

[18] Id. at p. 35 ("I would question any attorney advising an insurer as to the insurer's own liability and/or relation to the insurer's claims handling actions and then allowing himself to be appointed to be the insured's counsel without disclosing the conflict of interest, but I cannot tell if that occurred.")

[19] Exhibit 6 at p. 12 ("Ms. Berry explaination (sic) at page 115 of her deposition [that the wording was not intended to eliminate any UIM claims] is not believable."); p. 15 ("It is difficult to believe that Mr. Wilkerson was ever acting as Mr. Herron's attorney..."); and p. 18 ("...includes acts done with malice or bad motives...").

And, because he has demonstrated his "identification" with Herron and his hostility towards Allstate, Allstate should be permitted to use leading questions to elicit Wainscott's testimony.

DATED at Anchorage, Alaska, this 9th day of May, 2008.

        GUESS & RUDD P.C.
        Attorneys for Allstate

        By:   s/Gary A. Zipkin
             Guess & Rudd P.C.
             510 L Street, Suite 700
             Anchorage, Alaska 99501
             Phone: 907-793-2200
             Fax:  907-793-2299
             Email: gzipkin@guessrudd.com
             Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the
9th day of May, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.

By:   S/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\14 car 3rd mtn re Wainscott.doc

---

[20] See e.g., Exhibit 7, January 25, 2007 deposition of Wainscott at p. 51 ("Well, I didn't find her credible and my report reflects that.")

INDEX OF EXHIBITS

Exhibit 1        Herron's Final Witness List, dated June 5, 2006.

Exhibit 2        Plaintiff's Final and Expert Witness List, dated June 5, 2006,

Exhibit 3        Plaintiff's [Redacted] Trial Witness List, dated April 9, 2008

Exhibit 4        Herron's Additional Description of Expected Testimony, dated April 30, 2008

Exhibit 5        Affidavit of Robert Wainscott, dated November 29, 2008.

Exhibit 6        Robert Wainscott's Expert Report, dated June 5, 2006

Exhibit 7        Report Wainscott's January 25, 2007 Deposition (relevant portion)

ALLSTATE'S INDEX OF EXHIBITS TO MOTION FOR LEAVE TO CALL WAINSCOTT
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 1 of 1