Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska 99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANIES, )
                              )
        Plaintiff,            )
                              )
   v.                         )
                              )
CHARLES HERRON,               )
                              )
        Defendant.            )   Case No. 3:04-cv-0043 TMB
_____)

### HERRON'S ADDITIONAL DESCRIPTIONS OF EXPECTED TESTIMONY

Herron supplements his witness list filed on April 9, 2008 with the following descriptions of expected testimony. Generally, Herron expects to call the fact witnesses listed on Allstate's witness list, and solicit the same sort of testimony described on Allstate's list, in the event that Allstate does not actually call those witnesses at the trial.

EXHIBIT 4
Page 2 of 6

04/30/08 WED 15:05 FAX 907 276 3528          LAW OFFICES OF S. W & C                    ☒003

Herron also expects to solicit testimony from each of the Allstate witnesses regarding Allstate's policies and procedures, whether those policies and procedures were followed in this case, the fact that evaluating the venue is part of the claims evaluation process and their evaluation of Bethel as a venue, and how that factors into the process of claim evaluation, whether it factored into the Trailov claim, the fact that Allstate should have conducted the investigation and gathered documents more promptly, the fact that, even with all the delay in Allstate's investigation, Allstate did not receive any additional documentation of the Trailov claim after March 2003, the fact that the Trailov claim should have been evaluated as exceeding the policy limits long before it finally was on May 29, 2003, the fact that Allstate had the opportunity to use the available liability insurance to protect Charles Herron before May 16, 2003 and the fact that it did not, the fact that Allstate should have sent an excess letter and kept Herron and his counsel informed

Herron also expects to call Robert Wainscott, an expert listed by both parties, and solicit opinion testimony consistent with each of the views expressed in his reports and his depositions. Generally, Mr. Wainscott will offer the opinion that Allstate breached its obligation owed to Charles Herron to

HERRON'S ADDITIONAL DESCRIPTIONS OF EXPECTED TESTIMONY
Allstate v. Herron
Case No. A04-0043 CIV (TMB)

Page 2 of 6

EXHIBIT 4
Page 2 of 6

04/30/08 WED 15:06 FAX 907 276 3528    LAW OFFICES OF S. W & C    ☐004
Case 3:04-cv-00043-TMB   Document 235   Filed 04/30/2008   Page 3 of 6

promptly and competently investigate the Trailov claim, that Allstate breached both accepted industry practice and its own guidelines in handling the Trailov claim, that Allstate should have kept Herron and his lawyer better informed and that Allstate breached its obligation to send an excess letter, that Allstate should have recognized long before May 16, 2003 that the Trailov claim easily exceeded the liability limits, and used the available liability insurance to get it settled, that evaluating the venue is part of the claims evaluation process and that Bethel is known as a dangerous venue for defendants. Mr. Wainscott will also address Allstate's obligation to evaluate the claim and tender its limits whether a demand is made or not, and also how Allstate is obligated to respond when it receives a settlement demand and the deficiencies in Allstate's response to Ms. Power. A copy of Mr. Wainscott's resume is attached.

The additional witnesses not found on Allstate's list that Herron has listed, and their expected testimony, follows:

1.  Robert Herron
    C/o Mark Sandberg, Esq.
    Sandberg, Wuestenfeld & Corey
    701 W 8th Avenue, Ste. 1100
    Anchorage, Alaska 99501
    907-276-6363

HERRON'S ADDITIONAL DESCRIPTIONS OF EXPECTED TESTIMONY
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)
Page 3 of 6

EXHIBIT 4
Page 3 of 6

04/30/08 WED 15:06 FAX 907 276 3528      LAW OFFICES OF S, W & C                    ☒005

Case 3:04-cv-00043-TMB   Document 235   Filed 04/30/2008   Page 4 of 6

Mr. Herron is the father of Charles Herron. Mr. Herron is also the purchaser of the Allstate policy that provided his son Charles with insurance for the Trailov accident. It is expected that Mr. Herron will testify to his knowledge of the circumstances surrounding the accident, the family's contacts with Allstate in the course of the investigation, the reasons for hiring Mr. Valcarce and the reason that his son (who suffers from schizophrenia) is not attending the trial.

2.  Charles Herron
    C/o Mark Sandberg, Esq.
    Sandberg, Wuestenfeld & Corey
    701 W 8th Avenue, Ste. 1100
    Anchorage, Alaska 99501
    907-276-6363

Because of his psychological condition, Charles Herron is not expected to testify at the trial.

3.  James Valcarce
    Cooke, Roosa & Valcarce
    900 3rd Avenue
    Bethel, Alaska 99559
    907- 543-2744

Mr. Valcarce was the personal counsel for Charles Herron during the investigation that is the subject of this lawsuit. Mr. Valcarce is expected to testify about his background and experience as a lawyer in Bethel, Bethel as a venue for injury claims, his role as personal counsel in an insured personal

EXHIBIT 4
Page 4 of 4

04/30/08 WED 15:06 FAX 907 278 3528      LAW OFFICES OF S, W & C                    ⌀006

Case 3:04-cv-00043-TMB   Document 235   Filed 04/30/2008   Page 5 of 6

injury claim, the efforts that he made to persuade Allstate to settle the Trailov claim, the reasons that he made those efforts and wanted to see the case settled, his contacts with Allstate and the fact that Allstate did not advise him of the timed demand from Trailov's lawyer.

4. Craig Elkins
   Allstate Insurance Company
   C/o Wilkerson, Hozubin & Burke
   310 K Street, Ste. 405
   Anchorage, Alaska 99501
   907-276-5297

Mr. Elkins was Kathy Berry's supervisor for the Trailov claim. Mr. Elkins is expected to testify regarding the role of a claims supervisor, how he does his job, how he evaluates his adjusters and their claim files, Allstate's normal claims handling procedures, whether Kathy Berry complied with those procedures on the Trailov claim, the system for logging demands and whether the demand from Trailov was properly logged, the system for home office referrals and whether the Trailov referral was proper and timely, and other related topics concerning Allstate's handling of the Trailov claim. Mr. Elkins is also expected to testify about the subjects described above that address all Allstate witnesses.

HERRON'S ADDITIONAL DESCRIPTIONS OF EXPECTED TESTIMONY
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)
Page 5 of 6

EXHIBIT 4
Page 5 of 6

DATED this 30th day of April 2008, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 275-3529
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax ( ) hand this 30th day of April 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501

s/ Mark A. Sandberg

EXHIBIT 4
Page 6 of 6