Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>                     )<br>      Plaintiff,    )<br>                     )<br>   v.              )<br>                     )<br>CHARLES HERRON,      )<br>                     )<br>      Defendant.   )<br>                     ) | Case No. 3:04-cv-0043 TMB |


## HERRON'S OBJECTIONS TO ALLSTATE'S PROPOSED JURY INSTRUCTIONS


Charles objects to each of the following proposed jury instructions submitted by Allstate:

1. <u>Proposed Instruction No. 2</u>.

Proposed Instruction No. 2 contains an incomplete and inaccurate summarization of the case.  More importantly, the instructions states that Herron has the burden of proof in this

lawsuit.    As discussed at length in Herron's Trial Brief, Allstate has the burden of proof in this case.

2. <u>Proposed Instruction No. 13</u>.

Allstate takes a pattern instruction regarding limitations upon use of conviction of a crime for impeachment and seeks to apply to across the board.    Prior out of court statements of the various Allstate employees are substantive evidence under Rule 801 and their use is not limited to impeachment.

3. <u>Proposed Instruction No. 18</u>.

Herron does not believe that this instruction is applicable in this case.

4. <u>Proposed Instruction No. 22</u>.

As discussed in Herron's Trial Brief, Allstate has the burden of proof in this case.

5. <u>Proposed Instruction No. 23</u>.

This is an incomplete and inaccurate restatement of what the <u>Continental</u> case actually says.    Herron's Proposed Instruction on this issue accurately summarizes the law.

6. <u>Proposed Instruction No. 24</u>.

This Instruction inaccurately states Alaska Law, and does so in an argumentative fashion.    Herron's Proposed Jury Instructions accurately set forth the duties of a liability insurer.

7. Proposed Instruction No. 25.

As set forth in Herron's Trial Brief, Allstate has the burden of proof in this lawsuit. Also, the instruction ignores Allstate's duty to seek clarification of any ambiguity in Trailov's settlement offer. Allen v. Allstate Ins. Co., 656 F.2d 487, 490 (9th Cir. 1981); Betts v. Allstate Ins. Co., 201 Cal.Rptr. 528, 539 (Cal.App. 1984). The instruction also ignores the fact that Allstate must prove that there was no realistic possibility of settlement within the policy limits at any time after a reasonable insurance company would have realized there was a substantial likelihood of an excess judgment. Snowden v. Lumberman's Mutual Casualty Co., 358 F.Supp.2d, 1125, 1128 (N.D.Fla. 2003).

8. Proposed Instruction No. 26.

Proposed Instruction No. 26 inaccurately states the obligations of a liability insurer in Alaska. When there is a substantial likelihood of an excess judgment, Allstate owes a duty to tender policy limits in settlement, regardless of whether it has even received a settlement offer. Bohna v Hughes, Thorsness, Gantz, Powell & Brundin, 828 P.2d 745, 768 (Alaska 1992). Moreover, when a plaintiff makes a policy limits demand, the covenant of good faith and fair dealing places a duty on an insurer to tender policy limits when there is a

substantial likelihood of an excess judgment. Jackson v. American Equity Ins. Co., 90 P.3d 136, 142 (Alaska 2004). The proposed instruction also ignores Allstate's duty to seek clarification in the event of any ambiguity in the settlement offer. Betts, supra.

    9. Proposed Instruction No. 27.

    Herron objects to this Instruction for the reasons set forth in the discussion concerning Proposed Instruction No. 26.

DATED this 16 day of May 2008, in Anchorage, Alaska.

                              s/ Mark A. Sandberg_
                              701 W 8th Avenue, Ste. 1100
                              Anchorage, Alaska 99501
                              Phone: (907) 276-6363
                              Fax: (907) 276-3528
                              E-Mail: msandberg@aol.com
                              Alaska Bar No.: 7510084


CERTIFICATE OF SERVICE

I hereby certify that a true and
correct copy of the foregoing was
served by ( ) mail ( ) fax ( ) hand
this 16 day of May 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.

Herron's Objections to Allstate's Proposed Jury Instructions
Allstate v. Herron
Case No. A04-0043 CIV (TMB)

510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg_