```
Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| CHARLES HERRON, ) ) | |
| Defendant. ) ) | Case No. 3:04-cv-0043 TMB |

**<u>HERRON'S TRIAL BRIEF</u>**

Pursuant to the Pretrial Order, dated February 1, 2008 (docket 210), Charles Herron submits this Trial Brief that is intended to set forth Herron's position as to the contested issues of law presented by this case.

1. What are we really trying?

Charles Herron has no claims against Allstate. He assigned all of his claims to Mary Kenick in 2004. Therefore, it seems incongruous to adjudicate a claim that Herron does not own.

Over the course of this lawsuit, we have wrestled with exactly with what is at issue. There are several alternatives.

a. Whether Herron had a viable claim to assign?

On July 14, 2004 (docket 20), Judge Singleton summarized what this case was about as follows: "Allstate seeks a determination that the assignment was a nullity, i.e. that Herron had no viable claim to assign."

If Judge Singleton accurately described the issue, then this should be a trial about whether reasonable persons could believe that Allstate was negligent or committed bad faith in failing to settle Angelina Trailov's claim against Charles Herron. The jury would not need to decide whether Allstate actually was negligent or committed bad faith. Rather, the issue would be whether Herron had a viable claim to assign. The

actual adjudication of that claim could be done by Mary Kenick, the owner of the claim, in State Court.

b. <u>Whether Allstate was negligent or committed bad faith</u>?

In a discussion dated October 19, 2006 (docket 160) this Court said: "Allstate seeks a declaration that Herron breached the insurance agreement by unilaterally confessing judgment and that breach was not justified by any prior action by Allstate." That statement suggests that we will be determining whether Allstate actually was negligent or committed bad faith.

2. <u>Allstate has the burden of proof</u>.

Allstate came to this Court seeking a declaration of non-liability.  It bears the burden of proving all facts necessary in support of its proposed declaration.

The Rule in the Ninth Circuit was established long ago in <u>Pacific Portland Cement Co. v. Food Mach. & Chem. Corp.</u>, 178 F.2d 541, 546-47 (9th Cir. 1950) when the Court said:

> "In the last analysis, whether we are dealing with an ordinary action or one for declaratory relief, the question of who has the burden of proof is determined not so much by the position of the parties or by choosing who the actor in the law suit is, as by the nature of the relief asked for and granted. Borchard, Declaratory Judgments, 2d Ed., 1941, pp. 404-409. So far as the Federal declaratory judgment statute is concerned, the matter has been very lucidly stated by the Court of Appeals for the Eight Circuit in <u>Reliance Life Insurance Co. v. Burgesss, 8 Cir., 1940, 112 F.2d 234, 237</u>: 'The question as to who must sustain the burden of proof in a declaratory judgment suit is a comparatively new one, which we think does not admit

of a categorical answer. It must depend, as in other classes of litigation, upon the condition of the pleadings and the character of the issues at the time the question is presented. <u>Plaintiff alleged that the insured committed suicide while sane. It alleged an actual controversy, and the proceeding was instituted by it to determine that controversy. Defendants denied that a justiciable controversy existed and put in issue the allegations of plaintiff's petition, but they asked no affirmative relief but prayed only to be discharged with their costs</u>. The question as to whether the burden of proof in its primary sense rests upon the plaintiff or defendant is ordinarily to be determined by ascertaining from the pleadings which of the parties without evidence would be compelled to submit to an adverse judgment before the introduction of any evidence. It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action. It is generally upon the party who will be defeated if no evidence relating to the issue is given on either side.' [citations omitted].

<u>If the circumstances in this case are tested by this principle, it becomes quite evident that Pacific was an actor in the case. It sought not only an interpretation of the contract, of its rights under it, and a declaration of non-liability…</u>." (emphasis added).

Under the <u>Pacific Portland</u> test, it is clear that Allstate has the burden of proof in this lawsuit. Allstate filed this case, seeking a declaration that Herron had no valid claims to assign to Kenick. To prevail, Allstate needs to prove that.

Herron "denied a justiciable controversy existed", "requested no affirmative relief" and asked "only to be

discharged." Herron does not have the burden of proof.[1] The principles discussed in Pacific Portland have been applied in numerous insurance cases. What follows is a non-exhaustive, but hopefully illustrative, list of examples.

a. Reliance Life Ins. Co. v. Burgess, 112 F.2d 234 (8th Cir. 1940) was cited favorably by the Ninth Circuit. This was an action by an insurer to declare that the insured's death was not accidental within the meaning of the policy. The Court placed the burden of proving the necessary facts upon the insurer.

b. Metropolitan Causalty Co. v. Miller, 188 F.2d 702 (7th Cir. 1951) involved an insurer seeking a declaration that no order for insurance was ever placed with its agent. The Court gave the insurer the burden of proving that there was never a valid insurance policy.

c. Sutton v. Hawkeye Casualty Co., 138 F.2d 781 (6th Cir. 1943) was an action to declare an automobile policy forfeited for breach of warranty. The Court said that the insurer had the burden of proof.

d. Continental Casualty Co v. Padgett, 123 F.Supp.847 (D. S.C. 1954) involved an insurer seeking a declaration that the driver of a truck was not using it with the insured's

---

[1] If Herron had the burden of proof, he also should have had the option of dismissing the case.

Herron's Trial Brief
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

permission. The insurer had the burden of proof on the permissive user issue.

    e. <u>American Fire Ins. Co. v. Cinnamon</u>, 100 F.Supp. 217 (D. Mo. 1951) involved an insurer seeking a declaration of non-liability on a fire insurance policy. The insurer had the burden of proving that the fire was started by, or with the knowledge of the insured.

    f. <u>American Indemnity Co. v. Davis</u>, 155 F.Supp 47(D. Ga. 1957) involved an insurer's action for a declaration that the insured's noncooperation voided his coverage. The insurer had the burden of proving that.

    g. <u>Travelers Ins. Co. v. Drumheller</u>, 25 F.Supp 606 (D. Mo. 1938) involved an insurer seeking a declaration that the insured did not die from an accident. The Court said that one who comes into Court asking for a judgment against another has the burden of proving that he is entitled to that judgment.

    h. <u>Reliance Life Ins. Co. v. Fancher</u>, 30 F.Supp. 264 (D. Mo. 1939) involved an insurer seeking a declaration that the insured did not die from an accident. Citing <u>Drumheller</u>, the Court placed the burden on the insurer.

    i. <u>Pioneer Mutual Casualty Co. v. Qualls</u>, 146 NE.2d 612 (Ohio App. 1957) involved an insurer's suit to cancel a

liability policy for false or fraudulent misrepresentations. The insurer had the burden of proving all elements of fraud.

    j. <u>Republic Casualty Co. v. Obregon</u>, 290 SW.2d 267 (Tex. Civ. App. 1956) involved an insurer's action for declaration that a minor was an employee of the insured and thus excluded from coverage.  The insurer was given the burden of proof on that issue.

    k. <u>Vermont Mutual Ins. Co. v. Singleton</u>, 446 SE.2d 417 (S.C. 1994) involved an insurer seeking a declaratory judgment as to whether its insured was entitled to a legal defense and coverage for injuries sustained in a fist fight.  The insurer was given the burden of proof.

    All of these cases are applications of the general rule set forth in <u>Concord Ins. Co. v. Miles</u>, 289 A.2d 267 (N.J.Super. 1972), where the Court stated: "it is our considered opinion that we should apply the general rule that one who brings an action of this kind has the obligation of proving the facts alleged in the Complaint." This is true even if a negative declaration, like a finding of non-liability, is sought. <u>Owens v. Brownlie</u>, 610 NW.2d 860, 866 (Iowa 2000).

Herron's Trial Brief
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

3. <u>Allstate's duty to settle and the significance of Trailov's demand</u>.

a. <u>Allstate's duty to settle</u>.

When there is a substantial likelihood of an excess verdict against its insured, an insurer owes a duty to tender its policy limits. <u>Bohna v Hughes, et al.</u>, 828 P. 2d 745, 768 (Alaska 1992). This duty exists whether or not the plaintiff has made a settlement demand. <u>Id</u>. In Alaska, an insurer owes an affirmative duty to tender whether or not a settlement demand has been received.

b. <u>Allstate's duty upon receiving a settlement demand</u>.

> "When a plaintiff makes a policy limits demand, the covenant of good faith and fair dealing places a duty on an insurer to tender maximum policy limits to settle a plaintiff's demand when there is a substantial likelihood of an excess verdict against the insured. This duty is grounded in the insurer's legal duty to act in good faith to protect the interest of the insured." <u>Jackson v. American Equity Ins. Co.</u>, 90 P.3d 136, 142 (Alaska 2004).

An insurer that breaches its duty to tender policy limits can successfully defend by demonstrating that there actually never was an opportunity to settle the case within the policy limits. If successful, the insurer would demonstrate that its breach of the duty to tender policy

Herron's Trial Brief
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

limits was not a legal cause of harm because the case would not have settled anyway.

This is a defense which the insurer must prove. <u>Snowden v. Lumbermens Mutual Casualty Co.</u>, 358 F.Supp.2d 1125, 1128 (N.D.Fla. 2003). The burden of proof is on the insurer. "Any question about the possible outcome of a settlement effort should be resolved in favor of the insured; the insurer has the burden to show…. that there was no realistic possibility of settlement within policy limits." <u>Id</u>.

    c. <u>Settlement demands as evidence</u>.

A settlement demand from the plaintiff is evidence that the case could have been settled within the policy limits. If plaintiff's demand contains ambiguous terms, an insurance company owes a duty to explore the details of a settlement offer that could be beneficial to its uninsured and seek clarification if necessary. <u>Allen v. Allstate Ins. Co.</u>, 656 F.2d 487, 490 (9th Cir. 1981); <u>Betts v. Allstate Ins. Co.</u>, 201 Cal. Rptr. 528, 539 (Cal. App. 1984).

d. <u>Was there a "hard" deadline</u>?

Allstate contends that Trailov's policy limits demand did not set May 16, 2003 as a "hard" deadline. Even if we assume that is true, that would not make out a defense under the principles articulated above.

Allstate had a duty to tender policy limits, whether or not Trailov made a settlement demand. Allstate can try to show that its failure to tender policy limits made no difference, but that will be very difficult since Trailov's case clearly could have been settled for policy limits prior to May 16, 2003 under any view.

The only issue that could be affected by knowing whether the May 16 deadline was "hard" is the issue of Allstate's negligence. Allstate could contend that it reasonably believed that the offer would remain open after May 16, 2003, and therefore Allstate was not negligent in failing to accept the demand before May 16, 2003. But, knowing whether the May 16, 2003 deadline was "hard" or "soft" would not affect the duty to tender policy limits as a matter of good faith and fair dealing under the principles articulated in the discussion above.

### 4. Trailov owed no duties to Allstate or Herron.

Allstate's jury instructions contend that the jury should determine whether Allstate's failure to tender policy limits before May 16, 2003 prejudiced Angelina Trailov.

That position is exactly backwards. The correct issue is whether Allstate's failure to tender policy limits before May 16, 2003 prejudiced Charles Herron, Allstate's insured and thereby excused Herron from his obligations under the insurance policy.

If Trailov's claim against Herron should have settled, and could have been settled, before May 16, 2003, then Herron has been prejudiced by Allstate's breach of its settlement duties.

Trailov owes no duties to either Allstate or Charles Herron. Trailov was not obligated to offer to settle nor was she obligated to accept the policy limits in exchange for a release.[2] McKibben v. Mohawk Oil Co., Ltd., 667 P.2d 1223, 1227-1228 (Alaska 1983)(Offeror has full control of

---

[2] As noted above, Allstate could successfully defend by proving that Trailov would not have accepted the policy limits to settle her claims against Herron. Snowden v. Lumbermen's Mutual Casualty Co., 358 F.Supp.2d 1125, 1128 (N.D.Fla. 2003).

Herron's Trial Brief
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

terms and may specify the time in which acceptance may be made).

Once an insurer has refused a reasonable settlement demand, a plaintiff's subsequent refusal to discuss settlement will not relieve the insurer from liability for an excess verdict. Shernoff, Gage, Levine & Taylor, <u>Insurance Bad Faith Litigation</u>, §3.05[2][b](2007); <u>Loudon v. State Farm Mutual Auto Ins. Co.,</u> 360 NW.2d 575, 582 (Iowa App. 1984).

In <u>Martin v. Hartford Accident & Indemnity Co.</u>, 39 Cal. Rptr. 342 (Cal. App. 1964) the Court found that an insurer's failure to accept a policy limits offer within a ten day deadline was bad faith where the insurer knew that liability was certain and the damages greatly exceeded the policy limits. The insurer asserted that its internal procedures prevented it from acting faster. The Court held that the deadline was reasonable in view of the facts known to the insurer. <u>Accord</u>, <u>Hartford Accident & Indemnity Co. v. Mathis</u>, 511 S.2d 601 (Fla. App. 1987).

Angelina Trailov owed no duty to keep her settlement demand open beyond May 16, 2003. Nor is Allstate relieved

from liability by Trailov's subsequent refusal to discuss settlement.

5. <u>Failure to advise regarding possibility of excess judgment</u>.

Allstate never sent Herron an excess letter. Nor did Allstate tell Mr. Valcarce, Herron's lawyer, about the May 16, 2003 deadline. Both of these facts demonstrate that Allstate breached the duty of good faith and fair dealing.

> "The covenant of good faith and fair dealing also obligates an insurer to inform the insured of all settlement offers and to inform the insured of the possibility of the injured claimant may recover a judgment in excess of the insured's policy limits. Breach of the covenant of good faith and fair dealing exposes the insurer to a claim of bad faith and may expose it to liability for any excess judgment against its insured." <u>Jackson v. American Equity Ins. Co.</u>, 90 P.3d 136, 142 (Alaska 2004).

6. <u>Conclusion</u>.

Herron still contends that there should be no trial. Herron owns no claims against Allstate. They have been assigned to Mary Kenick. The validity of those claims should be determined in the pending State Court lawsuit between Kenick and Allstate.

Allstate asserts that Herron destroyed those claims by consenting to entry of judgment and assigning them to

Herron's Trial Brief
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

Kenick. Allstate bears the burden of proving that, if there is to be a trial in this case.

DATED this 16 day of May 2008, in Anchorage, Alaska.

                                                                          s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax (  ) hand this 16 day of May 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg