**Allstate's Stipulated Proposed Jury Instruction No. 1**


Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.



Ninth Circuit Model Civil Jury Instruction 1.1B

**Allstate's Disputed Proposed Jury Instruction No. 2**

Ladies and gentlemen, I will now give you a brief summary of this case.

This lawsuit arises out of a one-vehicle accident, in Bethel, on September 14, 2002. Charles Herron, Allstate's insured, was the driver of that vehicle. Angelina Trailov was a passenger in that vehicle and sustained injuries in the accident. Ms. Trailov was thereafter represented by an attorney, Michele Power, with regard to her claim for bodily injury damages against Mr. Herron.

It is undisputed that Mr. Herron materially breached his duty to cooperate with Allstate in the defense of Ms. Trailov's claim by confessing judgment in favor of Ms. Trailov and assigning his rights as against Allstate to Ms. Trailov without Allstate's prior consent. The issue in this case is whether Mr. Herron's material breach of his duty to cooperate was excused by Allstate's alleged prior material breach of its obligations owed to Mr. Herron.

Mr. Herron has the burden of proof as to this issue.

Court's Order, docket 160.

**Allstate's Stipulated Proposed Jury Instruction No. 3**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Ninth Circuit Model Civil Jury Instruction 1.3

**Allstate's Stipulated Proposed Jury Instruction No.4**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

Ninth Circuit Model Civil Jury Instruction 4.1

**Allstate's Stipulated Proposed Jury Instruction No. 5**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Civil Jury Instruction 1.19

**Allstate's Stipulated Proposed Jury Instruction No. 6**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

Ninth Circuit Model Civil Jury Instruction 1.6

**Allstate's Stipulated Proposed Jury Instruction No. 7**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Civil Jury Instruction 1.7

**Allstate's Stipulated Proposed Jury Instruction No. 8**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of correspondence that are in evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Civil Jury Instruction 2.12

**Allstate's Stipulated Proposed Jury Instruction No. 9**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

Ninth Circuit Model Civil Jury Instruction 1.8

**Allstate's Stipulated Proposed Jury Instruction No. 10**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Civil Jury Instruction 1.9

**Allstate's Stipulated Proposed Jury Instruction No. 11**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Civil Jury Instruction 1.10

**Allstate's Stipulated Proposed Jury Instruction No. 12**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Ninth Circuit Model Civil Jury Instruction 1.11

**Allstate's Disputed Proposed Jury Instruction No. 13**

Evidence that a witness at some other time said or did something, or failed to say or do something, that is inconsistent with the witness' present testimony may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Ninth Circuit Model Civil Jury Instruction 2.8 (modified).

**Allstate's Stipulated Proposed Jury Instruction No. 14**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.



Ninth Circuit Model Civil Jury Instruction 2.11

**Allstate's Stipulated Proposed Jury Instruction No. 15**

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards or e-mails. Nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Finally, until this case is given to you for your deliberation and verdict, you are not to discuss the case with your fellow jurors.

Ninth Circuit Model Civil Jury Instruction 1.12

**Allstate's Stipulated Proposed Jury Instruction No. 16**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Civil Jury Instruction 1.14

**Allstate's Stipulated Proposed Jury Instruction No. 17**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Circuit Model Civil Jury Instruction 1.18

**Allstate's Disputed Proposed Jury Instruction No. 18**

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Ninth Circuit Model Civil Jury Instruction 2.1

**Allstate's Stipulated Proposed Jury Instruction No. 19**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

Ninth Circuit Model Civil Jury Instruction 2.2

**Allstate's Stipulated Proposed Jury Instruction No. 20**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Ninth Circuit Model Civil Jury Instruction 2.4

**Allstate's Stipulated Proposed Jury Instruction No. 21**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Ninth Circuit Model Civil Jury Instruction 1.1C

**Allstate's Disputed Proposed Jury Instruction No. 22**

It is undisputed that Mr. Herron materially breached his duty to cooperate with Allstate by confessing judgment in favor of Ms. Trailov and assigning or transferring his rights against Allstate without Allstate's consent.

However, such material breach may be excused if you find that it is more likely true than not true that Allstate materially breached the insurance contract prior to Mr. Herron's breach, so as to justify Mr. Herron's breach.

Great Divide Ins. Co. v. Carpenter, 79 P.3d 599, 608 (Alaska 2003).

**Allstate's Diputed Proposed Jury Instruction No. 23**


An insurer, defending an action against its insured, is bound to exercise that degree of care which a man of ordinary prudence would exercise in the management of his own affairs.


<u>Continental Ins. Co. v. Bayless and Roberts Inc.</u>, 608 P.2d 281, 293 (Alaska 1980).

**Allstate's Disputed Proposed Jury Instruction No. 24**


An insurer owes a duty to its insured to offer the full policy limits available when the insurer knows or should know that there is a substantial likelihood of an excess verdict against that insured.  A material breach of the insurance contract arises only when the insurer's failure to offer policy limits was unreasonable under the circumstances (including the conduct of the attorney with whom Allstate's adjuster was negotiating).  In other words, if there was a delay between the date when the insurer knew or should have known that there was a substantial likelihood of an excess verdict against its insured and the date when the insurer offered policy limits, was that delay reasonable under all of the circumstances?




Peter v. Progressive Corp., 2006 Alas. LEXIS 27 (Alaska 2006)(unpublished), citing Jackson v. American Equity Ins. Co., 90 P.3d 136, 143 (Alaska 2004).

**Allstate's Disputed Proposed Jury Instruction No. 25**

In order to find that Allstate's failure to offer policy limits by May 16, 2003 was a material breach of the contract of insurance, you must find, by a preponderance of evidence, that Allstate's conduct was unreasonable, and resulted in harm to Mr. Herron.

To determine if Mr. Herron suffered harm as a result of Allstate's conduct, you must find that Ms. Trailov was prejudiced by Allstate's tendering a policy limits offer on May 30, 2003 instead of on May 16, 2003, and thus justified in terminating any further negotiations with Allstate.

Peter v. Progressive Corp., 2006 Alas. LEXIS 27 (Alaska 2006)(unpublished), citing Jackson v. American Equity Ins. Co., 90 P.3d 136, 143 (Alaska 2004); and Court's Order, dated October 19, 2006, docket 160, pgs. 15-16.

**Allstate's Disputed Proposed Jury Instruction No. 26**

Mr. Herron also claims that Allstate breached the contract of insurance by failing to offer policy limits to Ms. Trailov in response to her attorney's time limit demand.  With respect to this claim, you must determine whether Ms. Trailov's demand contained a firm deadline.

A failure to meet a policy limits demand by a specifically stated date is not a material breach unless the circumstances, including the language of the demand, indicate that performance by that date is important.

Restatement (Second) of Contracts, §242(c); Court's Order dated October 19, 2006, docket 160, p.16.

**Allstate's Disputed Proposed Jury Instruction No. 27**

In considering whether failure to meet a policy limits demand by a specifically stated deadline constitutes a material breach, you should consider the following:

(1) the extent to which the delay in making a policy limits offer deprived the insured of the benefit he reasonably expected and the extent to which he can be adequately compensated;

(2) the extent of the forfeiture by the party failing to perform or offering to perform by the stated deadline;

(3) the reasonableness of the injured party's conduct in communicating his grievances and in seeking satisfaction, including whether the injured party responded to any requests to extend the stated deadline;

(4) the nature of the behavior of the party failing to perform or to offer to perform, including whether the party failing to perform or offering to perform had sufficient information to perform or offer to perform by the stated deadline.

Comment (b) to Restatement (Second) of Contracts, § 242(c); Court's Order dated October 19, 2006, docket 160, p. 16 - 17.

**Allstate's Stipulated Proposed Jury Instruction No. 28**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Civil Jury Instruction 3.1

**Allstate's Stipulated Proposed Jury Instruction No. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Ninth Circuit Model Civil Jury Instruction 3.2

**Allstate's Stipulated Proposed Jury Instruction No. 30**

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


Ninth Circuit Model Civil Jury Instruction 3.3

**Allstate's Disputed Proposed Special Verdict Form**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES HERRON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | Case No. A04-0043 CV (TMB) |

## <u>SPECIAL VERDICT FORM</u>

We, the jury in the above-entitled case, find the following special verdict submitted to us in the above-captioned case:

    (1)    Was Mr. Herron's material breach of the contract of insurance (by confessing judgment and assigning rights to Ms. Trailov without Allstate's consent) excused by a prior material breach by Allstate?
Answer "yes" or "no."  Answer: _____

The foreperson should date and sign this verdict form.

DATED at Anchorage, Alaska this ___ day of _____, 2008.

                              _____
                              FOREPERSON OF THE JURY