**Herron's Disputed Proposed Jury Instruction No. 1**

Alaska law recognizes that legal claims can be made against an insurance company whose bad faith and/or negligent actions result in a failure to settle an automobile accident claim against its insured, when the insurer had the opportunity to settle. Alaska law permits an insured who has such legal claims against his liability insurance company for bad faith and/or negligent claims handling to sign those claims over to the injured person in settlement of the claims against the insured.

Great Divide Ins. Co. v. Carpenter, 79 P.3d 599 (Ak. 2003); Continental Ins. Co. v. Bayless & Roberts, 608 P.2d 281 (Ak. 1980).

**Herron's Disputed Proposed Jury Instruction No. 2**

Charles Herron asserts that he had legal claims against Allstate Insurance Company for violating its duty of good faith and fair dealing and/or for acting negligently so as to fail to settle the automobile negligence claim brought against him by Angelina Trailov when Allstate had the opportunity to do so.

Charles Herron assigned his claims against the plaintiff Allstate Insurance Company to Angelina Trailov in settlement of her claims against him. Allstate does not dispute the legality of the assignment of the claims of Charles Herron to Angelina Trailov.

Allstate has sued Charles Herron in this case, asserting that reasonable persons could not conclude that it acted in bad faith or negligently, so that Charles Herron did not have viable claims to assign.

In order to prevail in this case, Allstate must prove that the following things are more likely true than not true:

1. That Allstate did not act in bad faith and/or negligently while handling Trailov's claim against Herron; or

2. That Allstate's bad faith and/or negligence was not a legal cause of its failure to settle with Trailov when Allstate had an opportunity to do so.

**Herron's Disputed Proposed Jury Instruction No. 2A**
[Alternative ending for Herron's Instruction No.2]

1) that reasonable persons could not conclude that Allstate had a reasonable time period during which it had opportunity to settle; and

2) that reasonable persons could not conclude Allstate acted in bad faith or that Allstate was negligent, or

3) that reasonable persons could not conclude Allstate's bad faith and/or negligence was a legal cause of harm(failure to settle).

**Herron's Disputed Proposed Jury Instruction No. 3**

Viable legal claims for insurance bad faith and/or negligence require:

1) proven facts sufficient that reasonable persons could conclude that bad faith and/or negligence occurred; and

2) that the bad faith and/or negligence was the cause of the failure to settle when the insurer had the reasonable opportunity to do so .

You will not be deciding whether or not Charles Herron would have prevailed on the claims, but rather whether he had viable claims to assign.

Order, dated July 14, 2004 (docket no. 20) "Allstate seeks a determination that the assignment was a nullity, i.e that Herron had no viable claim to assign."; Order, dated October 19, 2006 (docket no. 160 Kidder, Peabody & Co., Inc. v. Brandt, 131 F.3d 1001, 1004 (11th Cir. 1997) (claim viable when can withstand 12(b) motion).

**Herron's Disputed Proposed Jury Instruction No. 4**


Allstate Insurance Company's insurance contract gives Allstate the exclusive right to control settlement or litigation of a claim against an insured.



Allstate Insurance Contract.

**Herron's Disputed Proposed Jury Instruction No. 5**

Every insurance contract includes a duty that the insurer act in good faith and deal fairly with its insured. If an insurer violates this duty, it has acted in bad faith. In determining whether Allstate acted in bad faith you may consider the following legal principles that apply to insurance companies doing business in Alaska in Instructions No.---- through---.

See Jackson v. American Equity Insurance Company, 90 P.3d. 136, 142 and discussion of Instruction # 22. O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525 (AK. 1988).

**Herron's Disputed Proposed Jury Instruction No. 6**

An insurer defending an insured against a personal injury claim has a duty to provide a defense to that insured that is free of any conflict of interest (involving other insurance coverages under the policy that do not involve that insured, such as the medical payments coverage and underinsured motorist coverage that covered Angelina Trailov). A violation of this duty is a material breach of the insurer's duty of good faith and fair dealing.

Great Divide Ins. Co. v. Carpenter, 79 P.3d 599 (Ak. 2003).

**Herron's Disputed Proposed Jury Instruction No. 7**

The duty of good faith and fair dealing imposes on an insurer the duty to give at least as much consideration to the interests of an insured as it does to its own when investigating, evaluating, and deciding whether to settle a claim.

Comunale v. Traders & General Ins. Co., 328 P.2d (Cal. 1958); Martin v. Hartford Accid. and Indemn. Co., 39 Cal Rptr. 342 (Cal. App. 1964); Grumbling v. Medallion Ins. Co., 392 F. Supp. 717 (D. Oregon); Hulsey v. The Travelers Ind. Co. of America, 460 F. Supp. 2d 1332 (N.D. Ga.); Southern Gen. Ins. Co., 416 S.E. 2d 274 (GA. 1992); O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525 (AK. 1988); Crisci v. Security Ins. Co., 426 P.2d 173 (Cal. 1967) cited in Nicholson v. State Farm at Fn. 4, 777 P.2d 1152, 1155 (Ak. 1989).

**Herron's Disputed Proposed Jury Instruction No. 8**

The duty of good faith and fair dealing requires an insurer to give intelligent consideration to an offer of settlement, with reasonable investigation, and a decision by persons reasonably qualified to decide upon the risks involved.

Martin v. Hartford Accid. and Indemn. Co., 39 Cal Rptr.  342 (Cal. App. 1964); Palmer Financial Indemn. Co., 30 Cal. Rptr. 204 (Cal. App. 1963); O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525 (AK. 1988.)

**Herron's Disputed Proposed Jury Instruction No. 9**

The duty of good faith and fair dealing includes a duty to advise the insured of the possibility of a recovery against him in excess of the policy limits. If the insured has an attorney, this does not extinguish the insurer's duty to advise of the possibility of an excess recovery.

O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525 (AK. 1988); Jackson v. American Equity Ins. Co., 90 P.3d 136, 142 (Ak. 2004). Weber v. State Farm Auto Ins. Co., 873 F. Supp 201, 205-207 (S.D. Iowa 1994) (insurer must disclose UIM rights even if insured has attorney); Ramirez v.USAA, 285 Cal. Rptr. 757, 761-62 (1991) (insurer has duty to disclose coverage information to insured and having counsel does not change this duty, as an insured could have incompetent counsel and still be in need.).

**Herron's Disputed Proposed Jury Instruction No. 10**


The duty of good faith and fair dealing requires an insurer to keep an insured timely and adequately advised of the status of all settlement offers for the claim against him. If the insurer is aware that the insured is being represented by an attorney, this duty includes keeping the insured's attorney timely and adequately informed of the status of all settlement offers, including any deadline for acceptance of any offer.



O.K. Lumber Co. v. Providence Washington Ins. Co., 759 P.2d 523, 525 (AK. 1988); Kranzush v. State Farm, 307 N.W.2d 256,259 (Wisc. 1981); Central Const. Co. v. Home Indemnity Co., 794 P.2d 595, 599-600 (Ak. 1990); Authority for communicating with the attorney Allstate CPPPM manual, section 2—"The companies or their representatives will not deal with any claimant represented by an attorney without the consent of the attorney."

**Herron's Disputed Proposed Jury Instruction No. 11**

The duty of good faith and fair dealing imposes a duty on an insurance company to accept a reasonable offer to settle a claim against the person insured if the offer is within the limits of the insurance coverage and if there is a substantial likelihood of recovery against the person insured for an amount in excess of the insurance coverage.

Schultz v. Travelers Indem. Co., 754 P.2d 265, 266067 (Ak. 1988); Jackson v. American Equity Ins. Co., 90 P.3d 136, at 142.

**Herron's Disputed Proposed Jury Instruction No. 12**


An insurance company owes a duty to explore the details of a settlement offer that could be beneficial to its insured and to seek clarification if necessary.



<u>Allen v. Allstate Ins. Co</u>, 656 F.2d 487, 490 (9th Cir.1981); <u>Betts v. Allstate Ins. Co</u>, 201 Cal. Rptr. 528, 539, n.7 (Cal. App.1984).

**Herron's Disputed Proposed Jury Instruction No. 13**

Allstate contends that its failure to settle Angelina Trailov's claim was not a legal cause of harm to Charles Herron.  In order to win on this issue, Allstate must prove that there was no realistic possibility of settlement within the policy limits at any time after a reasonable insurance company would have realized that there was a substantial likelihood of a judgment against Charles Herron in excess of the policy limits.

Snowden v. Lumberman's Mutual Casualty Co., 358 F.Supp.2d 1125, 1128 (N.D.Fla.2003).

**Herron's Disputed Proposed Jury Instruction No. 14**

Angelina Trailov had a legal right to set a time limit on an offer to settle her claim for Allstate's policy limits. Allstate is not bound by that time limit, but if that time limit is reasonable under the circumstances, then Allstate has a duty to exercise good faith in considering whether or not to accept the offer before the time limit expires. Among the factors to consider is whether or not at the time Allstate received the time-limited offer, it knew the liability of Charles Herron was clear, and whether or not it knew or should have known with the exercise of reasonable diligence that the Angelina Trailov's damages were likely in excess of the policy limits of the insured.

Grumbling v. Medallion Ins. Co., 392 F. Supp. 717 (D. Oregon); Hulsey v. The Travelers Ind. Co. of America, 460 F. Supp. 2d 1332 (N.D. Ga.); Martin v. Hartford Accid. and Indemn. Co., 39 Cal Rptr.  342 (Cal. App. 1964); Critz v. Farmers Ins. Exch., 41 Cal. Rptr. 401, 406 (Cal. App. 1965); McKibben v. Mohawk Oil Co., Ltd. 667 P.2d 1223, 12270128 (Ak. 1983) ("An offeror at the time he makes an offer has full control of the terms and he may specify the time in which acceptance must be made"; citing 1 Corbin, Corbin on Contracts Sec. 35 at 142 (1963) and Beirne v. Alaska Housing Auth., 454 P.2d 262, 264-65 (Ak. 1969).

**Herron's Disputed Proposed Jury Instruction No. 15**


When a reasonable insurance company should recognize that there is a substantial likelihood of an excess judgment against its insured, an insurer has an affirmative duty to promptly offer the full limits of the insurance policy in an attempt to settle the case.


Bohna v Hughes, Thorsness, Gantz, Powell & Brundin, 828 P. 2d 745, 768 (Alaska 1992).

**Herron's Disputed Proposed Jury Instruction No. 16**

There is a law of the State of Alaska which provides:  (Insert applicable statute, regulation, or ordinance.)

If you decide it is more likely true than not true that Allstate violated any part of this law, you may consider that fact along with all the other evidence in deciding whether under the circumstances of this case Allstate has proven that it used reasonable care.

Based on APJI 3.04B.

**Herron's Disputed Proposed Jury Instruction No. 16A**

Alaska Statute 21.23.125 provides that an insurance company may not commit any of the following acts or practices:

1) fail to acknowledge and act promptly upon communications regarding a claim arising under an insurance policy;

2) fail to adopt and implement reasonable standards for prompt investigation of claims;

3) fail to attempt in good faith to make prompt and equitable settlement of claims in which liability is reasonably clear;

4) delay investigation or payment of claims by requiring submission of unnecessary or substantially repetitive claims reports or proof-of-loss forms;

5) fail to promptly settle claims under one portion of the policy for the purpose of influencing settlements under other portions of the policy.

ACE V. AETNA, 139 F.3d 1241, 1247 at fn.18, 19 (9th Circ. 1998).

**Herron's Disputed Proposed Jury Instruction No. 16B**


The Alaska Administrative Code regulates the business of insurance. In the following regulations "third party claimant" means any person asserting a claim against another person, and includes that party's lawyer. The Administrative Code at Sections 3 AAC 26.010 and 3 AAC 26. 020 state as follows:

(a) The purpose of 3 AAC 26.010-3 AAC 26.300 is to define minimum standards for claims settlement acts and practices.

(b) Violation of a standard is an unfair or deceptive act and is prohibited.

(c) Violation of a standard with such frequency as to indicate a general business practice is an unfair or deceptive practice and is prohibited.

3 AAC 26.010-3 AAC 26.300 apply to all persons transacting a business of insurance who participate in the investigation, adjustment, negotiation, or settlement of a claim.

**Herron's Disputed Proposed Jury Instruction No. 16C**

Alaska Administrative Code Section 3 AAC 26.030 states:

Any person transacting business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim under any type of insurance must document each action taken on a claim. The documentation must contain all notes, work papers, documents, and similar material. The documentation must be in sufficient detail that relevant events, the dates of those events, and all persons participating in those events can be identified.

**Herron's Disputed Proposed Jury Instruction No. 16D**

Alaska Administrative Code Section 3 AAC 26.040 states:

Any person transacting a business of insurance who participates in the investigations, adjustment, negotiation, or settlement of a third party claim must:

(1) within 10 working days after notification of the claim from a third-party claimant, give written acknowledgement to the third party claimant, identifying the person handling the claim, including the person's name, address, phone number, the firm name, and the file number;

(2) Within 15 working days after receipt, make an appropriate reply to all other communications from a third party claimant which reasonably indicates a response is expected;

(3) upon receipt of notification of a claim from a third party, promptly provide necessary claim forms, instructions, and assistance that is reasonable so that the third party claimant is able to comply with any reasonable requirement.

**Herron's Disputed Proposed Jury Instruction No. 16E**

Alaska Administrative Section 3 AAC 26.040 states:

      Any person transacting a business of insurance who participates in the investigation, adjustment, negotiation, or settlement of a claim shall promptly undertake the investigation of a claim after notification of the claim is received, and shall complete the investigation within 30 working days, unless the investigation cannot be reasonably completed using due diligence.

      The person transacting the business of insurance shall give written notification to the claimant that specifically states the need and reasons for additional investigative time and also specifies the additional time needed to complete the investigation. That notification shall be given no later than the 30th working day after notification of the claim is first received.

**Herron's Disputed Proposed Jury Instruction No. 17**

Under the law, a corporation is a person. It can only act through its employees, agents, directors, and officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of their authority.

All persons are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any other person.

**Herron's Disputed Proposed Jury Instruction No. 18**

You have received evidence regarding the requirements of Allstate's own requirements for claims handling, as found in Allstate's claims and procedures manuals.

If you decide it is more likely true than not true that Allstate violated the requirements of its own claims and procedures manuals in handling Angelina Trailov's claim against Charles Herron, you may consider that fact along with all other evidence in deciding whether under the circumstances of this case Allstate has proven that it used reasonable care.

Based on APJI 3.04B ; <u>Wilson v City of Kotzebue</u>, 627 P.2d 623, 629-630 (Alaska 1981) ; <u>Peal by Peal v. Smith</u>, 444 S.E.2d 673, 678 (N.C. App. 1994) ( defendant's own written policies and practices are evidence of standard of care).

**Herron's Disputed Proposed Jury Instruction No. 19**

Charles Herron claims that Allstate was negligent in performing its professional services as a liability insurance company. Specifically, Defendant asserts that Plaintiff was negligent in the following ways:

 1. Failing to properly investigate and evaluate Angelina Trailov's claim;

 2. Failing to promptly advise him and his attorney of a likely recovery by Angelina Trailov in excess of the policy limits;

3. Failing to promptly offer the policy limits when a reasonable insurance company would have concluded that there was a substantial likelihood of an excess judgment against Charles Herron;

4. Failing to promptly offer the policy limits for Angelina Trailov's claim, when defendant was willing to accept those limits.

5. Failing to promptly advise him and his attorney that a time-limited offer to settle for the policy limits had been made on behalf of Angelina Trailov and of the possible consequences of not complying with the time limit.

6. Failing to promptly advise him and his attorney that Plaintiff intended to not accept the time-limited offer for Angelina Trailov's claim before it expired.

7. Failing to accept a time-limited offer to settle Angelina Trailov's claim for the policy limit before it expired.

Allstate denies these claims.

For Allstate to prove that it was not negligent or that its negligence was not a legal cause of harm to Charles Herron, you must decide that it is more likely true than not true that:

1) Allstate was not negligent in one or more of these ways, or

2) Allstate's negligence was not a legal cause of the harm to Charles Herron.

I will later define negligence and legal harm for you.

**Herron's Disputed Proposed Jury Instruction No. 20**

An insurer is negligent if it failed to exercise the degree of care ordinarily exercised under the circumstances by reputable insurers. Failure to exercise that care may be the result of an act or a failure to act.

However, the mere fact that the Charles Herron was harmed does not mean that the Allstate was negligent.

If you find Allstate was not negligent, you must return a verdict for the Allstate. If Allstate has not proven that it was not negligent, then you must also decide whether Allstate has proven that its negligence was not the legal cause of Charles Herron's harm.

APJI 8:03

## Herron's Disputed Proposed Jury Instruction No. 21

An insurer defending an action against an insured has more than a duty of care of an ordinary man unskilled in litigation; it must exercise more than mere good faith. It is a professional which advertises by all media of mass communication its skill in the investigation, settlement, and litigation of liability cases. It asks the individual, who is an amateur in these matters but who would be deeply concerned over a case in which he is personally interested, to substitute its skill for his, its judgment for his own judgment, and its conduct for his own acts. It then becomes chargeable with a greater duty – even as the brain surgeon must exercise greater care, knowledge, judgment, and skill in a brain operation than would a general practitioner of medicine. It is not an extraordinary degree of care but the care that is required under these particular circumstances. It must use skill diligently and adequately to investigate a case, it must use skill in negotiation, it must select skilled trial counsel—not the lowest priced member of the bar—and that individual, so selected by it, may bind the insurer by his derelictions. It is not a comfortable spot for a liability insurer to occupy, but it seeks business on the basis of its skill. Even as  an attorney, abstractor, accountant, or physician may be liable if he fails to use the degree of skill in the handling of a professional matter that one is entitled to expect of one possessing like training and abilities, so must the insurer accept legal duties commensurate with its responsibilities.

Continental Ins. Co. v. Bayless & Roberts, Inc., 608 P.2d 281 (Ak. 1980).

**Herron's Disputed Proposed Jury Instruction No. 22**

I will now define "legal cause" for you.  A legal cause of harm is an act or failure to act which is a substantial factor in bringing about the harm. An act or failure to act is a substantial factor is bringing about harm if it is more likely true than not true that:

      1. the act or failure to act was so important in bringing about the harm that a reasonable person would regard it as a cause and attach responsibility to it; and

      2. the harm would not have occurred but for the act or failure to act.

## Herron's Disputed Proposed Jury Instruction No. 23

In deciding whether an insurer acted in bad faith or negligently, you may only consider the facts and circumstances known by the insurer at the time of those actions. An insurer may not rely on reasons created or facts discovered after actions were taken to justify its prior conduct.

Fireman's Fund Ins. Co. v. Alaskan Pride Partnership, 106 F.3d 1465 (9th Circ. 1997); Indus. Indemn. Co. v. Kallevig, 792 P.2d 520 (Wash. 1990); Eott Energy Operating Ltd. Partnership v. Certain Underwriters at Lloyds of London, et al, 59 F. Supp. 2d 1072 (D. Mont); Paulson v. State Farm Mut. Auto. Ins. Co., 867 F. Supp. 911, 918 (C.D. Cal. 1984); Austero v. National Cas. Co. of Detroit Mich., 148 Cal. Rptr. 653, 673 (Cal. App. 1978); State Farm Fire and Cas. Co. v. Balmer, 891 F.2d 784, 876 (11th Cir. 1990); Buzzard v. Farmers Ins. Co., Inc., 824 P.2d 1105 (Okla. 1991); Aetna Live Ins. Co. v. Lavoie, 505 So.2d 1050 (Ala. 1987); American Paint Serv. v. Home Ins. Co., 246 F.2d 91, 94 (3rd Cir. 1957); Ichthys, Inc. v. Guarantee Ins. Co., 57 Cal. Rptr. 734 (Cal. App.1967).

**Herron's Disputed Proposed Special Verdict Form No. 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　　Plaintiffs,　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　vs.　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| CHARLES HERRON,　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　　　　　　Defendant.　　　) | |
| _____) | Case No. A04-0043 CV (TMB) |

## <u>SPECIAL VERDICT FORM</u>

　　　　We, the jury in the above-entitled case, find the following special verdict on the

questions submitted:

　　　　　　1. Has Allstate proven that Charles Herron did not have a viable
claim that Allstate was negligent or committed bad faith?

Answer "yes" or "no".  Answer:_____

　　　　　　DATED at Anchorage, Alaska, this __ day of ____, 2008.

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　FOREPERSON OF THE JURY

**Herron's Disputed Proposed Special Verdict Form No. 2**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANIES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES HERRON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | Case No. A04-0043 CV (TMB) |

## <u>SPECIAL VERDICT FORM</u>

We, the jury in the above-entitled case, find the following special verdict on the questions submitted:

1. Has Allstate proven that it was not negligent?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1, then answer Question No. 2]

2. Has Allstate proven that it did not commit bad faith?

Answer "yes" or "no".  Answer: _____

[If you answered "no" to either Question No. 1 or Question No. 2, then answer Question No. 3]

3. Has Allstate proven that its negligence or bad faith was not a legal cause of harm to Charles Herron?

Answer "yes" or "no".  Answer: _____


DATED at Anchorage, Alaska, this __ day of ____, 2008.


_____
FOREPERSON OF THE JURY

**Herron's Disputed Proposed Special Verdict Form No. 3**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. )<br>_____ ) | Case No. A04-0043 CV (TMB) |

## <u>SPECIAL VERDICT FORM</u>

We, the jury in the above-entitled case, find the following special verdict on the

questions submitted:

     1. Has Allstate proven it did not breach the duty of good faith and fair dealing by failing to timely and adequately advise Charles Herron of the status of all settlement offers and deadlines?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1, then answer Question No.2]

     2. Has Allstate proven it did not breach the duty of good faith and fair dealing by failing to advise Charles Herron of the possibility of an excess judgment?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 and Question No. 2, then answer Question No.3]

3. Has Allstate proven it did not breach the duty of good faith and fair dealing by failing to investigate, evaluate, and offer a settlement of the policy limits of $100,000.00 prior to May 16, 2003?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 through Question No. 3, then answer Question No.4]

4. Has Allstate proven it did not breach the duty of good faith and fair dealing by failing to provide a defense free of any conflict of interest?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 through Question No. 4, then answer Question No.5]

5. Has Allstate proven it did not breach the duty of good faith and fair dealing by failing to accept the offer to settle Angelina Trailov's claim for the policy limits of $100,000.00 on or before May 16, 2003?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 through Question No.5, then answer Question No.6]

6. Has Allstate proven that it did not negligently fail to investigate and evaluate Angelina Trailov's claim in a prompt and through manner?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 through Question No.6, then answer Question No.7]

7. Has Allstate proven it did not negligently fail to adequately advise of Allstate's intent to not accept the offer by the deadline of May 16, 2003?

Answer "yes" or "no".  Answer: _____

[If you answered "yes" to Question No. 1 through Question No.7, then answer Question No.8]


8. Has Allstate proven that it did not negligently fail to accept the offer to settle Angelina Trailov's claim on or before May 16, 2003?

Answer "yes" or "no".  Answer: _____


DATED at Anchorage, Alaska, this ___ day of _____, 2008.


_____
FOREPERSON OF THE JURY