Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:       (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>CHARLES HERRON,　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendant.　　　　　　)<br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿)　　No. 3:04-cv-00043-TMB |

## ALLSTATE'S OBJECTIONS TO HERRON'S PROPOSED JURY INSTRUCTIONS

Allstate Insurance Companies, by and through its attorneys, Guess & Rudd

P.C., hereby objects to the following proposed jury instructions submitted by Herron:

1.     Herron's Disputed Proposed Jury Instruction No. 1

Herron's proposed instruction is irrelevant, unnecessary, unnecessarily inflammatory, and an incorrect statement of the law.  The inclusion of the term "legal claims" lends inappropriate credence to the validity of the claims by, in essence, having the instructions give a "stamp of approval" to any claims made.  Furthermore, the instruction virtually requires the jury to conclude that any time a settlement is not reached the insurer acted in bad faith.  This proposed instruction is also not necessary or relevant because Allstate is not denying that an insured can assign his claims <u>if</u> the insurer previously materially breached the insurance contract.  It is also not relevant because the Court's Order at Docket 160 has already narrowed the issues to be presented to the jury and this instruction is not material to whether Allstate acted unreasonably in tendering a policy limits offer on May 30 instead of May 16, 2003, or whether such action caused Herron harm.

More importantly, the instruction does not conform to the cases it cites to for authority (although it is difficult to determine what the actual authority is because no page citations were provided).  The holding in <u>Great Divide Ins. Co. v. Carpenter</u>, 79 P.3d 599, 608 (Alaska 2003) reads:

> Our law permits an insured whose insurer has committed a
> material breach of one of its defense obligations to enter into
> a settlement agreement with the injured claimant. Ordinarily
> the insured is barred by the cooperation clause of the policy
> from settling without the insurer's consent. But the prior
> breach by the insurer precludes it from relying on the
> cooperation clause as a defense to liability for the settlement.

The language and concepts of the actual holding in <u>Great Divide</u> differs substantially

from the language in Herron's proposed jury instruction.  Finally, the proposed

instruction improperly combines negligence and bad faith concepts, which will lead to

juror confusion.

     2.    <u>Herron's Disputed Proposed Jury Instruction No. 2-2A</u>

<u>See</u> Allstate's Disputed Proposed Jury Instruction No. 2, which better

reflects the actual issues to be presented to the jury.  Herron's proposed instructions are

irrelevant, unnecessarily inflammatory, and not supported by any applicable law.  The

instructions virtually command the jury to conclude that Allstate acted in bad faith.

Furthermore, the term "sued" is unfairly prejudicial and inflammatory,

suggesting that Allstate is attacking Herron personally.   These instructions are also not

relevant because the Court's Order at Docket 160 has already narrowed the issues to be

presented to the jury and this instruction is not material to whether Allstate acted

unreasonably in tendering a policy limits offer on May 30 instead of May 16, 2003, or whether such action caused Herron harm.  Finally, the proposed instruction improperly combines negligence and bad faith concepts, which will lead to juror confusion.

    3.    <u>Herron's Disputed Proposed Jury Instruction No. 3</u>

        <u>See</u> Allstate's Disputed Proposed Jury Instruction No. 2, which better reflects the actual issues to be presented to the jury.  Herron's proposed instruction is irrelevant and unnecessarily inflammatory.  The inclusion of the term "legal claims" lends inappropriate credence to the validity of the claims by, in essence, having the instructions give a "stamp of approval" to any claims made.  Furthermore, the instruction virtually requires the jury to conclude that Allstate acted negligently or in bad faith.

        This instruction is also not relevant because the Court's Order at Docket 160 has already narrowed the issues to be presented to the jury and this instruction is not material to whether Allstate acted unreasonably in tendering a policy limits offer on May 30 instead of May 16, 2003, or whether such action caused Herron harm.  Finally, the proposed instruction improperly combines negligence and bad faith concepts, which will lead to juror confusion.

4.    Herron's Disputed Proposed Jury Instruction No. 4

Allstate objects to this instruction because the policy does not give Allstate exclusive right to control settlement or litigation of a claim against its insured, the instruction is incorrect and misleading as a general matter and is irrelevant to the issues to be tried in this case.

Herron inaccurately sets forth the applicable policy term.  The policy provides that: "we may settle any claim or suit if we feel this is appropriate."  Policy at p. 4.  It does not provide that Allstate has "exclusive right to control settlement or litigation."

The instruction is also incorrect as a matter of law.  While the policy gives Allstate the authority to settle a claim or suit against it or its insured, that does not mean Allstate has the right to control settlement or litigation.  It takes two parties to settle and to litigate: in this case, Allstate and Trailov.  Allstate had no control over Trailov in settlement negotiations, and it is misleading to the jury to give that incorrect impression.

Furthermore, the instruction is irrelevant in this case.  Allstate's authority to settle Trailov's claim on behalf of its insured is not material to whether Allstate acted

unreasonably in tendering a policy limits offer on May 30 instead of May 16, 2003, or

whether such action caused Herron harm.

     5.     <u>Herron's Disputed Proposed Jury Instruction No. 5</u>

     <u>See</u> Allstate's Disputed Proposed Jury Instruction No. 23, which better

reflects the applicable law and how it relates to the issues remaining in this case.

     6.     <u>Herron's Disputed Proposed Jury Instruction No. 6</u>

     Herron's proposed instruction is irrelevant, unnecessary, and confusing.

Allstate was providing Herron a conflict free defense, so this instruction is irrelevant and

will only lead to juror confusion.  Furthermore, the clause "involving other insurance

coverages under the policy that do not involve that insured, such as medical payments

coverage and underinsured motorist coverage that covered Angelina Trailov" is vague

and confusing.  Finally, it is also not relevant because the Court's Order at Docket 160

has already narrowed the issues to be presented to the jury and this instruction is not

material to whether Allstate acted unreasonably in tendering a policy limits offer on May

30 instead of May 16, 2003, or whether such action caused Herron harm.

7.     <u>Herron's Disputed Proposed Jury Instruction No. 7</u>

Herron's proposed instruction is an inaccurate statement of the law and is unnecessary.  Herron's reliance on the cases cited is overbroad.  The cases cited do not stand for the proposition that an insurer has the duty to give at least as much consideration to the interests of its insured as it does to its own when "investigating, evaluating and deciding whether to settle a claim."  Instead, the cases cited stand for the more limited proposition that an insurer has a duty to give at least as much consideration to the interests of its insured as it does to its own when deciding whether to settle a claim. A properly limited instruction is not necessary in this case because the concept is already set forth in Allstate's Disputed Proposed Jury Instruction No. 23.

8.     <u>Herron's Disputed Proposed Jury Instruction No. 8</u>

<u>See</u> Allstate's Disputed Proposed Jury Instruction Nos. 24-25.  The instructions on this issue offered by Allstate more accurately reflect the actual holdings of the cited authority.  Furthermore, Herron's instruction completely ignores the required element of harm to the insured.

9.     Herron's Disputed Proposed Jury Instruction No. 9

Herron's proposed instruction is irrelevant and in an improper amalgamation of different statements of the law. The sentence "[i]f the insured has an attorney, this does not extinguish the insurer's duty to advise of the possibility of an excess recovery" is not supported by the cited authority. This sentence improperly combines legal holdings with regard to settlement offers with holding related to disclosure of UIM benefits. Finally, it is also not relevant because the Court's Order at Docket 160 has already narrowed the issues to be presented to the jury and this instruction is not material to whether Allstate acted unreasonably in tendering a policy limits offer on May 30 instead of May 16, 2003, or whether such action caused Herron harm.

10.     Herron's Disputed Proposed Jury Instruction No. 10

Herron's proposed instruction is irrelevant. Whether Allstate advised Herron or his attorney of the status of settlement offers had nothing to do with whether Allstate's tendering policy limits on May 30 instead of May 16, 2003 was unreasonable or caused Herron harm.

11.    <u>Herron's Disputed Proposed Jury Instruction No. 11</u>

<u>See</u> Allstate's Disputed Proposed Jury Instruction Nos. 24-25.  The instructions on this issue offered by Allstate more accurately reflect the actual holdings of the cited authority.  Furthermore, Herron's instruction completely ignores the required element of harm to the insured.

12.    <u>Herron's Disputed Proposed Jury Instruction No. 12</u>

Allstate intends to object to this proposed instruction.  However, Allstate did not receive this proposed instruction until today.  Allstate will supplement its objections next week, after it has the opportunity to research this issue.

13.    <u>Herron's Disputed Proposed Jury Instruction No. 13</u>

Allstate intends to object to this proposed instruction.  However, Allstate did not receive this proposed instruction until today.  Allstate will supplement its objections next week, after it has the opportunity to research this issue.

14.     Herron's Disputed Proposed Jury Instruction No. 14

Herron's proposed instruction directs the jury to find a disputed fact, is

misleading, and is an incorrect statement of the law.  The instruction improperly directs

the jury to find that Trailov set a time limit to her settlement demand.  Allstate disputes

that Trailov set a firm deadline for settlement, as the Court recognized in its October 19,

2006 Order:

> As for missing the May 16 deadline date, the Court must
> answer two questions.  First, was May 16 a "firm" date?  The
> April 10 letter does not expressly state that time is of the
> essence; indeed, with its "unless there is some discussion
> regarding pre-filing resolution" trailer, it is at best ambiguous
> as to whether time was of the essence.  A reasonable
> interpretation of the letter is that it was an opening demand
> either soliciting a counteroffer or inviting further negotiations
> before a suit was filed.  Docket 160 at 15.

The instruction also includes misleading language.  The inclusion of the

term "legal right" lends inappropriate credence to the validity of the right by, in essence,

having the instructions give a judicial "stamp of approval" to any claimed time limit.

The instruction is not an accurate statement of the law.  The instruction

establishes strict liability on Allstate if the jury finds that Allstate, at the time it received

the "time-limited offer," 1) knew the liability of Herron was clear and 2) knew or should

have known, "with the exercise of reasonable diligence" that Trailov's claims were likely in excess of the policy limits.

Failure to settle is not a strict liability tort: it requires a finding that the failure to settle was unreasonable under all the facts and circumstances.  Peter v. Progressive Corp., 2006 Alas. LEXIS 27 (Alaska 2006) (unpublished), citing Jackson v. American Equity Ins. Co., 90 P.3d 136, 143 (Alaska 2004).

Finally, the proposition that Allstate can be found in bad faith if it knew or should have known Trailov's damages "were likely" in excess is incorrect.  The law requires proof that Allstate knew or should have known it was "substantially likely" damages would exceed policy limits.  Id.

15.    Herron's Disputed Proposed Jury Instruction No. 15

See Allstate's Disputed Proposed Jury Instruction NoS. 24-25.  The instructions on this issue offered by Allstate more accurately reflect the actual holdings of the cited authority.  Furthermore, Herron's proposed instruction completely ignores the required element of harm or prejudice to the insured.  Finally, this proposed instruction is

an inaccurate recitation of the cited authority.  The term "promptly" does not appear

anywhere in <u>Bohna</u> and is an improper extrapolation of the actual language in that case.


16.    <u>Herron's Disputed Proposed Jury Instruction No. 16 A-E</u>


<u>See</u> Allstate's Disputed Proposed Jury Instruction Nos. 24-27.  Allstate's

instructions on the issues remaining to be decided more accurately reflect the applicable

law and will assist the jury better than recitations of statutes and administrative code

sections.  Furthermore, Alaska Statute 21.23.125, which one of the instructions purports

to be quoting, does not even exist.  Likewise, the <u>Ace</u> case does not relate to the types of

claims at issue, it relates to the outright denial of a claim, which did not occur in this

case.  The instructions are also confusing because they do not provide any guidance to

the jury on how to apply the statutory or code language.  Finally, they are irrelevant

because the Court's Order at Docket 160 has already narrowed the issues to be presented

to the jury and these instructions are not material to whether Allstate acted unreasonably

in tendering a policy limits offer on May 30 instead of May 16, 2003, or whether such

action caused Herron harm.

17.   <u>Herron's Disputed Proposed Jury Instruction No. 17</u>

<u>See</u> Allstate's Stipulated Proposed Jury Instruction No. 4, which is more in line with the Ninth Circuit Model Civil Jury Instructions than Herron's proposed instruction.

18.   <u>Herron's Disputed Proposed Jury Instruction No. 18</u>

Herron's instruction is irrelevant and will confuse the jury.  As set forth in Allstate's Motion in Limine No. 2 and Reply, at Dockets 213 and 237, Allstate's claims handling polices are not probative to the issues to be tried in this case.  Further, injecting such issues into the case will confuse the jury as to the issues to be decided.

19.   <u>Herron's Disputed Proposed Jury Instruction No. 19</u>

Herron's instruction should not be given because Allstate does not believe that he should be allowed to present evidence to the jury referencing Allstate's alleged negligent adjusting of Trailov's claim.  <u>See</u> Allstate's Motion In Limine No. 2 to Preclude Evidence or Argument of Allegations Unrelated to Allstate's Conduct in Response to Trailov's April 10, 2003, Demand, dated April 1, 2008, at Docket 213.  This Court has

previously held that "[t]here is no evidence that the other alleged Allstate transgressions (those unrelated to the policy limits demand), even if they did in fact occur, caused Herron any harm, injury or damage."  Negligent adjusting of a claim against an insured is not a material breach unless the conduct resulted in harm or prejudice to the insured -- Herron.  Therefore, Allstate's alleged negligent adjusting cannot constitute a material breach of the insurance contract.

However, if these allegations are allowed to be presented to the jury, the jury must be properly instructed with regard to the required element of harm or prejudice to the insured.  To reach a determination that Herron suffered some prejudice or harm as a result of Allstate's conduct, it must also be found that Trailov was prejudiced, or harmed, by Allstate's allegedly negligent conduct.

20.     Herron's Disputed Proposed Jury Instruction No. 20

Herron's instruction is an incorrect statement of the law, assumes disputed facts, and is not supported by proper citation.

The standard of care for insurers is not "the degree of care ordinarily exercised under the circumstances by reputable insurers."  Nor does defendant offer any

citation for that proposition.  The degree of care is accurately set forth in Allstate's

Disputed Instruction No. 23: "An insurer, defending an action against its insured, is

bound to exercise that degree of care which a man of ordinary prudence would exercise

in the management of his own affairs."  <u>Continental Ins. Co. v. Bayless and Roberts Inc.</u>,

608 P.2d 281, 293 (Alaska 1980).


Furthermore, the instruction assumes "Charles Herron was harmed."

Allstate disputes that Herron was harmed.  Finally, the instruction is not supported by

proper citation.  "APJI 8:03" is "HEALTH CARE PROVIDER MALPRACTICE –

FAILURE TO OBTAIN INFORMED CONSENT."  That instruction does not provide

authority for any of the propositions contained in Herron's instruction.


21.    <u>Herron's Disputed Proposed Jury Instruction No. 21</u>


Herron's proposed instruction is irrelevant and confusing.  As discussed

above, Allstate does not believe that Herron should be allowed to present evidence to the

jury referencing Allstate's alleged negligent adjusting of Trailov's claim.  <u>See</u> Allstate's

Motion In Limine No. 2, dated April 1, 2008 (at Docket 213).  Furthermore, a block

quote from a court decision will only confuse the jury because it does not provide any

guidance on what exactly the jury is supposed to decide.

22.    <u>Herron's Disputed Proposed Jury Instruction No. 22</u>

Allstate contends that this instruction should not be given because it is irrelevant and Herron provides no authority to support giving it to the jury.  Again, Herron's negligence claims should not go forward to the jury.  Therefore, an instruction on legal cause is not necessary.

23.    <u>Herron's Disputed Proposed Jury Instruction No. 23</u>

Herron's instruction is irrelevant, unfairly prejudicial, and inflammatory. Allstate does not intend to argue that anything that occurred after May 30, 2003, justified tender of policy limits on that date rather than on May 16, 2003.  Furthermore, the phrase "reasons created" is unfairly prejudicial and inflammatory, suggesting that Allstate is creating reasons to justify its conduct.

24.    <u>Herron's Proposed Special Verdict Forms</u>

Allstate contends that none of Herron's Proposed Special Verdict Forms accurately set forth any issue to be tried in this case.  Allstate's Special Verdict Form accurately sets forth the issue.

DATED at Anchorage, Alaska, this 16th day of May, 2008.

GUESS & RUDD P.C.
Attorneys for Allstate


By:    s/Gary A. Zipkin
          Guess & Rudd P.C.
          510 L Street, Suite 700
          Anchorage, Alaska  99501
          Phone: 907-793-2200
          Fax:   907-793-2299
          Email: gzipkin@guessrudd.com
          Alaska Bar No. 7505048


CERTIFICATE OF SERVICE
I hereby certify that on the
16TH day of May, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:    S/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\17 Request for Pre-trial Conference.doc