Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,      )<br>                                    )<br>        Plaintiff,                  )<br>                                    )<br>    v.                              )<br>                                    )<br>CHARLES HERRON,                     )<br>                                    )<br>        Defendant.                  )   Case No. 3:04-cv-0043 TMB<br>                                    ) | |

**HERRON'S OPPOSITION TO ALLSTATE'S MOTION FOR LEAVE TO CALL**

**WAINSCOTT**

Robert Wainscott is Herron's insurance claims handling expert.  Mr. Wainscott has provided several reports and has been subjected to a lengthy deposition by Allstate.

Allstate now proposes to call Mr. Wainscott during its case-in-chief for the purpose of impeaching Mr. Wainscott before the jury has ever heard his direct testimony.  Allstate tells

us, without explanation, that this process "will lead to a more efficient use of the Court's time and the jury's time during trial because it will allow for a more orderly and logical presentation of the evidence." (Docket 243, pg. 5).

Evidence Rule 611 provides this Court with control over the mode and order of interrogating witnesses and presenting evidence, so as to make the interrogation and presentation effective for the ascertainment of truth while avoiding needless consumption of time. The mode and order of questioning witnesses lies within this Court's discretion. *Elgabri v. Lekas*, 964 F.2d 1255, 1260 (1st Cir. 1992).

Allstate does not offer any reason that departing from the normal practice will advance the goals set forth in Evidence Rule 611. The only possible reason for Allstate to call Mr. Wainscott is a tactical choice. It would like the jury to hear his cross-examination before the jury hears Mr. Wainscott's direct testimony.

A plaintiff does not have an unfettered right to call the defendant (much less defendant's expert) during his case-in-chief. 33A *Federal Procedure, Lawyers Edition* § 80:78. The Court may limit a plaintiff's direct examination of the defendant to subject matter that could not be obtained in any other fashion, particularly when the defendant (or defendant's

expert) promises to testify during the defense case. *Id.*; *Elgabri v. Lekas*, 964 F.2d 1255, 1260 (1st Cir. 1992).

Allstate argues that no party has a "proprietary" right to a witness's testimony.[1] Most of the cases Allstate cites for that proposition involve a party trying to prevent an expert who previously worked for that party from testifying. That is not our context. Herron is certainly not attempting to prevent Mr. Wainscott from testifying at this trial.

Allstate has cited only two cases where the Court allowed the plaintiff to call defendant's expert witness out of order. In each case, plaintiff could point to something in the expert's testimony with which it agreed or proposed to offer as part of its affirmative burden of proof.

In *Kerns v. Pro-Foam of South Alabama, Inc.*, 207 WL 2274730 (S.D. Ala. 2007), the Court excluded plaintiff's expert (Damant) on *Duabert* grounds. After plaintiff's expert was excluded, then he designated defendant's expert (Creel) in an effort to meet the burden of proof. At least in part, it appears that the testimony plaintiff proposed to solicit involved Creel's conversations with employees of the defendant. That is evidence that could not be obtained in any other fashion.

---

[1] *Peterson v. Willie*, 81 F.3d 1033 (11th Cir. 1996) is an example. In *Peterson*, the Court dealt with the problem of "side switching", where a party attempts to prevent his former expert from testifying for his opponent.

HERRON'S OBJECTIONS TO ALLSTATE'S MOTION FOR LEAVE TO CALL WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

*National Railroad Passenger Corp. v. Certain Temporary Easements, Etc.,* 357 F.3d 36 (1st Cir. 2004) is the only other case cited by Allstate allowing plaintiff to call defendant's expert out of the normal order.[2] But, as in *Kerns*, the plaintiff sought to solicit affirmative evidence through the defense expert rather than merely calling the defense expert to use him a punching bag.

In *National,* plaintiff agreed with the defense expert's appraisal of the value of a portion of the condemned property (the "air rights").  The Court said it was not error to allow the plaintiff to offer the defense expert's opinion as part of the plaintiffs own case.

Our case is not like *Kerns* or *National*.  Allstate has two retained experts, neither of whom has been excluded from testifying.  Allstate has not identified any opinion of Mr. Wainscott's with which it agrees or any fact known to Mr. Wainscott that Allstate cannot establish without his testimony. Allstate has not pointed to any statement made by Mr. Wainscott in his reports or depositions which it desires to offer as part of its affirmative case.

---

[2] In *Suarez Matos v. Ashford Presbyterian Community Hospital, Inc.*, 4.f.3d 47 (1Cir. 1993) the Court said it was improper to allow to call a defense expert and proceed by cross-examination.

HERRON'S OBJECTIONS TO ALLSTATE'S MOTION FOR LEAVE TO CALL WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

CONCLUSION

Allstate has made a tactical choice. Allstate would like the jury to hear Mr. Wainscott's cross-examination before Mr. Wainscott expresses his opinions in direct testimony. In other words, Allstate wants to impeach Mr. Wainscott before he has an opportunity to testify on direct.

Allstate does not identify any evidence that it hope to obtain from Mr. Wainscott. The purpose is purely for impeachment. At best, this would be confusing. It would surely waste time, with the possibility that Mr. Wainscott will testify at several different points during the trial.

Allstate has not provided the Court any compelling reasons for exercising its discretion to change the ordinary order in which evidence is presented. Herron respectfully requests that Allstate's Motion for Leave to Call Wainscott be denied.

DATED this 19 day of May 2008, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and
correct copy of the foregoing was
served by ( ) mail ( ) fax (  ) hand
this <u>19</u> day of May 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


<u>s/ Mark A. Sandberg</u>

HERRON'S OBJECTIONS TO ALLSTATE'S MOTION FOR LEAVE TO CALL WAINSCOTT
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)