Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,  )<br>                                )<br>         Plaintiff,             )<br>                                )<br>     v.                         )<br>                                )<br>CHARLES HERRON,                 )<br>                                )<br>         Defendant.             )<br>                                ) | Case No. 3:04-cv-0043 TMB |

### HERRON'S OPPOSITION TO ALLSTATE'S MOTION IN LIMINE NO. 3

Charles Herron will not be attending the trial in this case. After this lawsuit was filed, and after his deposition was taken, Charles Herron was diagnosed as suffering from schizophrenia. Mr. Herron has now been treated as an in-patient at the Alaska Psychiatric Institute. He continues to take Xyprexia, a powerful psychotherapeutic drug, every day, in an effort to function while dealing with his mental illness.

When I learned of this problem, I alerted Mr. Wilkerson and told him I would let him know how we wanted to handle this. After meeting with Robert Herron, Charles Herron's father, I proposed that we have Robert Herron attend the trial to spare Charles the ordeal of reliving the events that gave rise to the Trailov claim. Robert is Charles Herron's father. Robert is also a Named Insured on the Allstate policy involved in this case.

I proposed that Robert Herron sit with me at counsel table and offer brief testimony telling the jury why Charles was not attending the trial. Evidently, that was not acceptable. Allstate filed a motion to exclude Robert Herron from the courtroom except when he is actually testifying and to prevent him from sitting with me at counsel table. Allstate's motion suggests that Robert Herron will lie about something or tailor his testimony to whatever he hears in court, if he is allowed to attend the trial. Given the limited scope of Mr. Herron's anticipated testimony, it is not obvious how that could be possible.

But, rather than debate the merits of Allstate's position, we would propose an alternative procedure as a compromise. Robert Herron does not necessarily need to testify at all. Instead, if the Court will simply introduce Robert Herron to the jury and provide the jury with a neutral explanation of the

reason Robert's son is not attending the trial, then we would waive the right to call Robert Herron at the trial.

If Robert Herron is not a witness, then it would seem that he could attend the entire trial, if he so chooses, and sit anywhere he would like. But whether Robert sits in front of or behind the rail is not our major concern. Rather, we are concerned that Allstate not be allowed to unfairly create the impression that Charles Herron is merely a feckless young man who cannot be bothered to attend his own trial. Whatever procedure this Court adopts should certainly avoid unfairly creating this inaccurate impression.

We do not suggest that Allstate caused Charles Herron's mental illness or that Allstate cannot use the deposition that was taken prior to Mr. Herron's diagnosis. The only question is how do we handle Charles Herron's absence from the trial. We trust that the Court can devise an acceptable solution that is fair to both sides.

DATED this 21 day of May 2008, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax (  ) hand this 21 day of May 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg_