Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:        (907) 793-2299
E-mail:     gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,  ) | |
|                     ) | |
|       Plaintiff,               ) | |
|                     ) | |
|       v.                  ) | |
|                     ) | |
| CHARLES HERRON,         ) | |
|                     ) | |
|       Defendant.          ) | |
| _____) | No. 3:04-cv-00043-TMB |

REPLY IN SUPPORT OF ALLSTATE'S MOTION FOR LEAVE TO CALL
WAINSCOTT IN ITS CASE-IN-CHIEF AND TO POSE LEADING QUESTIONS

Herron has not provided this Court with a single authority which holds that

a plaintiff cannot call one of defendant's experts in its case-in-chief.  Instead, Herron

argues that allowing Allstate to call Wainscott would advantage Allstate and, therefore,

the Court should deny Allstate's request.  But there is no rule of procedure or evidence

which states that it is improper for a party to call a witness if it would be to their advantage to do so.  In fact, that notion runs afoul of the very concept of an adversary system.  Accordingly, Allstate should be permitted to call Wainscott adverse during its case-in-chief and Allstate's counsel should be permitted to examine him as a "witness identified with an adverse party."[1]

Herron engages in rank speculation that Allstate's only motive in wanting to call Wainscott in its case-in-chief is to "use him [as] a punching bag" and, with no support, insinuates that Allstate's assertion that allowing it to call Wainscott during its case-in-chief "will allow for a more orderly and logical presentation of the evidence" is disingenuous.  Allowing Allstate to call Wainscott in its case-in-chief will lead to a more orderly and logical presentation of the evidence.

Herron's position is that Allstate must "prove the negative" -- proving that Allstate did not materially breach the insurance contract prior to Herron's breach.[2] Wainscott is the witness who finds "fault" with Allstate's conduct.  And he is the witness

---

[1] Fed. R. Evid. 611(c).  Herron's opposition fails to address Allstate's argument that it should be allowed to examine Wainscott using leading questions.

[2] See Herron's Trial Brief, dated May 16, 2008, Docket No. 256.  Allstate's position is that Herron should have the burden of proof with regard to his claim that his undisputed breach was excused, however, the Court has not yet addressed this issue.

who opines that Allstate materially breached the insurance contract.  How are Allstate's

retained experts or other witnesses supposed to address Wainscott's theories in Allstate's

case-in-chief if Wainscott has not testified as to his theories?

Furthermore, and despite Herron's claim to the contrary, there is no

requirement that a party first provide a roadmap for its examination of the opposing

party's expert witness before calling him in its case-in-chief.  However, the subjects on

which Allstate intends to elicit affirmative evidence to support its case-in-chief from

Wainscott include, but are not limited to, the following topics (which were discussed at

his deposition): actions taken by Allstate's adjusters which he agrees with; his opinions

regarding Michelle Power's conduct; his opinions regarding Trailov's recovery; his

general opinions regarding mistakes in the adjustment of claims; his general opinions

regarding selection/rejection forms; and his opinions regarding Jim Valcarce's conduct.

The mere fact that Allstate may see some tactical advantage in calling Wainscott does not

make it inappropriate.  Herron fails to provide any authority to support his claim that

Allstate should not be allowed to Wainscott because its reason for calling him is a

"tactical choice."  Every decision a plaintiff makes with regard to which witnesses to call

obviously has some tactical component -- this does not make it improper.  To the

contrary, the (inapplicable) authority Herron relies on to support his arguments (33A

Federal Procedure, Lawyers Edition § 80:78) urges plaintiffs to consider the advantages of calling the adverse party's witnesses.[3]

Herron incorrectly claims that Allstate only cited two cases where a party was allowed to call an adverse party's expert. Allstate's motion cited no fewer than <u>seven</u> cases where the Court specifically allowed a party to call an adverse party's named expert witness under various circumstances.[4] Herron ignores Allstate's other authorities that clearly demonstrate that Allstate should be entitled to call Wainscott in its case-in-chief.[5] Importantly, Herron has cited no case where the Court refused to allow the plaintiff to call one of defendant's named experts.

---

[3] "[T]here are a number of instances when adverse examination may be the only way to save your case, and may have great impact: calling the other party's witness, or even the other party him or herself, can set the tone for the entire trial . . ."

[4] <u>See, e.g.</u>, <u>Kerns v. Pro-Foam of S. Ala., Inc.</u>, 2007 U.S. Dist. LEXIS 57957 (S.D. Ala. Aug. 7, 2007); <u>Peterson v. Willie</u>, 81 F.3d 1033 (11th Cir. 1996); <u>House v. Combined Ins. Co. of America</u>, 168 F.R.D. 236, 245 (N.D. Iowa 1996); <u>Doe v. Eli Lilly & Co.</u>, 99 F.R.D. 126, 128 (D.D.C. 1983); <u>National R.R. Passenger Corp. v. Certain Temporary Easements Above Railroad Right of Way in Providence, Rhode Island</u>, 357 F.3d 36, 42 (1st Cir. 2004); <u>Suarez Matos v. Ashford Presbyterian Community Hosp.</u>, 4 F.3d 47, 50 (1st Cir. P.R. 1993); and <u>Selvidge v. United States</u>, 160 F.R.D. 153, 155-156 (D. Kan. 1995).

[5] <u>See</u> <u>Suarez Matos</u>, 4 F.3d at 50. The court in <u>Suarez Matos</u> did not even question whether plaintiff should be allowed to call one of defendant's experts in its case-in-chief and instead concentrated on whether plaintiff could automatically ask leading questions. Allstate's motion demonstrated that it should be allowed to ask Wainscott leading questions because he is a "hostile witness" and/or a "witness identified with an adverse party." Herron's opposition did not refute that Wainscott is a "hostile witness" and/or a "witness identified with an adverse party."

Herron's strained interpretation of Allstate's authority should also be rejected.  Herron places too much emphasis on the fact that, in the <u>Kerns</u> case, plaintiff's expert had been excluded before trial.  That Court based its decision to allow plaintiff to call defendant's expert on the fact that it was a "scenario in which one party simply wishes to call in its case-in-chief the other side's designated, testifying expert. Clearly, there is no blanket prohibition against such a maneuver, either in the Federal Rules or the binding authorities of this Circuit."[6]  The Court's decision did not hinge on the fact that plaintiff's expert had been excluded from testifying at trial.

Likewise, Herron's culling of facts from <u>National R.R.</u> is misguided.  The Court's decision did not indicate that it was based on the fact that plaintiff "sought to solicit affirmative evidence" from defendant's expert.  In fact, that case actually contradicts Herron's argument that Allstate should not be allowed to call Wainscott because it has its own experts.[7]  Herron has failed to demonstrate why this Court should deviate from the authorities cited above.

---

[6] <u>Kerns</u> at * 19.

[7] Plaintiff relied on defendant's expert and another appraiser.  <u>National R.R.</u>, 357 F.3d at 38.

REPLY IN SUPPORT OF ALLSTATE'S MOTION FOR LEAVE TO CALL WAINSCOTT
<u>Allstate Insurance Co. v. Herron</u>; Case No. 3:04-cv-0004-TMB

Conclusion

       The Rules of Evidence provide broad discretion to this Court with regard to the "mode and order of interrogation."  Herron has failed to demonstrate how allowing Allstate to call Wainscott will hinder the "ascertainment of truth," lead to "needless consumption of time," subject Wainscott to "harassment or undue embarrassment," or otherwise prejudice Herron.[8]  Therefore, this Court should exercise its discretion to allow Allstate to call Wainscott in its case-in-chief.  Furthermore, because Wainscott has demonstrated his "identification" with Herron and his hostility towards Allstate (which Herron does not refute), Allstate should be permitted to use leading questions to elicit Wainscott's testimony.

       DATED at Anchorage, Alaska, this 23rd day of May, 2008.

GUESS & RUDD P.C.
Attorneys for Allstate


By:   s/Gary A. Zipkin
     Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, Alaska  99501
     Phone: 907-793-2200
     Fax:   907-793-2299
     Email: gzipkin@guessrudd.com
     Alaska Bar No. 7505048

---

[8] Fed. R. Evid. 611.

CERTIFICATE OF SERVICE

I hereby certify that on the
23rd day of May, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:    s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\20 car reply re Wainscott.doc