```
Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES HERRON, | ) |
| | ) |
| Defendant. | ) Case No. 3:04-cv-0043 TMB |
| | ) |

**HERRON'S MEMORANDUM CONCERNING PREJUDICE TO TRAILOV**

1. <u>Introduction</u>.

This memorandum is submitted in response to the Order dated May 29, 2008 that appears at Docket 269 directing the parties to file short memoranda addressing whether the following statement, found at Docket 160, pages 15-16, is an accurate statement of Alaska Law:

> "(I)t must be shown that the failure to meet the stated deadline was material. For the failure to be material, Herron must have suffered some prejudice. In order for Herron to have been prejudiced by the delay, Trailov and Kenick would have had to have been prejudiced by the failure and justified in terminating any further negotiations."

The quotation is not an accurate statement of Alaska Law. Trailov and Kenick (collectively "Trailov") owed no duty to engage in "further negotiations". Trailov's refusal to negotiate with Allstate after May 16, 2003 does not need to be "justified". Whether Trailov was prejudiced by Allstate's delay in tendering policy limits is not relevant because Allstate owed Trailov (the adverse party) no settlement duties.

2. <u>Allstate owed no duty to Trailov</u>.

When there is a substantial likelihood of an excess verdict, an insurer owes a duty to tender its policy limits. <u>Bohna v. Hughes, et al.</u>, 828 P.2d 745, 768 (Alaska 1992). But this duty exists only for the benefit of Herron, the insured. As the Alaska Supreme Court said in <u>O.K. Lumber Co., Inc. v.</u>

HERRON'S MEMORANDUM CONCERNING PREJUDICE TO TRAILOV
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)
                    Page 1

<u>Providence Washington Ins. Co.</u>, 759 P.2d 523, 525-26 (Alaska, 1988), a liability insurer owes the claimant no settlement duties:

> "The granting of summary judgment was correct, since there is no duty on the part of an insurance carrier for a third party to settle promptly with the claimant. The relationship between the claimant and an insurance carrier for a third party alleged to be liable is an adversary relationship giving rise to no fiduciary obligation on the part of such insurance carrier to the claimant. <u>Any obligation to deal with settlement offers in good faith runs only to the insured</u>." (emphasis added).

3. <u>Trailov has no duty to negotiate with Allstate</u>.

Trailov does not need to be "justified in terminating any further negotiations" after May 16, 2003. This basic rule was sent out more that forty years ago in <u>Critz v. Farmers Ins. Group</u>, 41 Cal. Rptr. 401, 406 (Cal.App 1965):

> "<u>The injured party, however, is under no duty to keep negotiations open after rejection of an early settlement offer. He and the insurer deal at arm's length. He may take an initial rejection at face value and choose thereafter to submit his claim to the uncertainties of litigation</u>…. Even if the insurer attempts to resume negotiations by a belated offer of the policy limit, that action does not necessarily relieve it of the onus of an earlier bad faith rejection." (emphasis added).

<u>Hulett v. Farmers Ins. Exchange</u>, 12 Cal.Rptr.2d 902, 908 (Cal. App. 1992) is another case considering this subject. Discussing what happens when a liability insurer make a policy

limits offer after failing to accept a prior settlement offer from the injured claimant, the Court said:

> "[W]hile an insurer may make an effort to correct an initial failure this does not mean that liability and damages for the preceding breach are cured by its subsequent offer of settlement….."

When a liability insurer fails to accept a settlement offer, it runs the risk that the injured claimant will refuse to negotiate in the future. <u>Critz</u> and <u>Hulett</u> are discussed in DiMugno & Glad, <u>California Insurance Law Handbook</u>, § 11:65.16 (2008), in a chapter entitled "Insurer's belated willingness to settle." The authors state:

> "Analyzed under the rubric of proximate causation, this language [from <u>Critz</u> and <u>Hulett</u>] suggests that an insurer's belated offer to settle can never serve as a superseding cause that absolves the insurer of responsibility for its earlier bad faith. <u>Simply put, a claimant's rejection of a belated settlement is not the type of abnormal, unforeseeable conduct that can be treated as a superseding cause. Indeed, the risk that the claimant will take the case to trial and obtain an excess judgment is the very risk that gives rise to an insurer's duty of good faith and fair dealing.</u> *See* <u>Restatement (Second) of Torts, § 449</u>, Comment b ("The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability cannot relieve him from liability.") (emphasis added)."[1]

---

[1] <u>Highlands Insurance Co. v. Continental Casualty Co.</u>, 64 F.3d 514 (9th Cir. 1995) is a Ninth Circuit case applying these principles. The Court said the fact that a primary insurer offered its policy limits on the first day of a trial did not absolve it for liability for its earlier bad faith refusal to settle.

4. <u>Restatement of Contracts (Second) § 242 distinguished</u>.

This Court cited <u>Restatement of Contracts (Second)</u> § 242 in support of the proposition that Trailov must be "justified in terminating any further negotiations." But the rule of § 242 does not apply to our context.

<u>Restatement</u> § 242 states a rule for evaluating performance under an existing contract. It appears in chapter 10, which is entitled "Performance And Non-Performance." It does not apply in our context because there was no existing contract between Allstate and Trailov to be performed.

Instead, our situation is governed by the rules concerning offer and acceptance. These appear at <u>Restatement of Contracts (Second)</u>, §§ 24-45. These rules provide that offers may be revoked at any time and that a belated effort at acceptance has no effect. The offer and acceptance rules impose no duty to negotiate and require no justification of anyone. <u>Accord</u>, <u>McKibben v. Mohawk Oil Co., Ltd.</u>, 667 P.2d 1223, 1227-1228 (Alaska 1983) (Offeror has full control of terms and may specify the time in which acceptance may be made).

5. <u>The Missed Opportunity is Prejudice to Herron</u>.

For Allstate's failure to settle to be a material breach, it must have prejudiced Herron. Proving that should be easy in this case.


Allstate owed Herron a duty to settle within the available policy limits, if that was possible. It will be undisputed that Allstate could have settled within policy limits anytime between February 14, 2003 and May 16, 2003. Allstate missed this opportunity and thereby exposed Herron to an excess judgment. That missed opportunity is the only prejudice that is relevant in this case.

DATED this 30 day of May 2008, in Anchorage, Alaska.

s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax ( ) hand this 30 day of May 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501


s/ Mark A. Sandberg