Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:       (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CHARLES HERRON, )<br>)<br>Defendant. )<br>_____ ) | No. 3:04-cv-00043-TMB |

ALLSTATE'S BRIEFING RE BURDEN OF PROOF

      Allstate's Second Amended Complaint For Declaratory Relief, dated December 10, 2004 (Docket No. 58) alleged that "Herron breached the insurance contract by consenting to entry of judgment and assigning his rights."  Herron's response to this allegation in his Answer to Second Amended Complaint for Declaratory Relief, dated January 31, 2005 (Docket No. 66), was "Denied."  Herron's previously filed Answer to

Amended Complaint for Declaratory Relief, dated June 16, 2004 (Docket No. 16), raised the following affirmative defense:

> Answering defendant alleges the plaintiff breached the insurance contract and thereby has waived any rights it has under the contract and is estopped to pursue this action.

It is relatively clear that Allstate would have the burden of proof regarding whether Herron breached the cooperation clause of the insurance contract. "On the question of the failure of an insured to comply with a cooperation clause, the burden of proof is cast upon the insurer to establish the facts showing the breach by the insured."[1] But Herron ultimately conceded that he materially breached his insurance contract with regard to his duty to cooperate with Allstate in the defense of Trailov's claim by confessing judgment in favor of Trailov and assigning rights to her without the prior consent of Allstate. Therefore, Allstate "met" its burden of proof on this issue, its primary allegation from its Complaint.[2]

---

[1] Maryland Casualty Co. v. Hallatt, 295 F.2d 64, 72 (5th Cir. Fla. 1961).

[2] For this reason alone, all of the cases Herron cited as authority for his position that Allstate has the burden of proof are distinguishable. The opposing party had not conceded the "main allegation" of the declaratory complaint in any of the cases Herron relied on. See Pacific Portland Cement Co. v. Food Mach & Chem. Corp., 178 F.2d 541 ( 9th Cir. 1950) (the defendant did not concede that the insured committed suicide while sane); Reliance Life Ins. Co. v. Burgess, 112 F.2d 234 (8th Cir. 1940) (same); Metropolitan Causalty Co. v. Miller, 188 F.2d 702 (7th Cir. 1951) (the insurer's allegation that no order for insurance was placed was contested); Sutton v. Hawkeye Casualty Co., 138 F.2d 781 (6th Cir. 1943) (the insured had not conceded the forfeiture alleged by the insurer); Continental Casualty Co v. Padgett, 123 F.Supp.847 (D. S.C. 1954) (the insured denied that the driver at the time of the accident was driving without permission, which

It is also well settled that defendants have the burden to prove their affirmative defenses. Therefore, Herron should have the burden of proof with regard to whether his breach was excused by Allstate's alleged prior material breach -- the only real issue remaining to be tried to the jury.

In addition to the general premise that defendants have to prove their affirmative defenses, these cases support Allstate's contention that Herron has the burden of proof: American Guarantee & Liability Ins. Co. v. Chandler Mfg. Co., 467 N.W.2d 226, 228 (Iowa 1991); Maryland Casualty Co. v. Hallatt, 295 F.2d 64, 72 (5th Cir. Fla.

---

was the insurer's allegation as to why contract was unenforceable); American Fire Ins. Co. v. Cinnamon, 100 F.Supp. 217 (D. Mo. 1951) (the insureds denied the fire was started by any of them, or with their knowledge); American Indemnity Co. v. Davis, 155 F.Supp 47(D. Ga. 1957) (the insured did not concede he breached the cooperation clause); Travelers Ins. Co. v. Drumheller, 25 F.Supp 606 (D. Mo. 1938) (it was not conceded that the insured died from natural causes instead of an accident); Reliance Life Ins. Co. v. Fancher, 30 F.Supp. 264 (D. Mo. 1939) (same); Pioneer Mutual Casualty Co. v. Qualls, 146 NE.2d 612 (Ohio App. 1957) (the insured denied fraud which would have voided policy); Republic Casualty Co. v. Obregon, 290 SW.2d 267 (Tex. Civ. App. 1956) (the insured did not concede the insurer's allegation that the minor was an employee of insured and thus excluded from coverage); Vermont Mutual Ins. Co. v. Singleton, 446 SE.2d 417 (S.C. 1994) (the question remained regarding whether the insured breached the contract); Concord Ins. Co. v. Miles, 289 A.2d 267 (N.J.Super. 1972) (the insured denied that the driver at the time of the accident was driving without permission, which was the insurer's allegation as to why contract was unenforceable); and Owens v. Brownlie, 610 NW.2d 860, 866 (Iowa 2000) (defendant in a DJA denied primary allegation of plaintiff).

ALLSTATE'S BRIEFING RE BURDEN OF PROOF
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 3 of 7

1961); and Safeco Ins. Co. of Am. v. City of White House, 191 F.3d 675, 682 (6th Cir. Tenn. 1999). The court in American Guarantee found:

> We have addressed the appropriate placement of the burden of proof in disputes over breach of insurance policy terms that are a condition precedent to the insurer's liability. We have consistently required that the party claiming entitlement to coverage under the policy must prove compliance with its terms. The party claiming coverage may meet this burden of proof by showing the following: (1) substantial compliance with the condition precedent; (2) the failure to comply was excused or waived; or (3) the failure to comply was not prejudicial to the insurer.[3]

Therefore, under this holding the burden is on the insured (Herron) to prove he is entitled to coverage. The court so held despite the fact that it was the insurer which "brought a declaratory judgment action seeking to void the insurance policy."[4] The court did go on to set forth an exception to the stated burden when the insured is not a party -- in other words when the judgment creditor is a party to the case, not the insured.[5] Herron is the insured and, therefore, this exception does not apply.

---

[3] American Guarantee & Liability Ins. Co. v. Chandler Mfg. Co., 467 N.W.2d 226, 228 (Iowa 1991) (emphasis supplied) citing Bruns v. Hartford Accident & Indem. Co., 407 N.W.2d 576, 579 (Iowa 1987); Henschel v. Hawkeye-Security Ins. Co., 178 N.W.2d 409, 415 (Iowa 1970); and Henderson v. Hawkeye-Security Co., 252 Iowa 97, 105-06, 106 N.W.2d 86, 91 (1960).

[4] Id. at 227.

[5] Id. at 229.

Reaching a slightly different conclusion, the court in <u>Maryland Casualty Co.</u> held that the <u>initial</u> burden of proving the insured's breach (his lack of cooperation) is on the insurer.[6]  When Herron ultimately conceded this issue, Allstate met this burden. But, the insurer "is not required to anticipate and negate all of the excuses and reasons that might justify" the insured's breach.[7]  If there were excuses or justifications for the breach of the cooperation clause, the burden of establishing them rested on the person seeking coverage.

Finally, <u>Safeco Ins. Co. of Am. v. City of White House</u> demonstrates that, under the basic law of breach of contract, when a plaintiff alleges that a defendant breached a contract, the defendant can raise as an affirmative defense that plaintiff failed to comply with a condition precedent.[8]  Defendant has the burden of proof on this affirmative defense.  Like the court held in <u>American Guarantee</u>, the same concept analogously would apply to the facts of this case, where Herron affirmatively asserts his breach was excused by Allstate's prior material breach.

---

[6] <u>Maryland Casualty Co. v. Hallatt</u>, 295 F.2d 64, 72 (5th Cir. Fla. 1961).  This case addressed the insured's breach of the duty to cooperate by failing to attend trial, but the same rationale should apply to other breaches of the cooperation clause.

[7] <u>Id.</u>

[8] <u>Safeco Ins. Co. of Am. v. City of White House</u>, 191 F.3d 675, 682 (6th Cir. Tenn. 1999).

Conclusion

Herron ultimately conceded Allstate's central allegation -- that he materially breached the insurance contract when he confessed judgment and assigned rights. Thus, Allstate met its burden of proof. The remaining issue for trial revolves around Herron's affirmative defense -- that his breach was excused by Allstate's alleged prior material breach.

DATED at Anchorage, Alaska, this 30th day of May, 2008.

        GUESS & RUDD P.C.
        Attorneys for Allstate


        By:   s/Gary A. Zipkin
              Guess & Rudd P.C.
              510 L Street, Suite 700
              Anchorage, Alaska 99501
              Phone: 907-793-2200
              Fax:  907-793-2299
              Email: gzipkin@guessrudd.com
              Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the
30th day of May, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:   s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\22 car Author re Burden.doc