ALASKA NATIONAL INSURANCE COMPANY
7001 JEWEL LAKE RD., ANCHORAGE, AK
(907) 248-2642

NATIONAL BANK OF ALASKA
89-5/1252

357724

CLAIM # 62-24143-00

DATE 4/18/95 AMOUNT *$1,044,600.00*

One Million Forty-Four Thousand Six Hundred and 00/100------------------------------Dollars

TO THE ORDER OF Keith Nelson and Kim Nelson; and
Keith Nelson and Kim Nelson For Benefit of
Clayton Nelson, A Minor Child and Eric Nelson
A Minor Child; and Andrew Kurzman, Their Attorney
810 West Second Avenue
Anchorage, AK 99501

AMOUNT OVER $5,000 REQUIRES TWO SIGNATURES

⑈357724⑈ ⑆125200057⑆ 37⑈7098 28⑈

ALASKA NATIONAL INSURANCE CO.

357724

| CLAIMANT | ACCIDENT DATE | CLAIM NUMBER |
|---|---|---|
| Nelson, Keith | 12/24/94 | 62-24143-00 |

| INSURED | POLICY NUMBER | POLICY PREFIX | POLICY NUMBER | TRANS | TYPE |
|---|---|---|---|---|---|
| ?ratt Inns, Inc. | 93L | AS | 53451 | 5 | IOT |

| IN PAYMENT OF | IRS NUMBER |
|---|---|
| Full/Final Settlement | 99-9999999 |

I hereby acknowledge receipt of the above check this 19th day of April, 1995.

Law Offices of Andrew Kurzmann

By: Monica M. McDaid

JOINT EXHIBIT 167-ID
3:04-cv-0043

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

KEITH NELSON, KIM NELSON, CLAYTON NELSON, Minor Child, and ERIC NELSON, Minor Child,

Plaintiffs,

vs.

BARRATT INNS, INC., an Alaska corporation d/b/a BEST WESTERN BARRATT INN,

Defendants.

Case No.3AN-95-1251

**SATISFACTION OF JUDGMENT**

Full and complete satisfaction and payment is hereby acknowledged of the Judgment made and entered in the Superior Court for the State of Alaska in the above entitled action on the 14 day of April, 1995, and the Court in said action is hereby authorized and directed to enter satisfaction of said judgment.

DATED at Anchorage, Alaska this 19th day of ~~March~~ April, 1995.

Law Office
Andrew Kurzmann
Attorney for Plaintiffs

By: [signature]
Andrew Kurzmann

Law Offices
STONE, WALLER, JENICEK, BROWN & GIBBS
A Professional Corporation
733 N Street
Anchorage, Alaska 99501-3226
(907) 277-8567

Exhibit 167
Page 2 of 43




March 23, 1995

Ms. Monica Jenicek
Stone, Waller, Jenicek, Brown & Gibbs
733 N Street
Anchorage, AK 99501

Re: Nelson v. Barratt Inns, Inc.
Claim Number: 24143
Date of Injury: 12/24/94

Dear Monica:

We have received your March 17, 1995 correspondence and have evaluated Mr. Kurzman's offer of judgment for $1,000,000 plus costs and Rule 82 attorneys' fees. We are hereby authorizing you to accept the offer of judgment for $1,000,000 plus Rule 82 attorneys' fees calculated on a "contested without trial" basis of $44,500. Additionally we understand there should be less than $500 in costs. Assuming costs of $500, the judgment would total $1,045,000. Alaska National authorizes you to accept the offer of judgment in this amount.

Should you have any questions, please do not hesitate to contact our office. We understand the offer will be accepted prior to the deadline which is March 24, 1995.

Sincerely,

Chuck Bean
Senior Claims Examiner

CB/cg

cc: James Wilkens, Attorney at Law

Exhibit 167
Page 3 of 43

01174




March 23, 1995

Mr. James Wilkens
Bliss & Wilkens
P.O. Box 201128
Anchorage, AK 99520

Re: Nelson v. Barratt Inns, Inc.
Claim Number: 24143
Your File Number: 760-200
Date of Injury: 12/24/94

Dear Mr. Wilkens:

This will confirm our telephone conversation of March 20, 1995, regarding the offer of judgment from plaintiff counsel Andrew Kurzman. Please be advised we have extended our authorization to Monica Jenicek to accept the offer of judgment for a total judgment, per our calculation, of $1,045,000.

It is our understanding that should Mr. Kurzman somehow be able to set aside the offer of judgment and be allowed to present a bona fide policy limit demand that we have agreed to address at that point the amounts previously paid under Alaska National's policy limit of $1,000,000. It would be Alaska National's position that should Mr. Kurzman be allowed to present a policy limit demand with Rule 82 attorneys fees calculated at $102,500, that Barratt Inn would be responsible for the $36,000 expended from the $1,000,000 policy limit. We will only address this issue should Mr. Kurzman be allowed by the court to present a policy limit demand in lieu of the offer of judgment.

Should you have any questions, please do not hesitate to contact our office.

Sincerely,

Chuck Bean
Senior Claims Examiner

CB/cg

cc: Monica Jenicek

Exhibit 167
Page 4 of 43

01175

CONFIDENTIAL

PRIVILEGED

**STONE, WALLER, JENICEK, BROWN & GIBBS**
733 N Street
Anchorage, Alaska 99501
Facsimile (907) 274-9788
CALL (907) 277-8567 REGARDING FAX PROBLEMS

THIS FACSIMILE CONTAINS CONFIDENTIAL, PRIVILEGED INFORMATION INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. DO NOT READ, COPY OR DISSEMINATE THIS INFORMATION UNLESS YOU ARE THE ADDRESSEE (OR THE PERSON RESPONSIBLE FOR DELIVERING IT). IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE CALL US (COLLECT) IMMEDIATELY AT (907) 277-8567, AND RETURN THE ORIGINAL MESSAGE TO STONE, WALLER, JENICEK, BROWN & GIBBS (733 N STREET, ANCHORAGE, ALASKA 99501) VIA THE POSTAL SERVICE. THANK YOU.

| | | |
|---|---|---|
| DATE | : | March ~~16~~ 17, 1995 |
| NO. OF PAGES TO COME (INCLUDING COVER SHEET) | : | 3 |
| ADDRESSEE | : | Chuck Bean |
| COMPANY | : | Alaska National Insurance Co. |
| TELECOPIER NO. | : | 266-9250 |
| SENDER | : | Monica Jenicek |
| REGARDING | : | Nelson v. Barratt Inn<br>Our File : 3148 |

---

MESSAGE:

3-20

Authorized Monica to accept offer – assuming costs of $500 judgement would be $1,045,000.

Exhibit 167
Page 5 of 43

**BLISS & WILKENS**
LAWYERS

P. O. BOX 201128 • ANCHORAGE, ALASKA 99520-1128
431 WEST 7th AVENUE, SUITE 202 • ANCHORAGE, ALASKA 99501-3583
TELEPHONE: (907) 276-2999 • FACSIMILE: (907) 276-2956

Ronald L. Bliss
James K. Wilkens
Alfred Clayton, Jr.

March 16, 1995

Post-It™ brand fax transmittal memo 7671 | # of pages ▸ 5

| To Gary | From Chuck |
|---|---|
| Co. ANIC | Co. |
| Dept. | Phone # |
| Fax # / | Fax # |

**via FACSIMILE AND MAIL**
266-9250

Chuck Bean
Alaska National Insurance Company
7001 Jewel Lake Road
Anchorage, AK 99502

**via FACSIMILE AND MAIL**
274-9788

Monica Jenicek
Stone, Waller, Jenicek,
Brown & Gibbs, P.C.
733 N Street
Anchorage, AK 99501

Re: Nelson v. Barratt Inns, Inc.
Alaska National Claim No. 24143-01
Our File No. 760-200

Dear Chuck and Monica:

This refers to the settlement evaluation and Rule 68 offer of judgment from Andrew Kurzmann, counsel for Keith Nelson. On behalf of our client, Barratt Inns, Inc., we respectfully request and demand that Alaska National agree to pay Mr. Nelson's offer of judgment, including costs and attorney fees, and authorize Monica to accept the offer of judgment within the time limits of Rule 68.

**A. Amount of Offer of Judgment is Within Amount of Available Insurance**

Under the applicable Alaska National insurance policy, there was $1 million of available liability coverage. Of this amount, $36,000 of the face amount has already been paid to the two other claimants. Accordingly, there is still $964,000 available. Under the supplementary payments provision of the policy, Alaska National also agrees to pay costs including "limited" Rule 82 attorney fees. Under the policy's Rule 82 attorney fees endorsement, Alaska National agrees to pay Rule 82 attorney fees in the amount of 20% of the first $25,000 and 10% on all amounts paid in excess of

Exhibit 167
Page 6 of 43

01398

March 16, 1995
Page -2-

$25,000. On the $964,000 of available insurance, therefore, the additional Rule 82 attorney fees would amount to $98,900. In total, the remaining available amount under the Alaska National insurance policy is at least $1,062,900.

The amount of the offer of judgment is within the available insurance coverage. Rather than making a typical policy limits demand, Mr. Kurzmann has made a Rule 68 offer of judgment. On its face, the $1 million offer of judgment appears to be in excess of the available liability amount, after deduction of the payment of the other two claims. However, an evaluation of the offer of judgment makes clear that, in total, it is actually less than the amount of available insurance.

The offer of judgment is in the amount of $1 million plus costs (which we expect are less than $100) and Rule 82 "contested" attorney fees. Rule 82 attorney fees are calculated on the "contested without trial" category for all Rule 68 offers of judgment. Farnsworth v. Steiner, 601 P.2d 266, 270 (Alaska 1979). According to our computation, Rule 82 attorney fees on the $1 million offer of judgment will total $44,500. The total amount due under the offer of judgment, including principal, costs and fees, will be approximately $1,044,600. Thus, the amount of the offer of judgment is less than the amount of insurance coverage available under the Alaska National policy.

B. **Offer of Judgment Should be Accepted to Protect Barratt Inns from Excess Liability Exposure**

In Alaska, an insurer has an obligation to quantify and tender payment of available policy limits whenever there exists a substantial likelihood that plaintiff's claims will exceed available insurance. Schultz v. Travelers Indem. Co., 754 P.2d 265 (Alaska 1988); Bohna v. Hughes, Thorsness, Gantz, et al., 828 P.2d 745 (Alaska 1992).

As we have discussed and as the settlement evaluation and related materials make clear, there exists a substantial likelihood that Mr. Nelson's claims will exceed Barratt Inns' available insurance coverage, and therefore exposes Barratt Inns to excess liability exposure. Acceptance of plaintiffs' offer of judgment will protect Barratt Inns from such excess liability exposure.

For the reasons stated above, Barratt Inns, Inc. respectfully requests and demands that Alaska National agree to pay the full amount of the Rule 68 offer of judgment, including costs and attorney fees, and authorize Monica to accept the offer of judgment within the time limits of Rule 68.

Thank you for your consideration and attention to this matter. As always, if you have any questions, feel free to contact us.

Regards,

BLISS & WILKENS

James K. Wilkens

---------------
JKW/cl
760-200\Jenicek.3

cc: Mr. John Payne

March 16

**MEMO TO FILE**

Pltf atty presented an Offer of Judgment for $1mil plus contested Rule 82. It appears there is case law to support the contested without Rule 82 amount as opposed to the contested with trial amount for the Rule 82 calculation. The contested without amount totals $44,500 while the contested with trial amount totals $102,500.

It was initially believed the demand was a policy limits demand which would yield the question of the insured being responsible for the $36,000 paid from the limits for the settlement of the Wood and Allridge claims. These claims were settled under the direction of the insured and for the insured's best interest in light of no excess coverage. The demand, however, is not a policy limits demand but an Offer of Judgment for $1mil plus Rule 82 Contested. The insured no doubt will demand we settle within their policy limits which actually total $1mil plus Rule 82 contested with trial or $102,500. We will inform Monica Jenicek the policy limit is calculated to be $1,044,500. We will discuss with the insured's atty, Jim Wilkens, that should for some reason pltf counsel contest our amount and through the court is able to revise his Offer of Judgment into a true policy limit demand we will then require the insured to agree to reimburse the $36,000 previously paid. If our acceptance of the Offer of Judgment stands and we pay $1.044,500, which is within the insured's policy limits, then the issue of the amounts previously paid is mute.

Heather Double reviewed the file and determines the pltf has suffered a severe head injury. Medicals total in excess of $300,000. The future medicals will most likely far exceed the $40,000 indicated in the demand letter. Wage loss could approach 50% of the earning capacity. Odds are against a full recovery. Although there are several key issues which are not addressed regarding the medical issues the bottom line this is a case to be settled within policy limits.

ub

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

3148 M8
RECEIVED
MAR 15 1995
STONE, WALLER, & JENICEK

KEITH NELSON, KIM NELSON, CLAYTON NELSON, Minor Child, and ERIC NELSON, Minor Child,

Plaintiffs,

vs.

BARRATT INNS, INC., an Alaska corporation d/b/a BEST WESTERN BARRATT INN,

Defendant.

Case No. 3AN-95-1251 Civil

OFFER OF JUDGMENT
[Alaska Civil Rule 68]

COME NOW Plaintiffs, by and through counsel, Andrew K. Kurzmann, and hereby offers, pursuant to Alaska Civil Rule 68, to allow entry of judgment for the Plaintiffs, for $1,000,000.00, exclusive of costs and Alaska Civil Rule 82 "contested" attorney's fees.

This is an offer of compromise only, and is not to be construed as an admission by Plaintiffs.

DATED at Anchorage, Alaska this 14 day of March, 1995.

LAW OFFICES OF ANDREW K. KURZMANN
Attorney for Plaintiffs

By: [signature]
Andrew K. Kurzmann

Law Offices of
Andrew K. Kurzmann
810 West Second Avenue
Anchorage, Alaska 99501
(907) 276-4878 / Fax: (907) 272-4851

\wp51\nelson\013.akk

| CLAIMANT | | CLAIM NO. 24143 |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 3/14 | s/w Monica - she understands Kurzman will file ~~to~~ policy limit demand in next few days. Kurzman calculates limits @ $1mil plus Rule 82. | |
| | Monica suggests we attempt to settle Allridge ASAP. Monica will call David Wensel to advise of upcoming policy limit demand. | |
| — | Monica s/w w/ Wensel - he has authority to settle for $20K. | |
| — | I called Wensel - we have $18 auth which he accepts. He will provide what documentation he has on meds @ time of receiving release. | |
| | Monica will inform both a/d & Jim Wilkens. | |

ANIC CLM 018 (12/94)

CASE PLANNING FORM

Exhibit 167
Page 11 of 43

01052

PIF

| CLAIMANT | | CLAIM NO. 24143 |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 3/10 | Rcv'd call from Ron Allridge - he states he is represented by Dayton & Wyman - seeing chiro for back and is limping due to leg injury. Stated he would have Wyman call. | |

ANIC CLM 018 (12/94)

Exhibit 167
Page 12 of 43

CASE PLANNING FORM

PIF

| CLAIMANT | | CLAIM NO. 24143 |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | 277-2330 | |
| 3/10 | S/W David Wensel - Atty for Allridge. He has min docs relating to med treatment but believes meds total $3K-4K. Leg badly injured (client is limping) and several bumps & bruises. Clmt unable financially to treat @ required - David anticipates 4-8 weeks before ready to settle. | |

ANIC CLM 018 (12/94)

**CASE PLANNING FORM**

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 3/6 | Attempted to call Alleidge – no # per 411 or on APD report. | |
| | Called Grebe's office to verify # or last address. | |
| | Monica is answering Complaint. We offered a'd defense provided by Jim Wilkens – they declined stating they desire Monica to defend so that Wilkens would be available for advice on financial matters regarding excess exposure. Monica will verify w/ Hr to a'd. | |
| 3/6 | Grebe's secretary called – only address they had was Brother Francis Shelter – w/ msg # of 277-1731. | |

ANIC CLM.018 (12/94)

**CASE PLANNING FORM**

Exhibit 167

Page 14 of 43

01055

**BLISS & WILKENS**
LAWYERS

P. O. BOX 201128 • ANCHORAGE, ALASKA 99520-1128
431 WEST 7th AVENUE, SUITE 202 • ANCHORAGE, ALASKA 99501-3583
TELEPHONE: (907) 276-2999 • FACSIMILE: (907) 276-2956

Ronald L. Bliss
James K. Wilkens
Alfred Clayton, Jr.

RECEIVED
MAR 0 3 1995

March 2, 1995

Monica Jenicek
Stone, Waller, Jenicek,
Brown & Gibbs, P.C.
733 N Street
Anchorage, AK 99501

PIF

Re: Nelson v. Barratt Inns, Inc.
Our File No. 760-200

Dear Monica:

This is to confirm our telephone conversation. After discussion with John Payne, Barratt Inns would prefer that our firm remain as their personal counsel in this matter. Accordingly, at least for the time being, we will not be representing Barratt Inns as their defense counsel in the lawsuit filed by Mr. Nelson.

This also confirms that Barratt Inns will consent to your representation of Barratt Inns in the litigation. Of course, this will mean that you should have no involvement in any insurance coverage issues, should any such questions arise later.

Barratt Inns was served in this matter on February 24. We understand that you will be filing an appearance and answer to the complaint. For your information, we are sending copies of the summons, complaint and discovery served on our office by the plaintiffs. Of course, if you need any additional information regarding the answer, feel free to contact me or John Payne.

As we discussed, Barratt Inns would also like to have the claims other than Nelson's settled as soon as possible. We understand that one of the three claims has now been settled. This confirms that Barratt Inns requests and authorizes settlement of the claim by Greg Grebe's client as well.

Thank you for your kind assistance and cooperation in this matter. As always, if you have any questions, feel free to contact me.

Regards,

BLISS & WILKENS

James K. Wilkens

-----------------
JKW/cl
760-200\Jenicek.2

Enclosures

cc: Mr. John Payne, w/o encs.

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 2/17 | Called L/m w/ Misti @ FF to call. Want to see if they secured R/S from Wood or Alldrige. | |
| | Also informed by Monica she rcv'd call from Kurzman who apparently has filed suit against ᐃ'd. Awaiting copy for facts. | |
| | Called ᐃ'd - S/W Kerma (John's sec). John is out of town for 2 weeks. Advised summons on the way. Also requested ᐃ'd provide list of all emps on payroll at time of loss & emps terminated within 6 month period prior to loss. | |
| 3/2 | Call from Monica - Allridge no longer rep by Grebe. Will call clmt to discuss. | |

ANIC CLM 018 (12/94)

CASE PLANNING FORM

Exhibit 107
Page 17 of 43

01060

| CLAIMANT Nelson | | CLAIM NO. 24143 |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 2/14 | Ron Wood Ron Wood, Sr. | |
| | Tim Stone | |
| | Recorded Statement | |
| | 12th & L | |
| | 87 Mazda B2000 | |
| | S on L | |
| | Downtown 5-6th | |
| | 30 mins earlier | |
| | Keith Nelson } met evening before | |
| | Ron Allridge } -45 min - 1 hr earlier | |
| | Accident 5:51 A.M. — APD | |
| | met Nelson on sidewalk 5th & Cordova | |
| | break by R. Wood, Sr. | |
| All 3 | W on 3rd past Native Hosp | |
| | Nelson to Wood R | |

Alldridge ~~to~~ behind Nelson

ANIC CLM 018 (12/94)

CASE PLANNING FORM

Exhibit 167 Page 18 of 43

01061

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | S on L | |
| | 30 mph - on L | |
| | 12th & L - veh flew into his veh | |
| | in far R lane | |
| | "nanosecond" before seeing headlights | |
| | blow to head | |
| | passenger seat | |
| | Not uncons | |
| | facing E. on L | |
| | Wood wearing seatbelt | |
| | does not recall if Nelson & Alldridge | |
| | wearing seatbelt. | |

ANIC CLM 018 (12/94)

**CASE PLANNING FORM**

Exhibit 167
Page 19 of 43

01062

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | Alldridge's legs trapped under Nelson's seat | |
| | no alcohol @ midnight → 5:45 A.M. → does not drink alcohol | |
| | taking Motrin for sprained back | |
| | Wood submitted to blood/urinalysis | |
| | "no other drug that impaired my ability to drive." | |
| | extremely high rate of speed - VAN | |
| — | probable R/S w/ Fireman's Fund - Wood alluded to giving 2-3 R/S. | |
| ☆☆ | Woods, Sr. stated it was possible driver ~~of~~ of VAN was an employee | |

ANIC CLM 018 (12/94)

**CASE PLANNING FORM**

Exhibit 167

Page 20 of 43

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| Ron Wood | | |
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 2/8 | Clmt called to discuss settlement - states meds total $2300 and he is bruised badly. | |
| | Offer of 6000 for vehicle and 2300 for meds & addt'l 2300 for P&S = $10,600. | |
| | Clmt not sure what he wants but stated he would take 20K. Told him too much. | |
| | He will call back w/ counter on 2/9. | |
| 2/10 | s/w clmt - declines $10,600. He counters w/ $20,000. Told him I must run figures by s'd. | |

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | | |
| | Ron Wood ↔ 243-6023 | |
| | meds: 2,500 (approx) | |
| | vehicle: total loss (5,000) | |
| | | |
| | Discussed w/ Monica - agreed to settle | |
| | Wood's claim for meds & veh loss. | |
| | | |
| | Will also secure Wood's recorded | |
| | statement. | |

ANIC CLM 018 (12/94)

Exhibit 167
Page 22 of 43

CASE PLANNING FORM

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 1/25 | s/w Larry @ Ribelin Lowell - | |
| | FF has w/c policy w/ Lone Rock Const in Barrow. Nelson worked for Lone Rock - FF rcv'd w/c claim re: 12/24 accident. Nelson was not in course & scope. | |
| | Nelson had collected last paycheck and came thru Anch on way to Homer. He apparently spent night in Anch. | |
| | Lone Rock pers told Larry they suspected Nelson hit the bars in Anch. | |
| | Controller confirmed Nelson made approx 70K in 94 @ a laborer. Lone Rock had layed him off ~~as~~ they close Jan-Feb. | |
| 1/27 | s/w Gary Rawie - he is investigating for w/c claim - emp states he was not in course & scope. | |

ANIC CLM 018 (12/94)

Exhibit 167
Page 23 of 43

CASE PLANNING FORM

01066




# MEMORANDUM

**TO:** File

**FROM:** Chuck Bean

**RE:** Statement from Ron Wood

**DATE:** January 24, 1995

I received a call this date from Ron Wood, driver and owner of the 1987 Mazda King Cab B2000 pick up involved in this accident. Mr. Wood states he was on L Street proceeding south and had the right-of-way. As he began to enter the intersection at L & 12th his truck was struck from the right side by a large vehicle which appeared to be airborne. He said the vehicle was going very fast as it pushed him across several lanes of traffic and into a telephone pole. He was not certain at that time the type of vehicle which hit his truck. He did not get a good look at the driver of the van.

Mr. Wood is 37 years of age. He is not married and has no children. His mailing address is 2600 Douglas Drive, Anchorage, AK 99517. During the summer of 1994, he worked on the survey crew for the U.S. Forest Service in Prince William Sound. This was his first summer doing this type work and hopes to be called back for 1995. He states he has not been working since the end of summer work. He also has not been working since the accident, he states due to his injuries.

Mr. Wood states his injuries consists of bruised ribs and a blow to the head. He has not been advised by a physician to curtail his activity in any way, including working. Mr. Wood seems far more concerned about the damage to his vehicle than his injuries.

Mr. Wood states he had been with a "call girl" during the evening and had dropped her off downtown. As he was proceeding through downtown he noted an individual standing on the side of the street with what appeared to be bags in his hand. Wood stated he stopped and asked Keith Nelson, whom he did not know prior, if he could give him a lift. Nelson accepted. Within two or three blocks, Wood & Nelson came upon Aldridge standing on the street and again inquired if Aldridge needed a ride. Aldridge accepted. Wood indicates he had never met Aldridge or Nelson before and did not know if these two individuals knew each other. He states he was certain they had been drinking. Wood says that he had "no alcohol in my blood system." Wood is not sure if the two passengers were wearing their seat belts but assured he had his on. He also states Aldridge was injured much worse than himself in the accident. Finally, Wood confirmed Nelson was sitting in the front seat on the passenger side and Aldridge was in the back seat.

Wood has been unable to see his vehicle which has been impounded by APD. He has no doubt the vehicle is a total loss. Wood states he is not represented but has been contacted by several attorneys offering their services. Wood stated he had no problem with us taking a look at his vehicle for our investigation purposes.

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | Potential Accident Reconst | |
| 1) | Jack Windsor - Seattle | |
| | Machine Design Engineers | |
| ☆ 2) | John Meyers or Linwood Johnson | |
| | Univ of Oregon | |
| 3) | Raleigh Kinney - Mike McConahy | |
| 4) | Chuck Lewis - Mike Barcott | |
| | ref AST-85 teaches @ Sitka Academy | |
| | (no Ph.D) | |

ANIC CLM 018 (12/94)

Exhibit 167
Page 25 of 43

CASE PLANNING FORM

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 1/23 | Confirmed w/ broker - no excess | |
| | ~~S/~~ S/W Kurzman - learned following regarding medical: | |
| | ◦ closed head injury (L hemispheric) | |
| | ◦ severe cognitive dysfunction | |
| | ◦ R side hemispheric paralysis | |
| | ◦ fractured pelvis | |
| | ◦ gallbladder rupture | |
| | Requested a med auth - Kurzman stated "no way - that's not how I do business". He then requested the policy limits - I told him "no way." | |
| | Clmt is 31 yrs old | |
| | Slope worker (70K-100K) | |
| | Married w/ 2 children | |
| | Resides in Anchor Point. | |

Exhibit 167
Page 26 of 43

ANIC CLM 018 (12/94)

CASE PLANNING FORM

01069

**SERIOUS LOSS REPORT**

**TO:** Distribution

**FROM:** Chuck Bean

**SUBJECT:** Serious Loss Report Number 1

**DATE:** January 20, 1995

Gary Oehler
Marilyn Murphy
David Jones
George Suddock
General Reinsurance
File

**RE:**

| | |
|---|---|
| Insured: | Barratt Inns, Inc. |
| Policy Number: | 93L AS 53451 |
| Applicable Limits: | $1,000,000 |
| Claim Number: | 24143 |
| Claimant's Name: | Keith Nelson |
| Deductible: | N/A |
| Date of Loss: | 12/24/94 |

**RESERVE DEVELOPMENT:**

| DATE | INDEMNITY | EXPENSE | TOTAL |
|---|---|---|---|
| Feature 00 | | | |
| (Nelson) | 950,000 | 50,000 | 1,000,000 |
| Rule 82/Interest | 150,000 | 0 | **1,150,000** |
| Feature 02 | | | |
| (Wood) | 18,000 (settled 2/14/95) | 0 | **18,000** |
| Feature 03 | | | |
| (Allridge) | 25,000 | 0 | **25,000** |
| **TOTAL** | **1,143,000** | **50,000** | |
| Feature 01 | | | |
| (Insured PD) | 5,000 | 0 | 5,000 |

**DESCRIPTION OF LOSS**

The insured's sixteen passenger van was stolen from their Spenard location. The thief drove through downtown Anchorage at high speeds subsequently running a stop sign and crashing into a small size pickup. The impact was on the passenger side door. The insured's employees who had filled the van with gas at approximately midnight left the keys in the ignition. It is believed the van was stolen between 4:00 and 5:00 a.m. The individual who stole the van has not been apprehended.

Exhibit 167
Page 27 of 43

**CLAIMANT/INJURY INFORMATION:**

Ron Wood, age 37
Keith Nelson, age 31
Ron Allridge, age 42

The owner and driver of the small Mazda pickup struck by the van is Ron Wood. Mr. Wood suffered minor bruising and currently is treating with a chiropractor. Mr. Wood was unemployed at the time of injury. His truck is considered a total loss.

Mr. Wood had picked up both passengers while downtown in the early morning hours. Mr. Wood states he did not know either individual and was in route to taking the front seat passenger (Nelson) to the airport. Keith Nelson was most severely injured. Nelson is married with two children and resides in Anchor Point. Nelson works on the slope as a laborer and earns $70,000 - $100,000 per year. Nelson had left the slope the day before the accident and stopped overnight in Anchorage. His employer, Lone Rock Construction in Barrow, had shut down for January - February and laid Nelson off.

We have learned from Nelson's attorney he is suffering from a closed head injury. He was in intensive care for some 30 days before going to the rehab unit where it is anticipated he will remain for at least 3 or 4 months. Nelson also suffers right side paralysis, a fractured pelvis and ruptured gallbladder.

The remaining passenger, Ron Allridge, was seated in the back seat. It is believed Allridge sustained bumps and bruises and continues to treat with a medical provider.

**COVERAGE:**

ANIC provides Commercial Auto Liability coverage with $1,000,000 per occurrence limits. The insured has indicated they do not have excess coverage. A letter has been sent to the insured advising them of the seriousness of Mr. Nelson's injury and the possible limits problem.

**LITIGATION/CURRENT STATUS:**

Nelson is represented by Anchorage attorney Andrew Kurzmann. Mr. Kurzmann was admitted to the Alaska Bar in 1983. I have contacted him but he was unwilling to provide any medical or wage authorizations.

Gregory Grebe, also from Anchorage, represents Ron Allridge. Mr. Grebe was admitted to the Alaska Bar in 1977.

The insured is represented by Monica Jenicek of Stone, Waller, Jenicek, Brown & Gibbs. The insured has requested we copy Anchorage attorney James Wilkens with all correspondence to protect their interests in the event of excess exposure. We had a one hour meeting with him to explain the liability and limits issues. It was agreed we would attempt to settle the Wood & Allridge claims. Authorization was provided by the insured to settle Wood's BI & PD for $20,000. Wood's claim settled for $18,000.

We are also going to approach Mr. Wilkens about taking over the defense of this case. He is a very experienced defense trial attorney and the insured inquired about this at our meeting. He indicated he was willing to assume the defense but would have to check with his partner to make sure they had enough time.

We are also trying to find an experienced criminal investigator to track down the thief as the police are unwilling to release any information. It would be very beneficial to have a person at trial rather than a "John Doe."

**SUBROGATION/CONTRIBUTION:**

The driver of the insured van ran a stop sign. Wood's vehicle had the right-of-way and will not be found liable. To our knowledge Nelson was not wearing his seatbelt, however, the seatbelt defense will not be available as the injuries would not have been lessened. The seatbelt defense may be available for Allridge's claim. Wood has stated he was wearing his seatbelt, and was uninsured. I will check with Kurzmann to see if Nelson has an auto policy and if so whether there is any under insured coverage available.

**EVALUATION:**

This is a case of liability as the insured's employee left the keys in the ignition of an unattended vehicle. Monica Jenicek has reviewed case law and confirms there is very little chance of defending the liability issue. However, the insured will have to add the driver of the van as a defendant and try to apportion most of the liability to him. If for instance Nelson's case has a value of three to four million and our insured is found to be only 20% at fault it isn't a policy limits case. We provided the file documentation to expert engineer John Meyers from Portland, Oregon to determine if his causation investigation findings matched ours. Meyers concludes the sole negligence of the van driver is the cause of the accident and the driver of the pickup not only had the right-of-way but had no time to react. Meyers also concludes after looking at the damaged vehicles, Nelson's injuries would not have been lessened to any degree if he had been wearing his seatbelt.

Policy limit reserves have been established due to the severity of Nelson's injuries.

Serious Loss Report
Keith Nelson
Page 4

**RESERVE ANALYSIS:**

**Indemnity - Nelson**

| | |
|---|---|
| Paid to Date | |
| Lost Wages: 25 years at 40k/yr. | 1,000,000 |
| Medicals | 1,000,000 |
| Pain and Suffering | 500,000 |
| Settlement- Consideration | / |
| Rule 82, Interest, Attorney Fees | |
| Total Indemnity | 2,500,000 |

**Allocated Expense**

| | |
|---|---|
| Paid to Date | 613 |
| Other | 49,387 |
| Total Allocated Expense | 50,000 |
| | |
| GRAND TOTAL | 2,550,000 |

Settlement Range Based on Evaluation: Policy Limits

**ISSUES AND PLAN OF ACTION:**

1. Secure police report when completed.
2. Secure information regarding Nelson's medical condition.
3. Attempt to settle remaining passenger claim at direction of insured.
4. Keep insured advised of developments.
5. Locate and hire criminal investigator.

 24143

*Andrew K. Kurzmann*
*Trial Attorney*
*810 West Second Avenue*
*Anchorage, Alaska 99501*

*(907) 276-4878* *Fax: (907) 272-4851*

January 20, 1995

**VIA TELEFAX**
**266-9250**

Mr. Charles Bean
Claims Adjuster
Alaska National Insurance Co.
7001 Jewel Lake Road
Anchorage, Alaska 99502

Pull

Re: *Keith Nelson v. Best Western Barratt Inn*
DOL: 12/24/94

Dear Mr. Bean:

I represent Keith Nelson and his family with regard to the automobile accident which occurred on December 24, 1994. A Best Western Barratt Inn van collided with a vehicle in which Mr. Nelson was a passenger. Mr. Nelson sustained catastrophic injuries as a result of that collision.

On January 19, 1995, I received a telephone call from Jim Stirling. Evidently, you called Mr. Stirling to retain him as an expert/consultant. Please be advised that Mr. Stirling was retained by my firm some time ago. Therefore, please refrain from any further contact with Mr. Stirling concerning this case.

Mr. Stirling informed me that Alaska National Insurance Company is the insurance representative for Barratt Inns, Inc. and Best Western Barratt Inn. I would appreciate confirmation in writing on this point. Additionally, please provide this office with copies of all insurance policies, declaration pages and policy limits contained therein which may cover this



1/23
s/w Kurzman - confirmed we had covg.

claim including automobile insurance, premises insurance, liability insurance, and/or umbrella insurance.

Sincerely,

LAW OFFICE OF ANDREW K. KURZMANN

By:
Andrew K. Kurzmann

AKK/mmm
*\wp51\caz\927.akk*

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 1/17 | s/w Jim Stirling - discovered he has been hired by Kurzmann who represents Keith Nelson. | |
| | Jim states Barry from Baranoff Lounge called Barrett Inn @ approx 3-4 a.m. to tell them their van was in street doing brodies. | |
| | Barrett Inn personnel stated to Barry they wandered where vehicle has been last 2-3 hrs. | |
| | Jim states a'd made statement to cops it was their policy to leave keys in veh. | |
| | Driver of o/v (Ron Woods) is a'd w/ State Farm. Woods stated to cops he saw a'd van playing "leap frog" in roadway. The three men had come from dropping off hooker downtown. Not sure on alcohol or seatbelt. | |
| | Grebe represents Ron Aldridge (min injury). Wood's veh was small P/U. | |

① Monica will set-up mtg w/ a'd.
② Mike Gordon will do background ✓.

Exhibit 107
Page 33 of 43

ANIC CLM 018 (12/94)

CASE PLANNING FORM

01070

Alaska National Insurance Company

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 1/13 | Discussed claim w/ Gary O. - he believes we may have exposure. | |
| | ↑ reserves to \$50K/\$25K w/ SLR. | |
| | Also per Monica's req - Gene will call various hotels regarding key policy & if they allow keys to be left in vehs. | |



CASE PLANNING FORM

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| 1/12 | Advised by Cathy Martin / Nancy Taylor @ Ribelin Lowell - $ | |
| | John Payne @ Barrett Inn was contacted by Anch atty Gregory Grebe. Monica Jenicek will contact Mr. Grebe to see who he represents. | |
| | ~~(503) 797-8125 -> 72 B736953~~ | |
| | Robert w/ Nationwide called. Policyholder - Keith Nelson in veh driven owned by Ron Wood who is uninsured. | |
| | Robert states he understands Anch atty Andrew Kurzman reps Nelson. | |
| | Appears Grebe represents Ron Wood (u/m) | |

ANIC CLM 018 (12/94)

Exhibit 167
Page 35 of 43

CASE PLANNING FORM

01072



**Northern Adjusters** INCORPORATED
1401 Rudakof Circle
Anchorage, Alaska 99508
(907) 338-7484

January 5, 1995

E. DANE HAVARD
President
LARRY A. STAIGER
Senior Vice President
DENNIS J. WILES
Vice President

BRANCH OFFICES:
Fairbanks, Alaska
Kenai, Alaska
Juneau, Alaska

Attn: Chuck Bean
Alaska National Ins. Co.
7001 Jewel Lake Road
Anchorage, AK 99502

Pull
2443

RE: Claim : 93L AS 53451
Insured : Barratt Inn
Claimant : Keith Nelson
Loss of : 12-24-94
Our file : 94-4481 EHD

Enclosures: Photographs Theft Scene
Business Card - Assistant General Manager
Company Vehicle Use Agreement
Police Report Requests (2)

Dear Chuck:

## ASSIGNMENT

As per your fax transmission of December 27, 1994, we have informally interviewed the insured, and requested Police Reports of both the theft of the insured vehicle, and the resulting accident.

## COVERAGE

Coverage was not provided with assignment. The insured is the Barratt Inn, located on Spenard Road, in Anchorage, Alaska.

## OCCURRENCE

One of the insured's courtesy vans was stolen from its proper parking lot at the Barratt Inn, between 3;45 and 4:30 a.m., on December 24, 1994. An unknown party, or parties, drove the vehicle into the downtown area, and was driving the vehicle in a reckless manner, and struck another vehicle just before 6:00 a.m. Apparently this accident happened at the intersection of 12th Avenue and L Street.




Exhibit 167
Page 36 of 43

CLAIMANTS

No contact.

WITNESSES

We did make arrangements to meet with various parties at the Barratt Inn on December 30, 1994.

The following parties were contacted:

Holt Benfield: Address: 9341 Strathmore Drive, Anchorage, Alaska 99515. This individual's home phone number 243-0546. He is 24 years of age, and has worked at the Barratt Inn for two years and four months. This individual is the security man.

Steve Cobb: Address: 657 West Fern, Palmer, Alaska 99645. This individual's home phone number is 746-1874. This man is 20 years of age and has worked at the Barratt Inn approximately three and a half months. Steve Cobb is one of the courtesy drivers.

Aundre L. Turner: This individual resides at 3212 LaTouche, Anchorage, Alaska 99508. His home phone number 274-6847. This man has been employed for one month as a courtesy driver. He is 29 years of age.

Kimy Piland: Kimy is the Assistant General Manager of the Barratt Inn. She can be reached at the Barratt Inn.

According to these witnesses there is an agreement on the use of hotel property, and all drivers are supposed to sign this document. Apparently when Holt Benfield was hired there was no reference in the property agreement regarding keys being left in the driver's closet where the keys are usually kept. Evidently things became relaxed because of numerous drivers coming and going, and new hires.

All the parties agree that the theft had to have occurred between 3:45 a.m. and 4:30 a.m. The courtesy van was parked in the normal van spot by the front door of the lobby. Please note the front door of the lobby faces away from Spenard Road.

Apparently Aundre Turner parked the van. He went and got gas after midnight, and he believes this was around 12:30 a.m. A copy of the fuel ticket from Tesoro Alaska has been provided to the company. Please note this 7-11 store is at 4608 Spenard Road, which is right across the street from the insured's business.

Aundre and other parties confirm that the van did not go anywhere that morning, and was parked backward in the parking stall. Aundre does confirm that the key was left in the ignition. He states that there are three accessible keys, but these keys and other keys are under a locked system.

At approximately 4:30 a.m. Steve Cobb, the other courtesy driver discovered the van was gone. Apparently he had received a call to take a customer to the Airport, and went out to use the van and it was gone. At that time Steve Cobb notified Holt Benfield. They apparently searched the entire premises, and could not find the van. At that time police were called. Evidently the police did not come to the scene.

Holt Benfield advises that sometime during this time frame a 14 year old Hispanic male, wearing a sweat shirt and not carrying anything had been in the lobby. This individual appeared to be intoxicated. He went to the rest room and then apparently went across to the 7-11 store. Another party had been in to talk to Jessica, the night auditor, and that person's identity is unknown.

It appears that the Hispanic male came in to check when the people mover was running. This party came in a side door, and left through the side door. According to these witnesses this party came in during the same time envelope that the theft would have occurred.

We questioned these witnesses regarding prior thefts of company vehicles in the past. Kimy Piland states that there may have been one more than five years ago, but she could not remember for sure.

In checking on ground security, we find that the security people do make rounds. Apparently the property is checked every two to three hours by Holt Benfield. These checks encompass outside checking, as well as interior checks. According to Holt Benfield there was nothing unusual that night at all. He states that the hotel was at about 40% occupancy, and it was a quiet evening.

There has not been any other party around checking on this matter other than this writer. The police apparently never came back to the hotel after the vehicle had been involved in an accident.

Holt Benfield states that at approximately 5:10 a.m. an unknown party called about the van being downtown. Apparently the operator of the van was speeding and driving recklessly. The night auditor, Jessica Emerson, took this call. If necessary, we can secure this party's name and phone number.

We questioned Steve Cobb at length about the condition of the van. We were concerned about vicarious liability because of poor brakes, or steering problems, etc. Steve Cobb says that this van was in good shape. The only problem with the van that he was aware of is that the heater was noisy. This was a 1993 Ford Club Wagon. This is a 10 passenger van with 87,878 miles on the odometer. Steve states that everything worked well on the van, and the tires were in good shape. This was a four-wheel drive van, and had studded tires one it.

Aundre Turner was questioned regarding the trips that he took on the day of this incident. He states that he took seven trips in the van and they were all to the Airport. This included one trip to the Post Office. All of these trips were for Barrett Inn business purposes. He states that there was nothing unusual, and no one hanging around when the van was parked at any time. He states that all the trips were made by himself, and there were no employees.

We checked with Kimy Piland, and she says that no one "skipped" on a hotel bill that morning.

Holt Benfield was questioned regarding the driver's use of the van, and hauling friends around when they are doing hotel business. Holt says this is simply not done by any employees. He also states that in order to be in the van they have to be a guest, or a employee, and that the hotel is very strict about that.

All the parties we talked to we questioned about any disgruntled employees, or ex-employees who may have done this. Apparently there are some food service employees who have been recently discharged for one reason or another. Kimy Piland checked with Linda Cornell, the Restaurant Manager, and apparently three people have been terminated within the last three months. One of the parties was an individual by the name of Earl Smith, who was terminated two months ago. Evidently this individual ran

with a pack of kids in their early 20s. The Restaurant Manager has suspicions of gang activities. This is unfounded. The other two parties are: an individual by the name of Mike Sakayak, who was terminated for unknown reasons, and an individual by the name of Trace (last name unknown), who apparently was discharged because he was coming in late and would not work. There is an unfounded allegation that this individual might be using drugs.

## OFFICIAL RECORDS

We have the attached Use of Company Property Agreement, as signed by employees. We refer you to Article 13 regarding the leaving of keys in the ignition. This is a warning rather than a complete prohibition.

We have requested the theft report and the accident report, and copies of requests are enclosed.

## PHOTOGRAPHS AND DIAGRAMS

We have secured the attached photographs, which reflect that the parking area for the vans, although right by the front door of the hotel, does not have a direct line of sight between the front desk and the parking area. We have shown in the photographs where the van in question was parked when stolen.

## LIABILITY

Unknown. We are unaware of any jurisprudence in Alaska for vicarious liability in situations of this nature. However, we do think foreseeability would be an issue here.

## REMARKS

We will be forwarding the Police Reports to you upon their receipt.

Should you have any further suggestions for additional activity, please feel free to advise.

**FUTURE ACTIVITIES**

1. Secure Police Reports.

Sincerely,

E.H. Dahlgren, CPCU
Claims Manager

EHD:mm

Alaska National INSURANCE COMPANY

| CLAIMANT | | CLAIM NO. |
|---|---|---|
| TECHNICIAN | ACCIDENT DATE | POLICY NO. |

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | Req policy 12/27 | |
| 12/27 | Called / W/M for John Payne to | |
| | call. 243-3131 249-4951 | |

Anch Daily News 12/25

# Three hospitalized when stolen van runs stop sign, crashes into truck

One man was seriously injured and two others hospitalized Saturday after a van stolen only minutes earlier from a Spenard motel ran a stop sign and crashed into their pickup truck.

Keith Nelson, a passenger in the pickup, was listed in serious condition at Alaska Regional Hospital and may be paralyzed, police said. The two other men suffered minor injuries and were taken to Providence Hospital, police said. Their names and ages were not immediately available.

The three were struck just before 6 a.m. when the van, headed east on 12th Avenue, ran a stop sign and crashed into the pickup, headed south on L Street, police said.

Less than a half-hour before, employees at the Barratt Inn on Spenard Road had called to report the van stolen. Officer Dave Fearing said he didn't know what had become of the driver of the van. The van was not at the accident scene when officers arrived, but was found later in another part of town, he said.

"I know we have a suspect, but I don't know if an arrest has been made," he said.

| ENTRY DATE | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|
| | s/w John | |
| | Drivers are not to leave ~~vehs~~ keys in vehs | |
| | Driver: Steve | |
| | Security: Holt | |
| 1/4 | s/w John Payne - APD still has vehicle. | |
| | John will let me know when veh is released | |
| | to get est. | |

ANIC CLM 018 (12/94)

Exhibit 107

Page 42 of 43

CASE PLANNING FORM

Alaska National INSURANCE COMPA[NY]

Policy Number: ______

Policy Period: ______

Claim Number: ______

Date Opened: ______

PRIORITY DATE: 12/31
(14th day of disability)

File Assigned To: Chuck

Date Received: 12/27

Date Assigned: 12/27/94

Claimant Name: ______

Date of Accident: 12/24/94

Employer: Barratt Inns

Claimant Contact Target Date ______
Insured Contact Target Date ______
Physician Contact Target Date ______

For Adjuster Completion:
Actual Contact Date ______
Actual Contact Date ______
Actual Contact Date ______

Please review and document the following items when processing this claim:

Accident Date ______
Employer's Report ______
Policy Coverage ______
Compensability ______
Time Loss or M.O. ______
Controvert ______
Duplicate Claim ______
Timely Reported ______
Date of First Time Loss ______

Subrogation Rights ______
Medical Treatment ______
Witness Interview ______
On-site Investigation ______
Recorded Statement Needed ______
Photographs/Diagrams ______
Prior Injuries (SIF) ______
Health Questionnaire ______
Check Prior Files ______

| ENTRY DATE | LAPSED TIME | SUMMARY ISSUES - ANALYSIS PLANNING - GOALS - KEY ISSUES | TARGET DATES |
|---|---|---|---|
| | | send copy to Gary O | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Exhibit 167
Page 43 of 43

ADJUSTER ASSIGNMENT