Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:   (907) 793-2200
Fax:      (907) 793-2299
E-mail:   gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,    )<br>                                                             )<br>         Plaintiff,                                     )<br>                                                             )<br>     v.                                                    )<br>                                                             )<br>CHARLES HERRON,                              )<br>                                                             )<br>         Defendant.                                  )<br>_____) | No. 3:04-cv-00043-TMB |

ALLSTATE'S  RESPONSE TO HERRON'S
BRIEFING RE PROOF OF PREJUDICE TO THE CLAIMANT

Herron's cited authority regarding prejudice to Trailov is wholly distinguishable or, at best, only applies to his "missed deadline" theory and not his Schultz theory as to how Allstate allegedly materially breached the insurance contract.[1]

---

[1] Schultz v. Travelers Indem. Co., 754 P.2d 265, 266-7 (Alaska 1998) (an insurer has a duty to extend a policy limits offer to plaintiff once it knew, or should have known, that it was substantially likely that its insured was liable for the injuries and that plaintiff's damages exceeded the limits of coverage.)

Therefore, at the very least, as Allstate said at the pre-trial hearing, if Herron intends to proceed under both theories at trial, he has to prove prejudice or harm to Trailov under his Schultz theory of liability.  Herron has not been able to provide any authority to the contrary and to hold otherwise would completely negate the "reasonableness" requirement set forth in Peter, by essentially making such claims strict liability claims.

Herron's reliance on Critz v. Farmers Ins. Group[2] and Hulett v. Farmers Ins. Exchange[3] is misplaced and does not even apply to his "deadline" theory.  Both of those cases involved situations where the insurer refused to settle for policy limits and only offered to settle after long delays.  They were not cases where the insurer was continuing to attempt negotiations, but the claimant refused to settle within policy limits after the insurer had an opportunity to fully evaluate the claim.

Furthermore, a close reading of Critz actually supports Allstate's assertion that the jury must consider of claimant's conduct and alleged prejudice in rendering a decision on whether the insurer acted in bad faith.  Critz held: "[c]ertainly, the extent of negotiations preceding the breakdown, the timing of the insurer's rejection in relationship to the sequence of accident, commencement of suit and trial are elements in the fact trier's

---

[2] 41 Cal. Rptr. 401, 406 (Cal. App. 1965).

[3] 12 Cal. Rptr.2d 902, 908 (Cal. App. 1992).

ALLSTATE'S RESPONSE RE PROOF OF PREJUDICE TO THE CLAIMANT
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 2 of 5

individualized adjudication of good or bad faith."[4]  Again, as discussed in Allstate's briefing, these are not things that can be addressed in a vacuum; the actions of both negotiating parties are relevant.

All Critz (and Hulett) was holding is that a later offer to settle for policy limits did not completely absolve the insurer of a claim of bad faith, such that it was entitled to summary judgment.[5]  Nowhere does Critz say that prejudice to the claimant is irrelevant to a determination of bad faith.  Finally, the court in Critz suggested that, in order to avoid bad faith liability by not accepting an offer to settle within policy limits by a stated deadline, an insurer should do precisely what Allstate did in this matter -- continue evaluating the claim, continue discussing pre-filing resolution, and "suggest" it needs more time -- holding:

> She had a right to attach a time limit to her offer, but the insurer was not bound by it.  Had the company needed more time for investigation, for a good faith assessment of the claim's value or for consultation with its policyholder, it might have chosen neither to accept nor reject her offer, but rather to suggest additional time.[6]

---

[4] Critz at 405-406.

[5] But, compare that to cases cited by Allstate in its briefing where courts upheld summary judgment because claimants could not demonstrate prejudice by the insurer's "delayed" offers.

[6] Id.

ALLSTATE'S RESPONSE RE PROOF OF PREJUDICE TO THE CLAIMANT
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 3 of 5

Herron's attack on the court's use of Restatement of Contracts (Second) § 242 also is incorrect. The terms of Power's April 10, 2003, letter amounted to an "options" contract, thus, there was an existing contract and § 242 applies. Restatement of Contracts (Second) § 25 states: "An option contract is a promise which meets the requirements for the formation of a contract and limits the promisor's power to revoke an offer." Much like an option contract to buy property (A offers to sell Blackacre to B for $5,000 in the next 30 days but, if B pays A $100, he has 60 days to buy Blackacre at that price) Powers April 10, 2003, letter set forth an options contract (A offer to B "remains open" for the next 30 days but, if B is still communicating with A about settling, he has more time to accept the offer). An options contract is a contract, in and of itself, and the provisions of the Restatement this court relied on apply.

Lastly, there is absolutely no question that the jury must examine any demand by a claimant for policy limits for its reasonableness -- including the reasonableness of the time deadline. Therefore, the claimant's motives and conduct are clearly relevant at this juncture of the negotiations. Herron has provided no case law that supports his assertion that any time thereafter the claimant's conduct becomes irrelevant, even if it amounts to bad faith. This is because there is none.

For all these reasons, and the reasons cited in Allstate's previous briefing on this issue (Docket No. 272), this court should maintain the holding in its Order, dated

October 19, 2006 (Docket No. 160), instruct the jury accordingly, and not certify the question posed by Herron's attorney to the Alaska Supreme Court.

DATED at Anchorage, Alaska, this 2nd day of June, 2008.

GUESS & RUDD P.C.
Attorneys for Allstate

By:   s/Gary A. Zipkin
     Guess & Rudd P.C.
     510 L Street, Suite 700
     Anchorage, Alaska 99501
     Phone: 907-793-2200
     Fax: 907-793-2299
     Email: gzipkin@guessrudd.com
     Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the
2nd day of June, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:   s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\24 car response Author re prejudice.doc