Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:     (907) 793-2200
Fax:       (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES HERRON,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 3:04-cv-00043-TMB |

ALLSTATE'S PROPOSED STATEMENT OF THE CASE[1]

Pursuant to this court's Pre-Trial Order (Docket No. 210) and Minute Order (Docket No. 274) Allstate Insurance Companies, by and through its respective attorneys,

---

[1] Allstate recognizes that the court's Pre-Trial Order and Minute Order requested a joint statement of the case; however, Allstate attempted to contact Herron's attorney over the weekend to discuss this issue, but did not hear back from him.

hereby proposes the following statement of the case, previously filed as Allstate's Disputed Proposed Jury Instruction No. 2:

> This lawsuit arises out of a one-vehicle accident, in Bethel, on September 14, 2002. Charles Herron, Allstate's insured, was the driver of that vehicle. Angelina Trailov was a passenger in that vehicle and sustained injuries in the accident. Ms. Trailov was thereafter represented by an attorney, Michele Power, with regard to her claim for bodily injury damages against Mr. Herron.
>
> It is undisputed that Mr. Herron materially breached his duty to cooperate with Allstate in the defense of Ms. Trailov's claim by confessing judgment in favor of Ms. Trailov and assigning his rights as against Allstate to Ms. Trailov without Allstate's prior consent. The issue in this case is whether Mr. Herron's material breach of his duty to cooperate was excused by Allstate's alleged prior material breach of its obligations owed to Mr. Herron.
>
> Mr. Herron has the burden of proof as to this issue.

In the alternative, Allstate proposes that the court use the second full paragraph from the Statement of Uncontested Facts section of the Joint Pre-Trial Order, dated April 9, 2008 (Docket No. 220). Both parties have already stipulated to the language in that section. It reads:

> This lawsuit arises out of an accident that occurred on September 14, 2002, when a vehicle operated by Herron, Allstate's insured, was involved in a single-car collision in which Angelina Trailov ("Trailov") was a passenger. Allstate was timely notified of the accident on September 16, 2002. On September 19, 2002, James Valcarce ("Valcarce"), the attorney for Herron, was informed by Michele Power

("Power") that she represented Mary Kenick ("Kenick") on behalf of Kenick's minor child, Trailov. This letter was forwarded to Herron's father on September 23. On September 21, 2002, Allstate resolved the issue of liability, determining that Herron, its insured, was 100% liable for the accident. From that point, the only matter left for resolution was the extent of the injuries suffered and the amount of the damages for which Herron and, ultimately, Allstate would be liable. Subsequent to determining its insured was 100% liable, Allstate undertook to investigate the extent of the damages. It is this activity that is the subject matter of the dispute between the parties in this case.

DATED at Anchorage, Alaska, this 2nd day of June, 2008.

        GUESS & RUDD P.C.
        Attorneys for Allstate

By:   s/Gary A. Zipkin
      Guess & Rudd P.C.
      510 L Street, Suite 700
      Anchorage, Alaska 99501
      Phone: 907-793-2200
      Fax:  907-793-2299
      Email: gzipkin@guessrudd.com
      Alaska Bar No. 7505048

CERTIFICATE OF SERVICE

I hereby certify that on the
2nd day of June, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:   s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\25 car Proposed Statement of Case.doc