# MINUTES OF THE UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

*Allstate Insurance Company v. Herron*
Case No. 3:04-cv-043 TMB

By:              THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:    ORDER FROM CHAMBERS

**ORDER RE: PROOF OF PREJUDICE TO CLAIMANT**

Based on the parties' arguments at the Final Pre-Trial Conference on May 29, 2008, the Court requested additional briefing on a single issue: proof of prejudice to the claimant.

Allstate argues that in order for Herron to show that he was harmed by Allstate's alleged delay in tendering policy limits, he must establish that third-party claimants Trailov and Kenick were harmed by this failure. Herron responded that the only prejudice which need be shown is to Herron, and argues that this was met when Allstate failed to settle the policy limits by May 16, 2003.

Allstate clarified its position at the continued Final Pretrial Conference on June 2, 2008. It conceded that any prejudice to Trailov and Kenick is but one factor in the analysis of whether Allstate's overall conduct was reasonable – and not a necessary element without which Herron's claim would fail. Herron maintains that any evidence of harm to these claimants – or lack thereof – is both irrelevant and inadmissible.

The Court agrees with Allstate. Although proof of harm to a third-party claimant is not <u>required</u> to establish prejudice to Herron, it is nonetheless <u>relevant</u> to help determine whether Allstate acted reasonably. To the extent that the third party claimant's actions might inform this inquiry – and suggest that it was the third party (not the insurer) that was ultimately responsible for the failure to settle – those actions and motives are relevant to this case.[1] Allstate is entitled to explore them. *See Miel v. State Farm Mutual Automobile Ins. Co.*, 185 Ariz. 104, 111 (1995)("[T]he reasons the Plaintiff adhered to the deadline are relevant to whether the insurer acted unreasonably….the reasons for a specific deadline may be relevant to whether the claimant has 'set up' the insurer for a claim of bad faith.") *Wade v. Emcasco Ins. Co.*, 483 F.3d 657, 670

---

[1] The Court is not ruling that any third party's actions actually <u>were</u> the ultimate cause of the failure to settle – just that Allstate is entitled to explore this possibility as a factor to help the jury evaluate whether its response was reasonable.

(2007)("It is therefore relevant to take into consideration, in addition to the other pertinent Bollinger factors, relevant aspects of the third-party plaintiff's conduct, including any responsibility the plaintiff might have for the insurer's lack of adequate information upon which to judge a proposed settlement offer and the reasons the plaintiff had for declining to entertain an offer after expiration of a deadline…..courts cannot presume that any failure to reach a settlement when the insurer did not meet a deadline unilaterally imposed by the third-party plaintiff – no matter how arbitrary or manipulative the deadline may be – may reasonably be blamed on the insurer.").

     Finally, as discussed at the continued Final Pretrial Conference on June 2, 2008, Allstate has the burden of going forward on the issue of whether it acted reasonably. The Court will discuss the issues concerning the burden of proof with the parties tomorrow morning.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: June 2, 2008