Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES, )<br>                               )<br>        Plaintiff,            )<br>                               )<br>    v.                         )<br>                               )<br> CHARLES HERRON,               )<br>                               )<br>        Defendant.             )   Case No. 3:04-cv-0043 TMB<br>                               ) | |

**HERRON'S BRIEF ON ISSUE OF WHETHER THE 2/14/03 LETTER IS A POLICY LIMITS DEMAND**

   I. <u>The Fact is Stipulated</u>.  The jury has already been instructed that it must accept the Stipulated Facts as established in this case. It is a stipulated fact that:

<u>February 14, 2003</u>: Power sent a "demand" letter to the adjuster making a policy limits demand on behalf of Trailov for her injuries and a similar demand on behalf of Kenick for negligent infliction of emotional distress ("NIED"). The letter did not specify a deadline date for response.

PARTIES' STIPULATED FACTS, pg. 3

HERRON'S BRIEF ON ISSUE OF WHETHER THE 2/14/03
LETTER IS A POLICY LIMITS DEMAND
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

II. <u>Not An Essential Element.</u> Even if it were not stipulated, deciding whether the letter is a policy limits demand would not be critical. In Alaska, the insurer's duty to attempt settlement by tendering policy limits is triggered by the likelihood of an excess verdict and does not require receipt of a settlement demand within limits. *Bohna v. Hughes, Thorsness, Gantz, Powell & Brundin* 828 P.2d 745, 768 (Alaska,1992):

As we recently recognized, where an adverse verdict in excess of policy limits is likely, an insurance company has the duty to determine "**the amount of a money judgment which might be rendered against its insured**," and "**to tender in settlement that portion of the projected money judgment which [it] contractually agreed to pay**." *Schultz v. Travelers Indem. Co.,* 754 P.2d 265 *(Alaska 1988)* (per curiam).

This Court recognized that Alaska law requires that an insurer tender policy limits when it said (at Docket 160, pg. 14):

The law is clear in Alaska that an insurer owes a duty to its insured to tender a policy limits offer as soon as the insurer recognizes that its insured is potentially liable for the injuries and that the injured party's damages will easily exceed the limits of the coverage.

III. <u>Merely One Fact</u>. In States that require the insurer to attempt settlement by tendering limits when an excess verdict is likely, the absence of a policy limits demand is merely a fact

to be considered in determining whether the insurer acted reasonably. If the insurer can prove that the case could not have been settled even if limits were offered in a timely fashion, then it has proven a defense to the failure to settle claim. This is illustrated by the following quote from *Snowden ex rel. Estate of Snowden v. Lumbermens Mut. Cas. Co.* 358 F.Supp.2d 1125, 1127-28 (N.D.Fla.2003):

Defendant offers three reasons why this Court should set aside the jury's decision. First, Defendant points out that the Smiths failed to submit an offer to settle within policy limits to Lumbermans and argues that this failure per se entitles Defendant to judgment as a matter of law. It is true that previous Florida cases had held that an insurance company may not be held liable for bad faith failure to settle within its policy limits if an offer to settle within policy limits was never communicated to the insurer, and Defendant cites two of these early cases in its motion: *Chastain v. Federal Insurance Co.,* 338 So.2d 214 (Fla. 3d DCA 1976) and *Beck v. Kelly,* 323 So.2d 667 (Fla. 3d DCA 1975).

    However, although Florida courts once adhered to this rule, more recent cases show that they have relaxed the talismanic requirement of an offer to settle, imposing a "totality of the circumstances" test instead. *See, e.g., Thomas v. Western World Ins. Co.,* 343 So.2d 1298. 1301-2 (Fla. 2d DCA 1997) (settlement offer not an "essential element" to excess liability); *Powell v. Prudential Prop. & Cas. Ins. Co.,* 584 So.2d 12, 14 (Fla.App. 3d DCA 1991) ("The lack of a formal offer to settle does not preclude a finding of bad faith. Although an offer of settlement was once considered a necessary element of a duty to settle ... an offer to settle ... is merely one factor to be considered.") (citations omitted); *Caldwell v. Allstate Ins. Co.,* 453 So.2d 1187 (Fla. 1st DCA 1984); *Gen. Accident Fire & Life Assurance Corp. v. Am. Cas. Co.,* 390 So.2d 761 (Fla. 3d DCA 1980); *Ranger Ins. Co. v. Travelers Indem. Co.,* 389 So.2d 272, 277 (Fla. 1 st DCA 1980) ("under some circumstances the offer of settlement is not a prerequisite to excess liability"); *see also Davis v.*

*Nationwide Mut. Fire Ins. Co.,* 370 So.2d 1162, 1163 (Fla. 1st DCA 1979).

[1]  These later cases instruct that the presence or lack of an offer to settle is merely one of many circumstances to consider in determining whether the insurance company adequately represented the interests of the insured. *See, e.g., Thomas,* 343 So.2d at 1302; *Florida Farm Bureau Mut. Ins. Co. v. Rice,* 393 So.2d 552, 556 (Fla. 1st DCA 1980). In this regard, the duty of an insurer is to "investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so." *Government Employees Ins. Co. v. Grounds,* 311 So.2d 164 (Fla. 1st DCA 1975). In other words, [Florida courts have long since replaced the offer-of-settlement requirement with a totality of the circumstances approach, using the presence or absence of an offer to settle as one of the appropriate criteria.] Therefore, the absence of an offer to settle for policy limits is not necessarily fatal to the Plaintiff's case. Instead, we must examine whether considering all the facts shown to the jury, the jury could reasonably conclude *\*1128* that *Lumbermans* breached its fiduciary duty to the insured.

[2]  The *Powell* case is particularly instructive. In that case, no formal offer to settle was made by the injured party, but several letters were sent informing the insurer of the scope of injuries and expenses involved. The insurance company set the amount of the policy limits in reserve but simply failed to respond to the injured party and to follow through with any kind of initiation of settlement discussions, much like *Lumbermans* in the instant case. Eventually, the insurer in *Powell* offered the policy limits, but it was too late. Suit had been filed and the offer was therefore rejected, The insurer in *Powell* tried to raise the lack of an offer to settle but the Third DCA rejected that defense. The Court held:

Bad faith may be inferred from a delay in settlement negotiations which is willful and without reasonable cause. 46 C.J.S. *Insurance* §§ 1408 (1946). Where liability is clear, and injuries so serious that a judgment in excess of the policy limits is likely, an insurer has an affirmative duty to initiate settlement negotiations. *Farmers Ins. Exchange v. Schropp,* 222 Kan. 612, 567 P.2d 1359 (1977).

In the instant case, liability was clear from the outset and known to *Lumbermans*. Moreover, the severe scope of the injuries was also known to *Lumbermans*. Therefore, the jury was entitled to infer bad faith from the delay in initiating settlement negotiations.

[3] Perhaps sensing the weakness in the offer to settle argument, Defendant attempts to achieve the same result by focusing on the burden of proof regarding an opportunity to settle the case. Defendant argues that Plaintiffs bear the burden of proving an opportunity for the defendant to settle within policy limits and then argues that plaintiffs failed to meet this burden. (Def.'s Renewed Mot. for JMOL, doc. 143 at 10). In particular, Defendant discredits the testimony of Tina Smith (the wife of Eddie Smith) that the family would have been amenable to settlement prior to January 16, 1997. Defendant argues that any such testimony is speculative and self-serving, and therefore proves nothing. (*See id.* at 11). Since Plaintiffs failed to conclusively prove that the Smiths would have accepted a tender of the policy limits, Defendant argues, the Plaintiffs have failed to show that the defendant had a real opportunity to settle.

[4] This argument diverges from Florida law, however, which treats the unwillingness of a victim to settle as a defense which the insurer must prove. As the Third District Court of Appeals held in *Powell,* "[a]ny question about the possible outcome of a settlement effort should be resolved in favor of the insured; the insurer has the burden to show ... that there was no realistic possibility of settlement within policy limits ...." *Powell,* 584 So.2d at 14. It should be noted that the defendant took advantage of ample opportunities at trial to drive home its argument that Ms. Smith was unwilling to settle. The jury simply chose to find against the defendant on this issue.

DATED this 9th day of June 2008, in Anchorage, Alaska.

HERRON'S BRIEF ON ISSUE OF WHETHER THE 2/14/03
LETTER IS A POLICY LIMITS DEMAND
*Allstate v. Herron*
Case No. A04-0043 CIV (TMB)

>s/ Mark A. Sandberg
>701 W 8th Avenue, Ste. 1100
>Anchorage, Alaska 99501
>Phone: (907) 276-6363
>Fax: (907) 276-3528
>E-Mail: msandberg@aol.com
>Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax ( ) hand this 9th day of June 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska 99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK 99501


s/ Mark A. Sandberg