Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:	(907) 793-2200
Fax:	(907) 793-2299
E-mail:	gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>CHARLES HERRON,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　　　Defendant.　　　　　　　　　)<br>_____)　 | No. 3:04-cv-00043-TMB |

ALLSTATE'S MOTION TO AMEND JUDGMENT

Based upon this court's pre-trial rulings and the jury verdict on June 11, 2008, Allstate is entitled to entry of final judgment in its favor on all claims set forth in its Second Amended Complaint for Declaratory Relief.  The court has issued a Judgment in a Civil Case (Docket No. 296), which states that, based on the jury verdict, "**IT IS**

**ORDERED AND ADJUDGED** that Allstate did act reasonably by offering policy limits on May 30, 2003." While this Judgment accurately reflects the jury's verdict, it does not address the court's prior rulings or Allstate's prayer for relief in Allstate's Second Amended Complaint. Therefore, Allstate respectfully requests that the court amend its Judgment and issue Allstate's [proposed] Final Judgment (Amended), attached hereto.

Allstate's Second Amended Complaint sought a declaration from this court that:

> Charles Herron breached the insurance contract, thereby voiding that contract such that Allstate owed and owes no further obligation to provide contractual benefits of any type since the date of Herron's breach.

In other words, and as distilled by Judge Singleton in his Order dated July 12, 2004 (Docket No. 20), "Allstate seeks a determination that the assignment was a nullity, *i.e.*, that Herron had no viable claims to assign." By the time this case was presented to the jury, the scope of the issues to be decided by the jury had been limited by (1) Herron's admission that he materially breached the contract by confessing judgment and assigning rights and by (2) the court's Order on summary judgment (Docket No. 160) and in limine motions (Docket No. 278). Based on Herron's admission and these Orders, the only viable issue for the jury to decide was whether Allstate acted reasonably by

offering policy limits on May 30, 2003, and, appropriately, this was the only question posed to the jury.[1]

The Judgment as issued (Docket 296) correctly reflects the verdict of the jury, but fails to encompass the court's previous rulings. As written, the judgment does not address the central issue of Allstate's Second Amended Complaint and, therefore, leaves the impression there may be claims remaining to be adjudicated by this court -- which there are not. The jury verdict therefore needs to be placed into the context of the court's previous rulings and Allstate's prayer for relief.

Under Alaska law, Charles Herron's undisputed breach of the cooperation clause would void the policy's liability coverage, unless Allstate committed a prior material breach of the insurance policy.[2] In Grace v. INA, the court held "[i]f a party fails to perform its own obligations under a contract, and no valid excuse for non-performance exists, the performance obligations of the other party are discharged."[3] Based upon this holding, the court's pre-trial rulings, and the jury verdict on June 11,

---

[1] Mr. Herron's attorney specifically approved framing the Special Verdict Form in this manner.

[2] See Grace v. Insurance Co. of N. Am., 944 P.2d 460, 464 (Alaska 1997).

[3] Id. citing Restatement (Second) of Contract § 237 cmt. a and Arizona Property & Cas. Inc. Guar. Find v. Helme, 735 P.2d 451, 458-59 (Ariz. 1987).

2008, Allstate is entitled to entry of final judgment in its favor on all claims set forth in its Second Amended Complaint for Declaratory Relief, including a judgment that Herron's breach was not excused and that Herron's breach voided the insurance policy's liability coverage.

For the above reasons and the reasons articulated in Allstate's Motion for Summary Judgment and Motions In Limine, Allstate respectfully requests that the court amend its Judgment. Allstate's [proposed] Final Judgment (Amended) attached hereto conforms with the relief sought by Allstate, the findings of this court, and the jury verdict.

DATED at Anchorage, Alaska, this 17th day of June, 2008.

>
> GUESS & RUDD P.C.
> Attorneys for Allstate
>
> By:  s/Gary A. Zipkin
>        Guess & Rudd P.C.
>        510 L Street, Suite 700
>        Anchorage, Alaska  99501
>        Phone: 907-793-2200
>        Fax:   907-793-2299
>        Email: gzipkin@guessrudd.com
>        Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the
17th day of June, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.


By:    s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\27 car mtn amend judgment.doc