Mark A. Sandberg
SANDBERG, WUESTENFELD & COREY
701 W. 8th Ave., Suite 1100
Anchorage, Alaska  99501
(907) 276-6363

Attorneys for Defendant


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,   )<br>                                )<br>         Plaintiff,             )<br>                                )<br>    v.                          )<br>                                )<br> CHARLES HERRON,                 )<br>                                )<br>         Defendant.             )<br>                                )   | Case No. 3:04-cv-0043 TMB |


**OPPOSITION TO ALLSTATE'S MOTION TO AMEND JUDGMENT**


1. <u>Introduction</u>.

Following the trial, this Court entered judgment (docket 296) declaring "IT IS ORDERED AND ADJUDGED that Allstate did act reasonably by offering policy limits on May 30, 2003." That is, of course, exactly what the jury found on the Special Verdict form.

On June 17 2008, Allstate filed a Motion to Amend Judgment (docket 298). Motions to alter or amend a judgment are governed by FRCP, Rule 59(e). Under the standard set forth by the Ninth Circuit, Allstate is not entitled to this extraordinary relief.

2. <u>The legal standard</u>.

In *Kona Enterprises, Inc. v. Estate of Bishop*, 29 F.3d 877, 890 (9th Cir. 2000), the Ninth Circuit described the legal standard governing a motion to alter or amend a judgment. The Court stated:

> "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., *supra* § 59.30[4]. Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners*, 179 F.3d, 665. A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."

In *Zimmerman v. City of Oakland,* 255 F.3e 734, 740-41 (9th Cir. 2001), the Ninth Circuit stated that there were three grounds upon which the "extraordinary remedy" provided by Rule 59(e) would be appropriate. The Court stated:

> "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that

was manifestly unjust, or (3) there is an intervening change in controlling law."

Several years later, in *Turner v. Burlington Northern Santa Fe R Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), the Ninth Circuit stated that there are four possible grounds upon which a Rule 59(e) motion may be granted. However, this formulation merely reformats the language of *Zimmerman*, rather than setting forth an additional basis for relief. In *Turner,* the Ninth Circuit said:

> "There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct *manifest errors of law or fact upon which the judgment is based;* " 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

However, one formulates the test, it is clear that relief is only available under Rule 59(e) in extraordinary circumstances. Allstate has not (and cannot) demonstrated that those circumstances are present in this case. None of the four grounds set forth in the *Turner* decision can be met in this case.

3. No manifest error.

The first ground set forth in *Turner* for Rule 59(e) relief is that the motion "is necessary to correct manifest errors of law or fact upon which the judgment is based." Allstate's

Motion to Amend Judgment does not point to an error of law or fact upon which the Judgment is based. The Judgment is based upon the single fact found by the jury. Allstate does not contend that the jury was improperly instructed.

　　4. <u>No newly discovered evidence</u>.

The second ground for relief set forth in *Turner* is that the moving party presents "newly discovered or previously unavailable evidence. Allstate's Motion to Amend Judgment points to no such evidence.

　　5. <u>No manifest injustice</u>.

The third ground upon which relief may be granted pursuant to Rule 59(e), according to *Turner*, is that the motion is necessary to "prevent manifest injustice." The Judgment entered by this Court is not manifestly unjust.

The Judgment is based upon the single issue submitted to the jury. No prior Order of this Court adjudicated any additional facts, other than the two facts established pursuant to Rule 56(d) in this Court's Order at docket 160. The jury was told that it must accept those two facts (that Angelina Trailov's claim justified payment of policy limits and that Mary Kennick's did not) as established in coming to its conclusion about whether Allstate behaved reasonably. No additional facts have ever been adjudicated.

Nor has this Court ever decided that Allstate is not guilty of bad faith or negligent claims handling. Rather, evidence of almost all of the various offenses committed by Allstate in the course of handling the claims against Charles Herron was excluded as not being relevant to the single question to be decided by the jury. *See* docket 278.

The point is that there is nothing manifestly unjust about the Final Judgment that has entered in this case. It accurately reflects the decision of the jury made at the conclusion of trial in this lawsuit.

6. <u>No intervening legal change</u>.

The final ground upon which relief may be granted pursuant to Rule 59(e) is an "intervening change in controlling law." Allstate cites no change in the controlling Alaska insurance law that occurred after the trial was over. Herron is aware of none.

7. <u>Conclusion</u>.

This Court has already entered a Final Judgment. The Ninth Circuit has stated that altering or amending a final judgment is an extraordinary remedy, to be used only sparingly. Allstate cannot demonstrate that any of the four grounds set forth in *Turner* for relief under Rule 59(e) can be met in this case.

DATED this 26th day of June 2008, in Anchorage, Alaska.

                                                                s/ Mark A. Sandberg
701 W 8th Avenue, Ste. 1100
Anchorage, Alaska 99501
Phone: (907) 276-6363
Fax: (907) 276-3528
E-Mail: msandberg@aol.com
Alaska Bar No.: 7510084

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by ( ) mail ( ) fax (  ) hand this 26th day of June 2008 upon:

Mark Wilkerson, Esq.
Wilkerson, Hozubin & Burke
310 K Street, Suite 405
Anchorage, Alaska  99501

Gary A. Zipkin, Esq.
Guess & Rudd, P.C.
510 L Street, Suite 700
Anchorage, AK  99501


s/ Mark A. Sandberg