Gary A. Zipkin, Esq.
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK  99501
Phone:    (907) 793-2200
Fax:        (907) 793-2299
E-mail:    gzipkin@guessrudd.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANIES,    )<br>                                                              )<br>        Plaintiff,                              )<br>                                                              )<br>        v.                                            )<br>                                                              )<br>CHARLES HERRON,                          )<br>                                                              )<br>        Defendant.                            )<br>_____)  | No. 3:04-cv-00043-TMB |

REPLY TO OPPOSITION TO MOTION TO AMEND JUDGMENT

After receipt of the jury's verdict on June 11, 2008, Allstate orally advised the court that Allstate intended to file a proposed form of judgment and the court indicated that that would be acceptable.[1]  Herron's opposition ignores that fact, just as

---

[1] A transcript of the hearing is attached as Exhibit A, and the discussion is at page 7.

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 1 of 8

Herron ignores this court's prior rulings, Allstate's Amended Complaint and prayer for relief, and Herron's own contentions. It is disingenuous of Herron to pretend that the jury's verdict did not resolve the factual issue of whether Allstate committed a prior breach of its contractual obligations to Herron such that Herron's subsequent undisputed breach of contract via his consent to entry of judgment in favor of Trailov and Kenick and the assignment of his rights and claims against Allstate to Trailov and Kenick was excused.

As Allstate noted in its Motion to Amend Judgment, Allstate's Amended Complaint sought this court's declaration that Herron breached the insurance contract, thereby voiding that contract such that Allstate owed and owes no further obligation to provide contractual benefits of any type following the date of Herron's breach. For his part, Herron moved (at Docket 91) for summary judgment declaring that he possessed viable claims against Allstate, that the claims were assignable under Alaska law, and that the claims were properly assigned to Trailov and Kenick.

In its Order (at Docket 160), this court reviewed and determined a great number of undisputed facts and summarized the issues, including the various allegations by Herron to support Herron's argument that Allstate had acted in bad faith or engaged in negligent claim handling -- which the court distilled down to a mere twenty; ten asserting

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 2 of 8

bad faith and ten asserting negligent claim handling.[2] The court determined that the only issue remaining for the jury was whether Allstate acted reasonably in response to the demand for policy limits asserted by counsel for Trailov. If it did, then there was no material breach by Allstate and Herron's breach would stand unexcused. The question was presented to the jury and the verdict conclusively establishes that Allstate acted reasonably; it did not act in bad faith and it was not guilty of negligent claim handling. The verdict therefore conclusively establishes that Allstate did <u>not</u> commit a prior material breach of contract excusing Herron's subsequent breach via consent to judgment and an assignment of his rights and claims.

In its Order at Docket 162, relating to Allstate's Motion in Limine (Docket 127),,the court again succinctly summarized the issue to be determined by the jury as follows:

> The evidence in this case, including the opinion of Herron's expert, establishes that the outcome will be determined in the first instance by the resolution of a single issue: Did Allstate breach its obligation to Herron when it failed to make a policy limits offer to Trailov on May 16, 2003?

---

[2] Docket 160 at pp. 11-13.

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 3 of 8

As the matter progressed towards trial, the issue to be determined by the jury was slightly rephrased as whether or not Allstate acted reasonably by offering policy limits on May 30, 2003. The jury's determination that Allstate did act reasonably by offering policy limits on May 30, 2003 is a conclusive determination that Allstate neither acted in bad faith nor committed negligent claim handling. As such, it necessarily follows that Allstate is entitled to a judgment that not only reflects the jury's verdict but encompasses this court's previous rulings (including the court's summary judgment finding that Allstate did not breach via bad faith or negligent claim handling as to Mary Kenick's individual claims) and addresses the central issue in Allstate's Amended Complaint.

Allstate's motion is not a motion for reconsideration. Unlike the cases Herron cited addressing motions for reconsideration, Allstate's is not requesting that the Court reconsider anything. Instead, Allstate is asking the court to amend the judgment to reflect the law of the case. "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case."[3] "The law of the case doctrine applies with equal vigor to the decisions of a coordinate

---

[3] E.E.O.C. v. United Ass'n of Journeymen and Apprentices of the Plumbing & …, 235 F.3d 244, 249 (C.A.6 2000).

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 4 of 8

court in the same case and to a court's own decisions."[4]  The judgment should reflect the law of the case: the court's dispositive rulings as well as the jury's findings.

If, however, the court is inclined to treat Allstate's motion as a motion for reconsideration, the court has considerable discretion under Rule 59(e).[5]  The court should use its considerable discretion here to find that amendment is necessary to avoid the manifest injustice that will result if the judgment does not include the court's previous rulings and Herron's concessions.

In situations similar to this case, where the party moving to amend the judgment seeks to give full meaning to the jury's verdict (as opposed to challenging that verdict), courts have granted motions to amend.  In <u>Molnar v. United Technologies Otis Elevator</u>, 37 F.3d 335 (7th Cir. 1994), the plaintiff prevailed against the employer for violation of the Age Discrimination in Employment Act ("ADEA").  The judgment reflected damages of $75,000 and plaintiff moved to amend the judgment under FRCP 59(e), noting that the ADEA provided for liquidated damages defined as an additional amount equal to the lost wages and benefits awarded by the jury if the employer's violation was willful.  Since the jury had made a willful finding, and because the court

---

[4] <u>Id.</u> fn. 1.

[5] <u>Turner v. Burlington Northern Sante Fe R. Co.</u>, 338 F.3d 1058, 1063 (C.A.9 2003).

Reply to Opposition to Motion to Amend Judgment
<u>Allstate Insurance Co. v. Herron</u>; Case No. 3:04-cv-0004-TMB
Page 5 of 8

had instructed the jury that the court would double the award if such a finding was made, plaintiff's motion to amend was granted. The Court of Appeals agreed that the trial court did not abuse its discretion by amending the judgment. See also, Henry v. Candy Fleet Corp., 204 F.R.D. 84 (E.D. La. 2001) (motion to amend granted to reflect liability of insurer for damages awarded against defendant.)

Herron's opposition makes the remarkable and altogether untenable argument that the jury's verdict was not determinative of whether Allstate was guilty of bad faith or negligent claim handling. Therefore, Herron argues that there is "nothing manifestly unjust about the Final Judgment that has [sic] entered in this case." That argument ignores this court's clear rulings prior to trial, Allstate's Amended Complaint and prayer for relief, Herron's own arguments at Docket 91 and in response to Allstate's Motion in Limine at Docket 127, and the plain meaning of the jury's verdict. Clearly, the Final Judgment in this case must do more than merely repeat the verdict form; it must give the jury's verdict the full meaning and effect it deserves in the context of the parties' claims and contentions and this court's prior rulings.

The three cases Herron cites in his opposition are all distinguishable. None of them addressed a request to amend the judgment to incorporate the court's previous rulings or a party's concessions. Rather, in each of the cases the moving party was

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 6 of 8

attacking the judgment. In two of the cases, the moving party raised arguments or presented evidence for the first time that should have been presented during the litigation.[6] In Turner v. Burlington Northern Sane Fe R. Co.,[7] the moving party attacked the verdict on the grounds that it constituted a manifest error of law.

Allstate is not challenging the jury's verdict or seeking to undermine it in any way. Rather, Allstate is simply asking that the judgment incorporate the court's previous rulings and Herron's concessions made earlier in the litigation.

Since this court agreed that Allstate could submit a proposed form of Final Judgment, Allstate does not believe it is obligated to demonstrate any manifest injustice. Rather, it appears that the court issued a Judgment knowing or anticipating that Allstate would submit a proposed Final Judgment which would supersede it. However, in the event that the court did not contemplate that Allstate would submit a proposed Final Judgment, Allstate has in fact demonstrated the manifest injustice of a Judgment which fails to give full meaning and effect to the jury's verdict.

---

[6] Kona Enterprises Inc. v. Estate of Bishop, 229 F.3d 877, 890 (C.A.9 2000); Zimmerman v. City of Oakland, 255 F.3d 734, 740 (C.A.9 2001).

[7] 338 F.3d 1058, 1063 (C.A.9 2003).

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 7 of 8

For these reasons and the reasons set forth in Allstate's Motion to Amend Judgment, Allstate respectfully requests that the court amend its Judgment.

DATED at Anchorage, Alaska, this 7th day of July, 2008.

GUESS & RUDD P.C.
Attorneys for Allstate

By:   s/Gary A. Zipkin
      Guess & Rudd P.C.
      510 L Street, Suite 700
      Anchorage, Alaska  99501
      Phone: 907-793-2200
      Fax:   907-793-2299
      Email: gzipkin@guessrudd.com
      Alaska Bar No. 7505048

CERTIFICATE OF SERVICE
I hereby certify that on the
7th day of July, 2008, a copy
of the foregoing document was served
electronically on:

Rebecca J. Hozubin
Mark A. Sandberg
Mark E. Wilkerson

Guess & Rudd P.C.

By:   s/Gary A. Zipkin

F:\DATA\5976\1\PLEADING\29 gaz reply to opp to mtn to amend judgment.doc

Reply to Opposition to Motion to Amend Judgment
Allstate Insurance Co. v. Herron; Case No. 3:04-cv-0004-TMB
Page 8 of 8